| | |
|---|---|
| ROBERT F. BACH and DIANE M. BACH, On Behalf Of Themselves And All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>        Defendants, | Civil Action No. 10-cv-00395 BAJ-CN |

(Additional Captions on Following Page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF NIRAV T. PATEL FOR: (1) CONSOLIDATION; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| **KAPLAN FOX & KILSHEIMER LLP**<br>Joel B. Strauss<br>Jeffrey P. Campisi<br>850 Third Avenue, 14th Floor<br>New York, NY 10022<br>Telephone: (212) 687-1980<br>Facsimile: (212) 687-7714 | **NEBLETT, BEARD & ARSENAULT**<br>Richard J. Arsenault, LA Bar #2563<br>C. Michael Bollinger, LA Bar #01259<br>2220 Bonaventure Court<br>P.O. Box 1190<br>Alexandria, LA 71301-1190<br>Tel: (318) 487-9874<br>Fax: (318) 561-2591 |

*Proposed Lead and Liaison Counsel for Nirav T. Patel and the Proposed Class*

| | |
|---|---|
| DAVID ISMAN, *on behalf of himself and all others similarly situated*,<br><br>        Plaintiffs,<br><br>      v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>        Defendants, | Civil Action No. 10-cv-00464 BAJ-DLD |
| ARIK DVINSKY, *On Behalf Of Himself And All Others Similarly Situated*,<br><br>        Plaintiffs,<br><br>      v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, DALE E. REDMAN, JOHN F. GIBLIN, and GREGORY H. BROWNE,<br><br>        Defendants, | Civil Action No. 10-cv-00470 JJB-CN |
| MELVIN W. BRINKLEY, On Behalf Of Himself And All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>        Defendants, | Civil Action No. 10-cv-00497 JJB-CN |

## I. INTRODUCTION

Presently pending in this District are four securities fraud class actions (captioned above) brought pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder, (the "Securities Class Actions").[1]

Nirav T. Patel ("Mr. Patel") suffered losses as a result of the purchase of Amedisys securities between August 2, 2005 through July 12, 2010 (the "Class Period")[2] and respectfully submits this Memorandum of Law in support of his motion for (1) consolidation of the Securities Class Actions; (2) appointment as Lead Plaintiff for the Securities Class Actions; and (ii) approval of Lead Plaintiff's choice of Lead Counsel and Liaison Counsel. Patel purchased Amedisys securities during the Class Period and has losses of approximately $41,532. *See* Declaration of Richard J. Arsenault, dated August 9, 2010 ("Arsenault Decl."), Exs. A and B, submitted herewith.

Mr. Patel requests appointment as Lead Plaintiff for the Securities Class Actions and requests the approval of his choice of the law firm of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as Lead Counsel and Richard J. Arsenault of Neblett, Beard & Arsenault as Liaison Counsel. As set forth below, Mr. Patel believes that he has the largest financial interest in the litigation of any lead plaintiff movant and is otherwise well-suited for appointment as Lead

---

[1] There are also pending before this Court approximately four actions brought derivatively by shareholders on behalf of Amedisys, Inc. ("Amedisys" or the "Company") against certain officers and/or directors of Amedisys for breach of fiduciary duties, among other claims (the "Derivative Actions"). This motion does not seek to consolidate the Derivative Actions with Securities Class Actions.

[2] The Class Period referred to herein is the longest possible class period based on the securities class actions that have been filed against Amedisys. For purposes of determining which lead plaintiff movant has the "largest financial interest," courts often use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that class period. *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members . . . ."). The longest class period begins on August 2, 2005 and ends on July 12, 2010. *See Dvinsky v. Amedisys, Inc.,* 3:10-cv-00470-JJB-CN (filed July 16, 2010) (starting class period on August 2, 2005) (Docket No. 1) and *Brinkley v. Amedisys, Inc. et al.*, Civil Action No. 10cv497 JJB-CN (filed July 28, 2010) (Docket No. 1) (ending class period on July 12, 2010).

Plaintiff. Additionally, Kaplan Fox, Mr. Patel's choice for Lead Counsel, has extensive experience in securities class action litigation. Mr. Arsenault, Mr. Patel's choice for Liaison Counsel, has extensive experience in class action litigation. For these reasons and for the reasons below, Mr. Patel should be appointed Lead Plaintiff.

## II. PROCEDURAL BACKGROUND

On June 7, 2010, the first securities class action was commenced on behalf of all persons who purchased Amedisys securities for violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. The action was styled *Robert F. Bach, et al. v. Amedisys, Inc., et al.* On June 10, 2005, the plaintiff in *Bach* published a notice to class members on *Globe Newswire* (the "Notice"), as required by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78u-4). Arsenault Decl., Ex. C. The Notice advised purchasers of Amedisys securities of the existence of a lawsuit and the nature of defendants' statements, omissions and conduct which allegedly artificially inflated the price of Amedisys securities. The Notice further advised potential class members of their right to move the Court to be appointed Lead Plaintiff within 60 days of publication of the Notice. Mr. Patel now moves this Court to be appointed as Lead Plaintiff for the Securities Class Actions.

## III. SUMMARY OF THE SECURITIES CLASS ACTIONS[3]

The Securities Class Actions allege that throughout the Class Period, Amedisys, a home health care provider, reported "record" financial results, but failed to disclose (1) that the Company improperly increased the number of in-home therapy visits to patients for the purpose of triggering higher reimbursement rates under the Medicare home health prospective payment system; (2) as a result of the Company's improper conduct, its reported sales and earnings were

---

[3] The summary of facts described in Section III of this memorandum of law are derived from the allegations in *Isman v. Amedisys, Inc. et al.*, Civil Action No. 10cv464 (filed July 14, 2010).

materially inflated; (3) and based on the foregoing, defendants lacked a basis for their positive statements about the Company, its prospects and growth.

On April 26, 2010, *The Wall Street Journal* ("WSJ") reported that an analysis by the WSJ of Medicare payments to home health-care companies in recent years raised "questions about whether some companies-including the sector's largest, Amedisys, Inc. are taking advantage of the Medicare reimbursement system. The results show that the number of in-home therapy visits tracks Medicare financial incentives." On April 27, 2010, the price of Amedisys stock declined $3.98 per share or 6.5% on heavier than usual volume, to close at $56.52 per share.

On May 13, 2010 the WSJ reported that the U.S. Senate Finance Committee started an investigation into the billing and operating practices of Amedisys and, in a Committee letter dated May 12, 2010 to Amedisys, the Committee referenced the April 26, 2010 WSJ Article and requested that the Company produce documents dating as far back as 2006, concerning data on therapy visits, lists of physicians with the highest patient referrals to the Company, and copies of all marketing materials. After these disclosures, the price of Amedisys stock declined 8% or $4.48 per share on heavier than usual volume, to close at $51.76 per share.

The first securities class action against Amedisys was filed on June 10, 2010. Then, on June 30, 2010, after the close of trading, Amedisys issued a press release that disclosed the Company was under formal investigation by the U.S. Securities and Exchange Commission and, as a result, on July 1, 2010, the price of Amedisys shares declined from a close on June 30, 2010 of $43.98 per share, to close at $39.34 per share, a decline of $4.64 per share or approximately 11%, on higher than usual volume.

## IV.   ARGUMENT

### A.   This Court Should Consolidate the Securities Class Actions

Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of actions

that pose common questions of law or fact. *See* Fed.R.Civ.P. 42(a). Judicial economy generally favors consolidation and requires the court to conduct a careful inquiry that balances the prejudice and possible confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings would engender. *See Celotex*, 899 F.2d at 1285; *Albert Fadem Trust*, 239 F. Supp. 2d at 347. Under Rule 42(a), this Court has broad discretion to consolidate cases pending within its district. *See Celotex*, 899 F.2d at 1284-85. Consolidation is generally ordered so long as any confusion or prejudice does not outweigh efficiency concerns. *Id.*

It is also well-recognized that consolidating shareholder class action suits often benefits *both* the court and the parties by expediting pretrial proceedings, reducing case duplication and minimizing the expenditure of time and money by all persons concerned. *In re Olsten Corp Sec. Litig.*, 3 F. Supp. 2d 286, 294 (E.D.N.Y. 1998); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (providing that the court shall not make the lead plaintiff determination until it rules on whether to consolidate).

Consolidation is appropriate in this litigation. Plaintiffs in the Securities Class Actions have alleged that defendants failed to disclose and misrepresented material facts. In each of the complaints in the Securities Class Actions, plaintiffs seek to hold similar defendants responsible for the consequences of their course of conduct and seek relief under claims arising under the federal securities laws. Plaintiffs in each of the cases share a mutual interest in having the Court resolve questions concerning whether defendants made material misstatements and/or omitted material facts, and whether the price of Amedisys securities became artificially inflated as a result.

Because each of the actions pending before this Court presents related factual and legal issues, consolidation is appropriate.

- 4 -
Case 3:10-cv-00395-BAJ-CN   Document 16-1   08/09/10   Page 6 of 11

### B. Mr. Patel Should Be Appointed as Lead Plaintiff for the Securities Class Actions

#### 1. Mr. Patel Believes He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA sets forth the procedure for the selection of lead plaintiff in "each private action arising under [the securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Section 21D(a)(3)(A)(i) of the PSLRA provides that within twenty days after the date on which a class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the Court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i)).

Further, Section 21D(a)(3)(B) directs the Court to consider any motions by a plaintiff or purported class member to serve as Lead Plaintiff in response to any such notice within ninety days after the date of publication of the notice pursuant to Section 21(a), or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.

Under these sections of the Exchange Act, the court "shall" appoint the most adequate plaintiff, and is to presume that plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a notice…;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B); *Tarica* v. *McDermott Int'l Inc.*, No. Civ.A. 99-3831, 2000 WL 377817, at *4 (E.D. La. April 13, 2000).

Thus, the statutory language explicitly provides that a member of the class who moves for appointment as lead plaintiff that has "the largest financial interest" is entitled to presumptive appointment as lead plaintiff. Section 21D(a)(3)(B). Mr. Patel purchased Amedisys securities during the Class Period and suffered losses of approximately $41,532. Therefore, Mr. Patel believes he has the largest financial interest of any of the lead plaintiff movants and is presumptively entitled to appointment as Lead Plaintiff for the Securities Class Actions.

### 2. Mr. Patel Is Qualified Under Rule 23

The PSLRA provides that, at the outset of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act; *Thompson* v. T*he Shaw Group Inc.*, No. Civ.A.04-1685, 2004 WL 2988503, at *5 (E.D. La. Dec. 14, 2004). With respect to the qualifications of the class representative, Rule 23(a) requires generally that the claims of the representatives be typical of the claims of the class and that the representatives will fairly and adequately protect the interests of the class. As detailed below, Mr. Patel satisfies the typicality and adequacy requirements of Rule 23(a) and is qualified to be appointed as Lead Plaintiff for the Securities Class Actions.

#### a. The Claims of Mr. Patel Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when each class member's claim arises from the same course of conduct, even when minor distinctions exist. *See Thompson*, 2004 WL 2988503, at *5; *Tarica*, 2000 WL 377817, at *4.

The claims of Mr. Patel are typical of the claims of the members of the putative Class. Mr. Patel, like all other members of the proposed class, purchased Amedisys securities at prices inflated by defendants' misrepresentations and omissions and were damaged thereby.

Because Mr. Patel's claims arise from the same course of conduct which caused other members of the class to acquire Amedisys securities at artificially inflated prices, typicality is satisfied.

### b. Mr. Patel Will Fairly and Adequately Represent the Interests of the Class

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the Class." "In order to satisfy the adequacy of representation, counsel must be qualified, experienced, and able to prosecute the action vigorously, and the class representatives must not have interests antagonistic to the class members. *Tarica*, 2000 WL 377817, at *4. (citation omitted). Adequate representation will be found if the plaintiffs are represented by able and experienced counsel, and that such plaintiffs have no fundamental conflicts of interest with the legitimate interests of the class as a whole. *Halford v. Goodyear Tire & Rubber Co.,* 161 F.R.D. 13, 19 (W.D.N.Y. 1995).

Here, Mr. Patel's interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between him and the interests of the Class. Mr. Patel shares numerous common questions of law and fact with the members of the Class, and his claims are typical of the Class. Thus, the close alignment of interests between Mr. Patel and members of the Class militates in favor of granting the instant motion.[4]

---

[4] A Declaration demonstrating the willingness of Mr. Patel to serve as lead plaintiff is attached as Exhibit A to the Arsenault Declaration.

### B. This Court Should Approve Mr. Patel's Choice of Lead Counsel and Liaison Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to this Court's approval. *See* Section 21D(a)(3)(B)(v). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class." Mr. Patel has selected counsel highly experienced in prosecuting securities class actions to represent him. *See Curtis v. Commissioner, Maine Dept. of Human Servs.*, 159 F.R.D. 339, 341 (D. Me. 1994) ("Counsel for Plaintiff is competent to vigorously pursue the claims of both the named and class Plaintiffs.").

Mr. Patel has retained the law firm of Kaplan Fox to serve as Lead Counsel and Mr. Arsenault of Neblett, Beard & Arsenault to serve as Liaison Counsel. Kaplan Fox has extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors. Arsenault Decl., Ex. D. Mr. Arsenault has extensive experience litigating class actions. Arsenault Decl. Ex. E.

### V. CONCLUSION

For the above reasons, Mr. Patel respectfully requests that the Court: (1) consolidate the Securities Class Actions; (2) appoint him as Lead Plaintiff; and (3) approve his choice of Lead Counsel and Liaison Counsel.

Dated: August 9, 2010

Respectfully submitted,

NEBLETT, BEARD & ARSENAULT

_/s/_____

Richard J. Arsenault, LA Bar #2563
C. Michael Bollinger, LA Bar #01259
2220 Bonaventure Court
P.O. Box 1190
Alexandria, LA 71301-1190
Tel: (318) 487-9874
Fax: (318) 561-2591

*-and-*

KAPLAN FOX & KILSHEIMER LLP
Joel B. Strauss
Jeffrey P. Campisi
850 Third Avenue, 14th Floor
New York, NY 10022
Tel: (212) 687-1980
Fax: (212) 687-7714

*Attorneys for Lead Plaintiff Movant Nirav T. Patel*