# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH AND DIANE E. BACH, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>Defendants, | )<br>)<br>)<br>)<br>) No. 3:10-cv-00395-BAJ-CN<br>) Honorable Brian A. Jackson<br>) Magistrate Judge Christine Noland<br>)<br>)<br>)<br>) |
| DAVID ISMAN, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>AMEDISYS, INC, WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>Defendants. | )<br>)<br>) No. 3:10-cv-00464-BAJ-DLD<br>) Honorable Brian A. Jackson<br>) Magistrate Judge Docia L. Dalby<br>)<br>)<br>)<br>)<br>)<br>) |

[Captions continued on next page]

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

| | |
|---|---|
| ARIK DVINSKY, *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) No. 3:10-cv-00470-JJB-CN ) Honorable James J. Brady |
| v. | ) Magistrate Judge Christine Noland ) |
| AMEDISYS, INC., WILLIAM F. BORNE, DALE E. REDMAN, JOHN F. GIBLIN, and GREGORY H. BROWNE, | ) ) ) ) |
| Defendants. | ) ) |
| MELVIN W. BRINKLEY, *on behalf of himself and all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) No. 3:10-cv-00497-JJB-CN ) Honorable James J. Brady |
| v. | ) Magistrate Judge Christine Noland ) |
| AMEDISYS, INC, WILLIAM F. BORNE, and DALE E. REDMAN, | ) ) ) |
| Defendants. | ) ) |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................... ii

INTRODUCTION .........................................................................................1

STATEMENT OF FACTS ............................................................................2

ARGUMENT .................................................................................................4

    I.     THE ACTIONS SHOULD BE CONSOLIDATED ...............................4

    II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF................................5

        A.    The PSLRA'S Procedural Requirements.....................................5

        B.    Movant Is "The Most Adequate Plaintiff".................................6

            1.    Movant Has Timely Moved For Appointment As Lead Plaintiff....6

            2.    Movant Has The Largest Financial Interest....................................7

            3.    Movant Otherwise Satisfies Rule 23.................................8

    III.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL .............................................11

CONCLUSION...........................................................................................13

# TABLE OF AUTHORITIES

**Page**

C ASES

*Chaiaretti v. Orthodontic Centers of America, Inc.*,
    No. 03-1027, 2003 U.S. Dist LEXIS 25264 (E.D. La. Aug 28, 2003) ....................................6

*Flanagan v. Ahearn (In re Asbestos Litig.)*,
    90 F.3d 963 (5th Cir. 1996)....................................................................................................9

*Greebel v. FTP Software, Inc.*,
    939 F. Supp. 57 (D. Mass. 1996) ...........................................................................................6

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)....................................................................................................7

*In re Orthodontic Centers of America, Inc. Sec. Litig.*,
    No. Civ. A. 01-949, 2001 U.S. Dist. LEXIS 21816 (E.D. La. Dec. 17, 2001)...................7, 10

*In re Universal Access, Inc.*,
    209 F.R.D. 379 (E.D. Tex. 2002).............................................................................................4

*James v. City of Dallas*,
    254 F.3d 551 (5th Cir. 2001) ..................................................................................................9

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990)..................................................................................................4

*Kennedy v. Tallant*,
    710 F.2d 711 (11th Cir. 1983) ..............................................................................................10

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)..............................6, 8

*Mas v. KV Pharmacuetical Co.*,
    No. 4:08-CV-1859, 2009 U.S. Dist. LEXIS 32000 (E.D. Mo. Apr. 15, 2009) ........................5

*Mullen v. Treasure Chest Casino, LLC*,
    186 F.3d 620 (5th Cir. 1999) ..................................................................................................9

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .....................................................................................6, 8, 9

*Rossini v. Ogilvy & Mather, Inc.*,
    798 F.2d 590 (2d Cir. 1986)....................................................................................................9

*Stirman v. Exxon Corp.*,
    280 F.3d 554 (5th Cir. Tex. 2002) ..........................................................................................9

*Swack v. Credit Suisse First Boston*,
    230 F.R.D. 250 (D. Mass. 2005).............................................................9

*Tarica v. McDermott Int'l, Inc.*,
    2000 U.S. Dist. LEXIS 5031 (E.D. La. April 13, 2000)...........................7

*Thompson v. Shaw Group, Inc.*,
    2004 U.S. Dist. LEXIS 25641 (E.D. La. Dec. 13, 2004)...........................6

STATUTES

17 C.F.R. § 240.10b-5.......................................................................................2

15 U.S.C. § 78j(b).............................................................................................2

15 U.S.C. § 78t(a).............................................................................................2

15 U.S.C. § 78u-4(a)(1).....................................................................................5

15 U.S.C. § 78u-4(a)(3)(A).............................................................................6, 7

15 U.S.C. § 78u-4(a)(3)(A)(i)............................................................................5

15 U.S.C. § 78u-4(a)(3)(B)........................................................................ *passim*

15 U.S.C. § 78u-4(a)(3)(B)(iii).......................................................................6, 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)............................................................11

15 U.S.C. § 78u-4(a)(3)(B)(v).......................................................................5, 11

Fed. R. Civ. P. 23..................................................................................... *passim*

Fed. R. Civ. P. 42(a)......................................................................................1, 4

OTHER AUTHORITIES

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...............11

## INTRODUCTION

The City of Pontiac General Employees' Retirement System ("Movant" or the "City of Pontiac") respectfully submits this memorandum of law in support of a motion for an Order: (i) consolidating the above-captioned actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing the City of Pontiac to serve as lead plaintiff in the consolidated action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) approving Movant's choice of Milberg LLP as lead counsel and Odom & Des Roches, LLP as Liaison Counsel in the consolidated action.

Pursuant to the PSLRA, the Lead Plaintiff is the movant with the largest financial interest in the litigation, who also satisfies Rule 23's requirements regarding adequacy and typicality. This motion is made on the grounds the City of Pontiac is the most adequate plaintiff, as defined by the PSLRA, to represent the interests of the purported class. Movant purchased Amedisys securities during the class period and suffered a loss of $249,730[1] (*see* Odom Decl., Exs. A and B[2]) which is, to Movant's knowledge, the greatest among purported class members and greater than those of any plaintiff who has brought suit or may have filed an application for lead plaintiff in these actions. Movant also satisfies the requirements of Fed. R. Civ. P. 23. Movant has retained competent and experienced counsel to prosecute this securities litigation and seeks the Court's approval of this selection of lead counsel.

---

[1] The currently filed complaints allege Class Periods of differing lengths. The Court-appointed Lead Plaintiff will ultimately determine the operative Class Period to allege in this litigation, subject to certification by the Court. However, the FIFO and LIFO losses stated above correspond to the Class Period August 2, 2005 through July 12, 2010, which reflects all the misleading statements and omissions, and all the disclosures, alleged in these related *Amedisys* securities class actions.

[2] References to the "Odom Decl." are to the Declaration of John Gregory Odom in Support of the Pontiac General Employees Retirement Plan's Motion For Appointment As Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel, filed herewith.

As further discussed below, Movant satisfies each of the requirements of the PSLRA and, therefore, are qualified for appointment as lead plaintiff in these actions.

## STATEMENT OF FACTS

The above-captioned related actions are securities fraud class actions brought against Amedisys Corp. ("Amedisys" or "the Company"), and certain of its officers. Each of the cases alleges substantially the same facts and legal theories of recovery. Specifically, plaintiffs allege that defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. §§ 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, and that certain officers[3] are liable as a "controlling persons" under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). The actions, which are brought on behalf of purchasers of Amedisys securities, are based on defendants' materially false and misleading statements and omissions concerning Amedisys's  participation in an illegal scheme to defraud the Medicare system thus inflating the Company's reported sales and earnings, which artificially inflated the price of Amedisys securities.

Amedisys is a Baton Rouge, Louisiana-based corporation which provides home health and hospice services to the chronic, co-morbid, and aging American population. Throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company's reported sales and earnings growth were materially impacted by a scheme whereby the Company intentionally increased the number of in-home therapy visits to patients for the purpose of triggering higher reimbursement rates under the Medicare home health prospective payment system as those excess visits were not always medically necessary; (2) that the Company's reported sales and earnings were inflated by said scheme and subject to

---

[3] The officer defendants named as controlling persons in all of these *Amedisys* securities class actions are founder and Chief Executive Officer William F. Borne, and Chief Financial Officer ("CFO") (since February 2007) Dale E. Redman.  In addition, the *Dvinsky* complaint names Gregory H. Browne, the CFO from until October 2006, and John F. Giblin, the CFO from October 23, 2006, until February 2007.

recoupment by Medicare; (3) that the Company was in material violation of its Code of Ethical Business Conduct and compliance due to the scheme to inflate Medicare revenues; and (4) based on the foregoing, Defendants lacked a basis for their positive statements about the Company, its prospects and growth.

A series of disclosures revealed the truth. On April 27, 2010, *The Wall Street Journal* ("*WSJ*") reported that Amedisys has been taking advantage of the Medicare reimbursement system by increasing the number of in-home therapy visits in order to trigger additional reimbursements. As reported in the article, according to a former Amedisys nurse the excess visits that triggered additional reimbursements were "not always medically necessary." In the wake of this revelation, Amedisys common stock fell $3.98 or 6.5%.

On May 13, 2010, the *WSJ* did a follow up article where it reported that the Senate Finance Committee ("Committee") had started an investigation into the billing and operating practices of Amedisys. In a Committee letter dated May 12, 2010, to Amedisys, the Committee cited the findings of the *WSJ* article and requested the Company to produce documents dating as far back as 2006, concerning data on therapy visits, lists of physicians with the highest patient referrals to the Company, and copies of all marketing materials. In the wake of this additional revelation, Amedisys common stock fell nearly 8% or $4.48.

On June 30, 2010, Amedisys announced that it had received notice of a formal investigation from the SEC pertaining to the Company, and received a subpoena for documents relating to matters under review by the Committee. As a result, on July 1, 2010, the price of Amedisys common stock declined from a close on June 30, 2010, of $43.98 per share, to close at $39.34 per share, a decline of $4.64 per share or approximately 11%, on higher than usual volume.

Finally, On July 13, 2010, Amedisys announced that its second quarter earnings would drop substantially, in part, due to nonrecurring costs of 17 cents a share connected with the investigations. Following this announcement, Amedisys common stock fell another 25%.

## ARGUMENT

## I. THE ACTIONS SHOULD BE CONSOLIDATED

These actions involve class action claims on behalf of the purchasers of Amedisys securities and assert essentially identical claims. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. Fed. R. Civ. P. 42(a); *see In re Universal Access, Inc.*, 209 F.R.D. 379, 382 (E.D. Tex. 2002); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and the actions should be consolidated.

The allegations in the actions are virtually identical, the legal theories of recovery are the same, and the underlying facts are the same. Each case alleges that Defendants' misrepresentations and omissions caused Amedisys securities to trade at artificially high prices during the class period, and that the revelations of the truth towards, and at the end of, the class period caused the price of Amedisys stock to plummet, resulting in substantial financial losses to the various plaintiffs. The *Dvinsky* action names additional officer Defendants John F. Giblin, and Gregory H. Browne.

The *Isman*, *Dvinsky*, and *Brinkley* complaints allege that additional statements were false and misleading based on variations in the class period. As revealed in the above mentioned *WSJ* articles, from 2005 through 2007, a much higher percentage of Amedisys patients received 10 rather than 9 visits, thus triggering extra Medicare payments. The *Dvinsky* complaint begins the class period in 2005 based on additional false and misleading statements during this time. When the Medicare rules changed in 2008, the company modified its home therapy procedures in 2008

in order to continue to trigger extra Medicare payments. The *Isman* and *Brinkley* complaints

begin the class period in 2008 based on additional false statements and false omissions beginning

in 2008. Similarly, actions filed subsequent to the first-filed case indicate later endings for the

class period, taking into account additional disclosures which revealed how serious and extensive

the fraud is in that it has resulted in a formal investigation by the Securities and Exchange

Commission ("SEC"), and the Company's second quarter earnings will be substantially impacted

by the expense connected with the investigation. "Overlapping class periods do not defeat

consolidation of the actions." *Mas v. KV Pharm. Co.*, No. 4:08-CV-1859, 2009 U.S. Dist. LEXIS

32000, at *4 (E.D. Mo. Apr. 15, 2009). Therefore, consolidation of the actions is proper. For

the purpose of completeness we calculate transactions for longest class period.

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Movant should be appointed Lead Plaintiff because they have complied with all of the

PSLRA's requirements, demonstrated the largest financial interest in this litigation and otherwise

meets the relevant requirements of Fed. R. Civ. P. 23. As the presumptive Lead Plaintiff,

Movant's selection of the law firms of Milberg to serve as Lead Counsel and Odom & Des

Roches as Liaison Counsel, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), should be approved by

the Court.

### A.    The PSLRA'S Procedural Requirements

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee

securities class actions brought pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §

78u-4(a)(1).

First, the plaintiff who files the initial action must publish a notice to the Class, within 20

days of filing the complaint, informing Class members of their right to seek appointment as Lead

Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed, above-captioned action caused

notice to be published on June 10, 2010.  *See* Odom Decl., Ex. C.  The notice was published on

*GlobeNewswire*, a nationally distributed wire service.[4]

Second, within 60 days after publication of the required notice, any member or members

of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not

they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

Within 90 days after publication of the notice, the Court shall consider any motion made

by a class member and shall appoint as Lead Plaintiff the movant that the Court determines to be

most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-

4(a)(3)(B).  In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that:
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).  *See Chaiaretti v. Orthodontic Ctrs. of Am., Inc.* No. 03-1027,

2003 U.S. Dist LEXIS 25264, at *3-4 (E.D. La. Aug. 28, 2003); *see also Thompson v. Shaw*

*Group, Inc.*, No. 04-1685, 2004 U.S. Dist. LEXIS 25641 (E.D. La. Dec. 13, 2004); *Pirelli*

*Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 402-04

(S.D.N.Y. 2004).

### B.    Movant Is "The Most Adequate Plaintiff"

#### 1.    Movant Has Timely Moved For Appointment As Lead Plaintiff

---

[4]Newswires have consistently been recognized as a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated business-oriented publication or wire services."  *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

The time period in which class members may move to be appointed Lead Plaintiff in this case, under 15 U.S.C. § 78u-4(a)(3)(A) and (B), expires on August 9, 2010. Movant's application is thus timely. Movant has reviewed a complaint in this matter and is willing to serve as a representative party on behalf of the Class. *See* Odom Decl., Ex. A. In addition, Movant has selected and retained competent counsel to represent itself and the Class. *See* Odom Decl., Exs. D and E.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff, and its selection of Milberg as Lead Counsel and Odom & Des Roches as Liaison Counsel, approved by the Court.

### 2. Movant Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall adopt a rebuttable presumption that the most adequate plaintiff is the Class member or group of members who represent the largest financial interest in the relief sought by the action. *Tarica v. McDermott Int'l, Inc.*, No. 99-3831, 2000 U.S. Dist. LEXIS 5031, at *11-12 (E.D. La. Apr. 13, 2000); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (*quoting* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)). Here, the longest class period alleged is August 2, 2005 through July 12, 2010, inclusive. This is the period used to calculate Movant's financial interest in this action.

The PSLRA does not provide a method for determining the relative financial interests of Lead Plaintiff Movants. However, Courts have employed a four-factor analysis in determining a movant's financial interest. The four factors are: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs. *See, e.g., In re Orthodontic Centers of Am., Inc. Sec. Litig.*, No. Civ. A. 01-949, 2001 U.S. Dist. LEXIS 21816, at *10-

11(E.D. La. Dec. 17, 2001); *See also Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 404 (*quoting*

*Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *17).

During the Class Period, Movant purchased 18,324 shares of Amedisys common stock at

artificially inflated prices. *See* Odom Decl., Ex. A. Movant's net shares purchased, and net

funds expended, during the Class Period were, respectively, 8,500 shares and $469,816. *See*

Odom Decl. Ex. B. Finally, Movant incurred losses of $249,730 . *See* Odom Decl., Ex. B.

Therefore, Movant's financial interest under the four factor test can be expressed as follows:

| Movant | Total (& Net) Shares Purchased During Class Period | Net Funds Expended During Class Period | Approximate Loss |
|---|---|---|---|
| City of Pontiac | 18,324 (8,500) | $469,816 | $249,730 |

As demonstrated herein, Movant—having invested and lost substantial sums in Amedisys

stock—has a very large financial interest in this case. Movant satisfies all of the PSLRA's

prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead

Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). *See* Odom Decl., Ex. B.

### 3.    Movant Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial

interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the

requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a

party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there
> are questions of law or fact common to the class; (3) the claims or defenses of the
> representative parties are typical of the claims or defenses of the class; and (4) the
> representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two — typicality and adequacy — directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999); *See generally Pirelli Armstrong Tire Corp.,* 229 F.R.D. at 412. As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### a.    Movant Fulfills the Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. "The typicality requirement is satisfied when the named plaintiff's injuries arise from the same events or course of conduct as do the injuries that form the basis of the class claims, and when the plaintiff's claims and those of the class are based on the same legal theory." *Swack v. Credit Suisse First Boston*, 230 F.R.D. 250, 260 (D. Mass. 2005) (*quoting Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 325 (D. Mass. 1997); s*ee also Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986); *Pirelli Armstrong Tire Corp.*, 229 F.R.D. at 412. The Fifth Circuit has held that the "test for typicality is not demanding." *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. Tex. 2002) (*citing James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001)). The test for typicality focuses "on the similarity between the named plaintiffs' legal and remedial theories and the legal and remedial theories of those whom they purport to represent." *Flanagan v. Ahearn (In re Asbestos Litig.)*, 90 F.3d 963, 975 (5th Cir. 1996). Typicality does not require completely identical claims. *James*, 254 F.3d at 571. Rather, what is critical is whether the class representative's claims have fundamentally the same essential characteristics of those of the putative class. *Id*. When the claims permeate from a

similar course of conduct or transaction and share the same legal theory, factual differences will

not defeat typicality. *Id.* Because the Plaintiffs seek to prove that Defendants "committed the

same unlawful acts in the same methods against an entire class" the typicality requirement of

Rule 23(a)(3) is satisfied. *Kennedy v. Tallant*, 710 F.2d 711 (11th Cir. 1983).

Movant seeks to represent a class of purchasers of Amedisys stock that have identical,

non-competing and non-conflicting interests. Movant satisfies the typicality requirement

because, like all other Class members, they: (1) purchased or otherwise acquired Amedisys stock

during the Class Period; (2) at prices artificially inflated by Defendants' materially false and

misleading statements and/or omissions; and (3) suffered economic loss when the

misrepresentations made to the market, and/or the information alleged to have been concealed

from the market, were revealed, removing the inflation from Amedisys's stock price. Thus,

Movant's claims are typical of those of other Class members since their claims and the claims of

other Class members arise out of the same course of events.

### b. Movant Fulfills the Adequacy Requirement

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect

the interests of the class." "Adequacy is met where (1) the lead plaintiffs claims are not

antagonistic to or conflict with those of other class members; (2) lead plaintiffs have a sufficient

interest in the outcome of the case to ensure vigorous advocacy; and (3) lead plaintiffs must be

represented by attorneys who are competent, experienced, qualified, and generally able to

conduct the litigation vigorously." *In re Orthodontic Centers of Am.*, 2001 U.S. Dist. LEXIS

21816, at *12-13 (*citing Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866).

As detailed above, Movant is an adequate representative of the Class because it shares

common questions of law and fact with members of the Class and its claims are typical of the

claims of other Class members. As demonstrated by the injury suffered by Movant, who

acquired Amedisys stock at prices artificially inflated by Defendants' materially false and misleading statements, the interests of Movant are clearly aligned with the interests of the members of the Class, and there is no evidence of any antagonism between Movant's interests and those of the other members of the Class.

Moreover, Movant is a classic example of the sort of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA —sophisticated institutional investors and fiduciaries with a real financial interest in this litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the shareholders and assist courts by improving quality of representation in securities class actions").

## III.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL AND LIAISON COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. The Court should not disturb a Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Movant has selected and retained Milberg to serve as Lead Counsel and Odom & Des Roches as Liaison Counsel for the Class.

Milberg possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See* Odom Decl., Ex. D. Milberg has served as Lead or Co-Lead Counsel in many high profile class actions, recovering billions of dollars for investors and others harmed by corporate mismanagement, forcing a number of important corporate reforms. Milberg currently serves as Lead Counsel or as chair of plaintiffs' executive committees in many high-profile securities class actions pending throughout the country. Milberg has been appointed as lead or co-lead counsel

in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case. Other cases in which Milberg was responsible for obtaining outstanding recoveries for investors include *Carlson v. Xerox Corp.*, No. 3:00-CV-1621 (D. Conn. 2000) (preliminary approval of $750 million settlement granted on March 27, 2008); *In re Tyco Int'l Ltd. Sec. Litig.*, MDL Docket No. 02-1335-B (D.N.H. 2002) ($3 billion settlement); *In re Nortel Networks Corp. Sec. Litig.*, No. 01-CV-1855 (RMB) (S.D.N.Y. 2001) ($1.1 billion settlement); *In re Lucent Techs., Inc. Sec. Litig.*, No. 00-CV-621 (AJL) (D.N.J. 2000) ($600 million settlement); *In re Raytheon Co. Sec. Litig.*, 99-CV-12142 (D. Mass. 1999) ($460 million settlement); and *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02 C 7527 (N.D. Ill. 2002) ($215 million settlement).

Similarly Odom & Des Roches, LLP engages in multi-party litigation of complex civil matters throughout the United States and the lawyers of Odom & Des Roches, LLP have particular depth of experience in a variety of class action oriented litigation. In addition to an active jury trial practice, the firm has extensive appellate experience, and its senior partner argued and won a 9-0 reversal of a federal circuit court of appeals before the United States Supreme Court. The core of the firm's practice is its commitment and ability to try jury cases, and its lawyers structure their strategy from the outset of an engagement with an eye towards eventual appearance in the courtroom. *See* Odom Decl., Ex. E.

Because there is nothing to suggest that Movant or its counsel will not fairly and adequately represent the Class, or the Movant is subject to unique defenses, this Court should appoint City of Pontiac as Lead Plaintiff and approve its selection of Milberg as Lead Counsel and Odom & Des Roches as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movant satisfies the requirements of the PSLRA for appointment as Lead Plaintiff in these actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B). Movant respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Movant as Lead Plaintiff in the consolidated action pursuant to § 21D (a)(3)(B); and (3) approve Movant's selection of Milberg as Lead Counsel and Odom & Des Roches as Liaison Counsel.

Dated: August 9, 2010

Respectfully Submitted,

**ODOM & DES ROCHES, LLP**

*/s/ _____John Gregory Odom_____*

John Gregory Odom (La. No. 1109)
John Alden Meade (La. No. 29975)
Poydras Center, Suite 2020
650 Poydras Street
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078
E-mail: jodom@odrlaw.com

**Proposed Liaison Counsel**

*-and-*

**MILBERG LLP**
Paul F. Novak
Andrei V. Rado
Anne Marie Vu
Elizabeth S. Metcalf

One Pennsylvania Plaza, 49th Floor
New York, New York 10119
Tel: (212) 594-5300
Fax: (212) 868-1229
E-mail: pnovak@milberg.com
        arado@milberg.com
        avu@milberg.com
        emetcalf@milberg.com

**Proposed Lead Counsel**


**SULLIVAN, WARD, ASHER & PATTON, PC**
Sharon Almonrode
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-8412
Tel: (248) 746-0700
Fax: (248) 746-2760
E-mail: salmonrode@swappc.com

**Counsel for The City Of Pontiac General Employees' Retirement System**

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2010, a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL was filed electronically with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to the email addresses indicated on the attached Electronic Mail Notice Lists, and I hereby certify that I have mailed the foregoing via the U.S. Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice Lists.

**ODOM & DES ROCHES, LLP**

*/s/ _____John Gregory Odom_____*

John Gregory Odom (La. No. 1109)
John Alden Meade (La. No. 29975)
Poydras Center, Suite 2020
650 Poydras Street
New Orleans, LA 70130
Telephone: (504) 522-0077
Facsimile: (504) 522-0078
E-mail: jodom@odrlaw.com

# Mailing Information for a Case 3:10-cv-00395-BAJ-CN

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brandon Scott Andrews**
  sandrews@dueprice.com,robbie@dueprice.com

- **Richard J. Arsenault**
  rarsenault@nbalawfirm.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com,lpvega@pomlaw.com

- **Julie Moffett McCall**
  julie@kswb.com

- **Michael E. Ponder**
  judgeponder@gmail.com

- **Richard Franklin Zimmerman , Jr**
  richard@kswb.com,beth@kswb.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)