# EXHIBIT D


## THE FIRM'S PRACTICE AND ACHIEVEMENTS

Milberg LLP, founded in 1965, was one of the first law firms to prosecute class actions in federal courts on behalf of investors and consumers. The Firm pioneered this type of litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. The Firm's practice focuses on the prosecution of class and complex actions in many fields of commercial litigation, including securities, corporate fiduciary, ERISA, consumer, insurance, antitrust, bankruptcy, mass tort, and human rights litigation. The Firm has offices in New York City, Los Angeles, Tampa, and Detroit.

In the Firm's early years, its founding partners built a new area of legal practice in representing shareholder interests under the then recently amended Rule 23 of the Federal Rules of Civil Procedure, which allowed securities fraud cases, among others, to proceed as class actions. In the following decades, the Firm obtained decisions establishing important legal precedents in many of its areas of practice and prosecuted cases that set benchmarks in terms of case theories, organization, discovery, trial results, methods of settlement, and amounts recovered and distributed to clients and class members.

Important milestones in the Firm's early years include the Firm's involvement in the *U.S. Financial* litigation in the early 1970s, one of the earliest large class actions, which resulted in a $50 million recovery for purchasers of the securities of a failed real estate development company; the Ninth Circuit decision in *Blackie v. Barrack* in 1975, which established the fraud-on-the-market doctrine for securities fraud actions; the Firm's co-lead counsel position in the *In re Washington Public Power Supply System* ("*WPPSS*") *Securities Litigation*, a seminal securities fraud action in the 1980s in terms of complexity and amounts recovered; the representation of the Federal Deposit Insurance Corporation in a year-long trial to recover banking losses from a major accounting firm, leading to a precedent-setting global settlement; attacking the Drexel-Milken "daisy chain" of illicit junk-bond financing arrangements with numerous cases that resulted in substantial recoveries for investors; representing life insurance policyholders defrauded by "vanishing premium" and other improper sales tactics and obtaining large recoveries from industry participants; and ground-breaking roles in the multi-front attack on deception and other improper activities in the tobacco industry.

Milberg remains at the forefront in its areas of practice. Significant litigation results include: *In re Vivendi Universal, S.A. Securities Litigation* (estimated $9 billion judgment, claims procedure pending); *Tyco International Ltd. Securities Litigation* ($3.2 billion settlement); *Nortel Networks Litigation* (settlement for cash and stock valued at $1.142 billion); *Lucent Technologies Securities Litigation* ($600 million recovery); *Raytheon Co. Securities Litigation* ($460 million recovery); *Managed Care Litigation* (recoveries over $1 billion and major changes in HMO practices); the *WPPSS Securities Litigation* (settlements totaling $775 million), and the *NASDAQ Market-Makers Antitrust Litigation* ($1 billion in recoveries). Milberg has been responsible for recoveries valued at approximately $55 billion during the life of the Firm.

Milberg is consistently active in *pro bono* litigation, highlighted by its leadership role in the *Swiss Bank Litigation*, which led to the recovery of $1.25 billion from Swiss banks to benefit victims of the Holocaust, and the Firm's efforts representing claimants of the September 11 Victim Compensation Fund.

The Firm's lawyers come from many different professional backgrounds. They include former judges, professors, prosecutors, private defense attorneys, and government lawyers. The Firm's ability to pursue claims against defendants is augmented by its team of investigators, headed by a 27-year veteran of the Federal Bureau of Investigation, a full-time staff of forensic accountants and financial analysts, and an in-house litigation support department with data hosting capabilities, staffed by electronic discovery specialists.

For more information, please visit www.milberg.com.



# JUDICIAL COMMENDATIONS

Milberg has been commended by countless judges throughout the country for the quality of its representation.

Milberg partners played leading roles in representing class plaintiffs in the three-month jury trial in *In re Vivendi Universal, S.A. Securities Litigation*, No. 02-5571 (S.D.N.Y.), which in January 2010 resulted in the largest verdict on record in that type of case (totaling as much as $9 billion; claims procedure pending). At the close of the trial, Judge Richard Holwell commented:

> I can only say that this is by far the best tried case that I have had in my time on the bench. I don't think either side could have tried the case better than these counsel have.

In approving a $3.2 billion securities fraud settlement, one of the largest in history, in *In re Tyco International, Ltd. Securities Litigation*, No. 02-1335 (D.N.H. Dec. 19, 2007), Judge Barbadoro lauded Milberg's efforts as co-lead counsel:

> This was an extraordinarily complex and hard-fought case. Co-Lead Counsel put massive resources and effort into the case for five long years, accumulating [millions of dollars in expenses] and expending [hundreds of thousands of hours] on a wholly contingent basis. But for Co-Lead Counsel's enormous expenditure of time, money, and effort, they would not have been able to negotiate an end result so favorable for the class. . . . Lead Counsel's continued, dogged effort over the past five years is a major reason for the magnitude of the recovery. . . .

In *Simon v. KPMG LLP*, No. 05-3189, 2006 U.S. Dist. LEXIS 35943, at *18, 30-31 (D.N.J. June 2, 2006), a case in which Milberg served as class counsel, Judge Cavanaugh, in approving the $153 million settlement, found that "Plaintiffs . . . retained highly competent and qualified attorneys" and that "[t]he Initial Complaint . . . demonstrates that [Milberg] expended considerable time and effort with the underlying factual and legal issues in this case before even filing this lawsuit. . . . Settlement discussions were conducted over a period of some fourteen months with the supervision and guidance of Judges Politan and Weinstein, and are evidence of [Milberg's] appreciation of the merits and complexity of this litigation."

In *In re Lucent Technologies, Inc. Securities Litigation*, No. 00-621, slip op. at 14-15, 26 (D.N.J. Feb. 24, 2004), Judge Pisano issued an opinion approving the $600 million settlement and complimenting Milberg's work as co-lead counsel for the class as follows:

> [T]he attorneys representing the Plaintiffs are highly experienced in securities class action litigation and have successfully prosecuted numerous class actions throughout the United States. They are more than competent to conduct this action. Co-Lead Counsel diligently and aggressively represented the Plaintiffs before this Court and in the negotiations that resulted in the Settlement. . . . [T]he efforts and ingenuity of Lead Plaintiffs and Lead Counsel resulted in an extremely valuable Settlement for the Benefit of the Class.

In *In re Rite Aid Corp. Securities Litigation*, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003), Judge Dalzell commented on the skill and efficiency of the Milberg attorneys litigating this complex case:

> At the risk of belaboring the obvious, we pause to say a specific word about . . . the skill and efficiency of the attorneys involved. [Milberg was] extraordinarily deft and efficient in handling this most complex matter. [T]hey were at least eighteen months ahead of the United States Department of Justice in ferreting out the conduct that ultimately resulted in the write-down of over $1.6 billion in previously reported Rite Aid earnings. . . . In short, it would be hard to equal the skill class counsel demonstrated here.



In *In re IKON Office Solutions, Inc. Securities Litigation*, 194 F.R.D. 166, 195 (E.D. Pa. 2000), Judge Katz commented on Milberg's skill and professionalism as one of plaintiffs' co-lead counsel:

> First, class counsel is of high caliber and has extensive experience in similar class action litigation. . . . Each of the co-lead counsel firms has a national reputation for advocacy in securities class actions, and there is no doubt that this standing enhanced their ability both to prosecute the case effectively and to negotiate credibly. . . .
>
> Of particular note in assessing the quality of representation is the professionalism with which all parties comported themselves. The submissions were of consistently high quality, and class counsel has been notably diligent in preparing filings in a timely manner even when under tight deadlines. This professionalism was also displayed in class counsel's willingness to cooperate with other counsel when appropriate. . . . This cooperation enabled the parties to focus their disputes on the issues that mattered most and to avoid pointless bickering over more minor matters.

In *In re NASDAQ Market-Makers Antitrust Litigation*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998), in an opinion approving settlements totaling over $1.027 billion, Judge Sweet commented:

> Counsel for the Plaintiffs are preeminent in the field of class action litigation, and the roster of counsel for Defendants includes some of the largest, most successful and well regarded law firms in the country. It is difficult to conceive of better representation than the parties to this action achieved.

Judicial recognition of Milberg's excellence is not limited to courts within the United States. In *In re Flag Telecom Holdings, Ltd. Securities Litigation*, No. 02-3400 (S.D.N.Y. 2009), Milberg litigated a discovery dispute before the English Royal High Court of Justice, Queens Bench Division, which recognized the Milberg attorney handling the matter as a "Grade A" lawyer and a "vital cog in the machine." Likewise, in *Sharma v. Timminco Ltd.*, 09-378701 (Can. Ont. Sup. Ct. 2009), Canada's Ontario Superior Court of Justice recognized Milberg's "fine reputation and excellent credentials" in connection with Milberg's representation in a securities case pending in Canada.

Milberg has also been recognized for its commitment to public service. In lauding Milberg's work representing victims of the September 11th attack on the World Trade Center in connection with the September 11 Victims Compensation Fund, Special Master Kenneth R. Feinberg stated the following:

> Once again, as I have learned over the years here in New York, the [Milberg] firm steps up to the plate in the public interest time and time again. The social conscience of the [Milberg] firm, acting through its excellent associates and partners, help deal with crises that confront the American people and others, and I am personally in the debt of Milberg . . . for the work that it is doing . . . . [T]hey are second among none in terms of the public interest, and I'm very, very grateful, not only to you guys for doing this, but . . . for the firm's willingness to help out. I wanted to let everybody know that.

*In re September 11 Victim Compensation Fund*, Preliminary Hearing, Claim No. 212-003658 (Dec. 9, 2003).



# NOTEWORTHY RESULTS

The quality of Milberg's representation is further evidenced by the Firm's numerous significant recoveries, some of which are described below.

- In *In re Vivendi Universal, S.A. Securities Litigation*, No. 02-5571 (S.D.N.Y.), Milberg lawyers were instrumental in obtaining a jury verdict for an international class of defrauded investors after a trial lasting nearly four months. The jury found Vivendi liable for 57 false or misleading class period statements. The claims procedure is pending and could potentially result in a judgment of up to $9 billion. The district court had previously certified a class of purchasers from the U.S., France, England, and the Netherlands. *See In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76 (S.D.N.Y. 2007).

- *In re Initial Public Offering Securities Litigation*, No. 21-92 (S.D.N.Y.). Milberg represented investors in 310 consolidated securities actions arising from an alleged market manipulation scheme. Plaintiffs alleged, among other things, that approximately 55 defendant investment banks, in dealing with certain of their clients, conditioned certain allocations of shares in initial public offerings on the subsequent purchase of more shares in the aftermarket, thus artificially boosting the prices of the subject securities. This fraudulent scheme, plaintiffs alleged, was a major contributing factor in the now infamous technology "bubble" of the late 1990s and early 2000s. As a member of the court-appointed Plaintiffs' Executive Committee, and with certain partners appointed by the court as liaison counsel, Milberg oversaw the efforts of approximately 60 plaintiffs' firms in combating some of the most well-respected defense firms in the nation. In granting final approval to a $586 million settlement on October 6, 2009, the court described the law firms comprising the Plaintiffs' Executive Committee as the "cream of the crop."

- *Carlson v. Xerox*, No. 00-1621 (D. Conn). Milberg served as co-lead counsel in this lawsuit, which consolidated 21 related cases alleging violations of the federal securities laws.

Plaintiffs alleged that Xerox and several of its top officers reported false financial results during the class period and failed to adhere to the standard accounting practices the company claimed to have followed. In the course of litigating plaintiffs' claims, Milberg engaged in arduous and exhaustive factual discovery, including review and analysis of more than four million pages of complex accounting and auditing documents and thousands of pages of SEC deposition transcripts. Plaintiffs' claims survived three motions to dismiss and a motion for summary judgment, ultimately resulting in a $750 million settlement, which received final approval on January 14, 2009.

- *In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.). Milberg served as co-lead counsel in this litigation, which involved claims under the Securities Act of 1933 and the Securities Exchange Act of 1934 against Tyco and its former CEO, CFO, general counsel, and certain former directors arising out of allegations of Tyco's $5.8 billion overstatement of income and $900 million in insider trading, plus hundreds of millions of dollars looted by insiders motivated to commit the fraud. Plaintiffs also asserted claims under the 1933 and 1934 Acts against PricewaterhouseCoopers LLP for allegedly publishing false audit opinions on Tyco's financial statements during the class period and failing to audit Tyco properly, despite knowledge of the fraud. On December 19, 2007, the court approved a $3.2 billion settlement of the plaintiffs' claims and praised the work of co-lead counsel.

- *In re Sears, Roebuck & Co. Securities Litigation*, No. 02-7527 (N.D. Ill.). This case involved allegations that Sears concealed material adverse information concerning the financial condition, performance, and prospects of Sears' credit card operations, resulting in an artificially inflated stock price. The approved


settlement provided $215 million to compensate class members.

- **In re General Electric Co. ERISA Litigation**, No. 04-1398 (N.D.N.Y.). This ERISA class action was brought on behalf of current and former participants and beneficiaries of the General Electric ("G.E.") 401(k) Plan. Milberg, serving as co-lead counsel, achieved a $40 million settlement on behalf of current and former G.E. employees who claimed that the company's 401(k) Plan fiduciaries imprudently invested more than two-thirds of the Plan's assets in company stock. The settlement included important structural changes to G.E.'s 401(k) plan valued at more than $100 million.

- **In re Biovail Corp. Securities Litigation**, No. 03-8917 (S.D.N.Y.). Milberg, representing Local 282 Welfare Trust Fund and serving as co-lead counsel, litigated this complex securities class action brought on behalf of a class of defrauded investors, alleging that defendants made a series of materially false and misleading statements concerning Canadian company Biovail's publicly reported financial results and the company's then new hypertension/blood pressure drug, Cardizem LA. This was a highly complex case in which counsel took numerous depositions across the U.S. and Canada and obtained documents from defendants and several third-parties, including, among others, UBS, McKinsey & Co., and Merrill Lynch. Milberg obtained a $138 million settlement for the class, and Biovail agreed to institute significant corporate governance changes.

- **In re Nortel Networks Corp. Securities Litigation**, No. 01-1855 (S.D.N.Y.). In this federal securities fraud class action, Milberg served as lead counsel for the class and the court-appointed lead plaintiff, the Trustees of the Ontario Public Service Employees' Union Pension Plan Trust Fund. In certifying the class, the court specifically rejected the defendants' argument that those who traded in Nortel securities on the Toronto Stock Exchange (and not the New York Stock Exchange) should be excluded from the class. The Second Circuit denied the defendants' attempted appeal. On January 29, 2007, the court approved a settlement valued at $1.142 billion.

- **In re American Express Financial Advisors Securities Litigation**, No. 04-1773 (S.D.N.Y.). This case involved allegations that American Express Financial Advisors violated securities laws by representing to class members that the company would provide tailored financial advice, when the company actually provided "canned" financial plans and advice designed to steer clients into American Express and certain nonproprietary mutual funds. The case settled for $100 million, with the settlement agreement requiring that the company institute remedial measures.

- **In re Lucent Technologies, Inc. Securities Litigation**, No. 00-621 (D.N.J.). In this federal securities fraud action in which Milberg served as co-lead counsel, plaintiffs alleged, *inter alia*, that Lucent and its senior officers misrepresented the demand for Lucent's optical networking products and improperly recognized hundreds of millions of dollars in revenues. The settlement provided compensation of $600 million to aggrieved shareholders who purchased Lucent stock between October 1999 and December 2000.

- **In re Raytheon Securities Litigation**, No. 99-12142 (D. Mass.). This case, in which Milberg served as lead counsel, concerned claims that a major defense contractor failed to write down assets adequately on long term construction contracts. In May 2004, Raytheon and its auditor, PricewaterhouseCoopers LLP, settled for a total of $460 million.

- In **In re Rite Aid Securities Litigation**, No. 99-1349 (E.D. Pa.), in which Milberg served as co-lead counsel, the plaintiffs asserted federal securities fraud claims arising out of allegations that Rite Aid failed to disclose material problems with its store expansion and modernization program, resulting in artificially inflated earnings. Judge Dalzell approved class action settlements totaling $334 million against Rite Aid ($207 million), KPMG ($125 million), and certain former executives of Rite Aid ($1.6 million).

- In **In re CMS Energy Corp. Securities Litigation**, No. 02-72004 (E.D. Mich.), a federal securities fraud case arising out of alleged round-trip trading practices by CMS Energy


Corporation, Judge Steeh approved a cash settlement of more than $200 million. Milberg served as co-lead counsel in this litigation.

- ***In re Deutsche Telekom AG Securities Litigation***, No. 00-9475 (S.D.N.Y.). Milberg served as co-lead counsel in this securities class action alleging that Deutsche Telekom issued a false and misleading registration statement, which improperly failed to disclose its plans to acquire VoiceStream Wireless Corporation and materially overstated the value of the company's real estate assets. On June 14, 2005, Judge Buchwald approved a $120 million cash settlement.

- ***In re CVS Corp. Securities Litigation***, No. 01-11464 (D. Mass). Milberg served as co-lead counsel in this class action alleging that defendants engaged in a series of accounting improprieties and issued false and misleading statements which artificially inflated the price of CVS stock. On September 7, 2005, Judge Tauro approved a $110 million cash settlement for shareholders who acquired CVS stock between February 6, 2001, and October 30, 2001.

- ***Scheiner v. i2 Technologies, Inc.***, No. 01-418 (N.D. Tex.). Milberg served as lead counsel in this securities fraud case, filed on behalf of certain purchasers of i2 common stock. The plaintiffs alleged that certain of the company's senior executives made materially false and misleading statements and omissions in i2's public statements and other public documents regarding i2's software, thereby artificially inflating the price of i2's common stock. In May 2004, Milberg recovered a settlement of $84.85 million.

- ***In re Royal Dutch/Shell Transport ERISA Litigation***, No. 04-1398 (D.N.J.). This was an ERISA breach of fiduciary duty class action against the Royal Dutch/Shell Oil Group of Companies on behalf of certain of the companies' U.S. employee investment plan participants. Notably, the $90 million settlement included important provisions regarding the monitoring and training of individuals appointed to be ERISA fiduciaries.

- Milberg served as co-lead counsel in ***Irvine v. ImClone Systems, Inc.***, No. 02-0109 (S.D.N.Y.), in which a $75 million cash settlement was approved by the court in July 2005. Plaintiffs alleged that ImClone issued a number of misrepresentations and fraudulent statements to the market regarding the likelihood of approval of the drug Erbitux, thereby artificially inflating the price of ImClone stock.

- In ***In re W.R. Grace & Co. (Official Committee of Asbestos Personal Injury Claimants v. Sealed Air Corp. and Official Committee of Asbestos Personal Injury Claimants v. Fresenius Medical Care Holdings, Inc.)***, Nos. 02-2210 and 02-2211 (D. Del.), Milberg acted as lead counsel for the asbestos personal injury and property damage committees in two separate fraudulent conveyance actions within the W.R. Grace bankruptcy. The actions sought to return the assets of Sealed Air Corporation and Fresenius Medical Care Holdings (each of which had been Grace subsidiaries pre-bankruptcy) to the W.R. Grace bankruptcy estate. Complaints in both cases were filed in mid-March 2002, and agreements in principle in both cases were reached on November 27, 2002, the last business day before trial was set to begin in the Sealed Air matter. The two settlements, which consisted of both cash and stock, were valued at approximately $1 billion.

- ***Nelson v. Pacific Life Insurance Co.***, No. 03-131 (S.D. Ga.). Milberg served as lead counsel in this securities fraud class action arising from allegations of deceptive sales of deferred annuity tax shelters to investors for placement in retirement plans that are already tax-qualified. The court approved a $60 million settlement of claims arising from such deception.

- The Firm was lead counsel in ***In re Prudential Insurance Co. Sales Practice Litigation***, No. 95-4704 (D.N.J.), a landmark securities case that resulted in a recovery exceeding $4 billion for certain Prudential policyholders. The settlement was approved in a comprehensive Third Circuit decision.

- In ***In re NASDAQ Market-Makers Antitrust Litigation***, No. 94-3996 (S.D.N.Y.), Milberg served as co-lead counsel for a class of investors. The class alleged that the NASDAQ



market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in recent history. After more than three years of intense litigation, the case settled for a total of $1.027 billion, one of the largest antitrust settlements at that time.

- *In re Washington Public Power Supply System Securities Litigation*, MDL 551 (D. Ariz.) was a massive securities fraud litigation in which Milberg served as co-lead counsel for a class that obtained settlements totaling $775 million, the largest-ever securities fraud settlement at that time, after several months of trial.

- *In re Exxon Valdez*, No. 89-095 (D. Alaska) and *In re Exxon Valdez Oil Spill Litigation*, 3 AN-89-2533 (Alaska Sup. Ct. 3d Jud. Dist.). Milberg was a member of the Plaintiffs' Coordinating Committee and co-chair of the Plaintiffs' Law Committee in the massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989. Plaintiffs obtained a jury verdict of $5 billion, which, after years of appeals by Exxon, was reduced to approximately $500 million by the United States Supreme Court. Recently the United States Court of Appeals for the Ninth Circuit held that plaintiffs are entitled to post judgment interest on the award in the amount of approximately $470 million.

- In *In re Managed Care Litigation*, MDL 1334 (S.D. Fla.). Final approval of a settlement between a nationwide class of physicians and defendant CIGNA Healthcare, valued in excess of $500 million, was granted on April 22, 2004. A similar settlement valued in excess of $400 million involving a nationwide class of physicians and Aetna was approved by the court on November 6, 2003. The settlements stem from a series of lawsuits filed in both state and federal courts by physicians and medical associations against many of the nation's largest health insurers arising from allegations that the insurers engaged in a fraudulent scheme to systematically obstruct, reduce, delay, and deny payments and reimbursements to health care providers. These settlements brought sweeping changes to the health care industry and significant improvements to physician-related business practices.

- *In re Sunbeam Securities Litigation*, No. 98-8258 (S.D. Fla). Milberg acted as co-lead counsel for the class. Plaintiffs alleged that Sunbeam, its auditor, and its management engaged in a massive accounting fraud which led to a restatement of over three years of previously reported financial results. The court approved a combined settlement of more than $140 million, including a $110 million settlement with Arthur Andersen LLP, Sunbeam's auditor. At that time, the Andersen settlement was one of the largest amounts ever paid by a public accounting firm to settle federal securities claims. The settlement with the individuals was achieved on the eve of trial, and ended almost four years of litigation against Andersen and Sunbeam's insiders, including Albert Dunlap, Sunbeam's former Chairman and CEO. The settlement included a personal contribution from Dunlap of $15 million.

- *In re Triton Energy Limited Securities Litigation*, No. 98-256 (E.D. Tex.). Plaintiffs alleged that defendants misrepresented, among other things, the nature, quality, classification, and quantity of Triton's Southeast Asia oil and gas reserves during the period March 30, 1998 through July 17, 1998. The case settled for $42 million.

- In *In re Thomas & Betts Securities Litigation*, No. 00-2127 (W.D. Tenn.), the plaintiffs, represented by Milberg as co-lead counsel, alleged that Thomas & Betts engaged in a series of accounting improprieties while publicly representing that its financial statements were in compliance with GAAP, and failed to disclose known trends and uncertainties regarding its internal control system and computer and information systems. The case settled for $46.5 million dollars in cash from the company and $4.65 in cash from its outside auditor, KPMG.

- *In re MTC Electronic Technologies Shareholder Litigation*, No. 93-0876 (E.D.N.Y.). Plaintiffs alleged that defendants issued false and misleading statements concerning, among other things, purported joint venture agreements to establish telecommunications systems and manufacture telecommunications equipment in China. The court approved a settlement of $70 million,



including $65 million in cash and $5 million worth of MTC Class A shares with "put" rights.

- In *In re PaineWebber Limited Partnerships Litigation*, No. 94-8547 (S.D.N.Y.). Milberg represented investors alleging that PaineWebber developed, marketed, and operated numerous investment partnerships as part of an ongoing conspiracy to defraud investors and enrich itself through excessive fees and commissions over a twelve-year period. On March 20, 1997, Judge Sidney Stein approved a $200 million settlement, consisting of $125 million in cash and $75 million worth of guarantees and fee waivers.

- In *Andrews v. AT&T*, No. 91-175 (S.D. Ga.) the Firm represented a class of persons who paid for premium-billed "900-number" calls that involved allegedly deceptive games of chance, starting in 1993. Defendants included major long-distance companies, which approved the call programs and billed for the calls. Defendant MCI settled for $60 million in benefits. The class against AT&T was decertified on appeal and the Firm prosecuted the individual plaintiffs' claims, obtaining a jury verdict in 2003 for compensatory and punitive damages.

In the context of shareholder derivative actions, Milberg has protected shareholder investments by effectuating important changes in corporate governance as part of the global settlement of such cases. Cases in which such changes were made include:

- *In re Comverse Technology, Inc. Derivative Litigation*, No. 601272/2006 (N.Y. Sup. Ct. N.Y. Cty.). On December 28, 2009, Milberg announced a $62 million settlement for the derivative plaintiffs, which was approved by the Court on June 23, 2010. The settlement also resulted in significant corporate governance reforms, including the replacement of the offending directors and officers with new independent directors and officers; the

amendment of the company's bylaws to permit certain long-term substantial shareholders to propose, in the Company's own proxy materials, nominees for election as directors (proxy access); and the requirement that all equity grants be approved by both the Compensation Committee and a majority of the non-employee members of the Board.

- *In re Topps Co., Inc. Shareholder Litig.*, No. 600715/2007 (N.Y. Sup. Ct. N.Y. Cty. Apr. 17, 2007). Milberg served as co-lead counsel in this transactional case, which led to a 2007 decision vindicating the rights of shareholders under the rules of comity and the doctrine of *forum non conveniens* to pursue claims in the most relevant forum, notwithstanding the fact that jurisdiction might also exist in the state of incorporation. This case was settled in late 2007 in exchange for a number of valuable disclosures for the class.

- *In re Marketspan Corporate Shareholder Litigation*, No. 15884/98 (N.Y. Sup. Ct. Nassau Cty.). The settlement agreement in this derivative case required modifications of corporate governance structure, changes to the audit committee, and changes in compensation awards and to the nominating committee.

- *In re Trump Hotels Shareholder Derivative Litigation*, No. 96-7820 (S.D.N.Y.). In this case, the plaintiff shareholders asserted various derivative claims on behalf of the company against certain Trump entities and senior Trump executives in connection with the self-serving sale of a failing casino to the company in which the plaintiffs held stock. Milberg negotiated a settlement on behalf of the plaintiffs that required Donald Trump to contribute a substantial portion of his personal interest in a pageant he co-owned. In addition, the settlement required the company to increase the number of directors on its board, and certain future transactions had to be reviewed by a special committee.



# PRECEDENT-SETTING DECISIONS

Milberg has consistently been a leader in developing the federal securities, antitrust, and consumer protection laws for the benefit of investors and consumers. The Firm has represented individual and institutional plaintiffs in hundreds of class action litigations in federal and state courts throughout the country. In most of those cases, Milberg has served as lead or co-lead counsel. The Firm has also been responsible for establishing many important precedents, including the following:

• In *Merck & Co., Inc. v. Reynolds* (U.S. 2010), Milberg, along with other co-lead counsel, won a significant victory before the U.S. Supreme Court, which issued a decision addressing when an investor is placed on "inquiry notice" of a securities fraud violation sufficient to trigger the statute of limitations under 28 U.S.C. § 1658(b). The Court unanimously ruled that the two-year statute of limitations was not triggered because plaintiffs did not have actual or constructive knowledge of "the facts constituting the violation," and as such, the case was not time-barred. Importantly, the Court held that the plaintiff must be on actual or constructive notice of facts concerning the defendants' scienter in order to trigger the statute of limitations. This decision is significant in that it potentially enables plaintiffs to bring claims based on misstatements that are more than two years old.

• *In re Lord Abbett Mutual Funds Fee Litigation*, 553 F.3d 248 (3d Cir. 2009). This important decision set significant precedent regarding the scope of preemption under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). In reversing the District Court's dismissal of the plaintiffs' claims, the Third Circuit held that "SLUSA does not mandate dismissal of an action in its entirety where the action includes only some pre-empted claims." In so holding, the court explained that "nothing in the language, legislative history, or relevant case law mandates the dismissal of an entire action that includes both claims that do not offend SLUSA's prohibition on state law securities class actions and claims that do . . . ."

• *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 170 (2d Cir. 2009). In this matter, the plaintiffs, Nigerian children and their families, asserted claims under the Alien Tort Statute ("ATS") in connection with Pfizer's clinical trial of the drug, Trovan, without their knowledge. In January 2009, the Second Circuit reversed the District Court's dismissal for lack of jurisdiction. The court held that the plaintiffs pled facts sufficient to state a cause of action under the ATS for a violation of international law prohibiting medical experimentation on human subjects without their consent. Pfizer's petition for review of the Second Circuit's ruling by the United States Supreme Court is currently pending.

• *In re Comverse Technology, Inc. Derivative Litigation*, 866 N.Y.S.2d 10 (App. Div. 1st Dep't 2008). In this derivative case in which Milberg serves as co-lead counsel, plaintiff shareholders sued certain of the company's officers and directors based on allegations of illegal options backdating. The lower court dismissed the plaintiffs' claims, holding that the plaintiffs failed to make a pre-suit demand on the company's board, and that in any event, the board had already formed a special committee to investigate the misconduct. In this significant opinion reversing the lower court's dismissal, the Appellate Division clarified the standards of demand futility and held that a board of directors loses the protection of the business judgment rule where there is evidence of the directors' self-dealing and poor judgment. The court noted that the mere creation of a special committee did not justify a stay of the action and did not demonstrate that the board took appropriate steps. Rather, "the picture presented in the complaint is that of a special committee taking a tepid rather than a vigorous approach to the misconduct and the resultant harm. Under such circumstances, the board should not be provided with any special protection."

• *South Ferry LP #2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008). The important opinion issued by the Ninth Circuit in this securities fraud class



action clarified, in the post-*Tellabs* environment, whether a theory of scienter based on the "core operations" inference satisfies the PSLRA's heightened pleading standard. In siding with the plaintiffs, represented by Milberg, the Ninth Circuit held that "[a]llegations that rely on the core operations inference are among the allegations that may be considered in the complete PSLRA analysis." The court explained that under the "holistic" approach required by *Tellabs*, all allegations must be "read as a whole" in considering whether plaintiffs adequately plead scienter. After remand, the District Court found that the plaintiffs sufficiently alleged scienter under the Ninth Circuit's analysis.

- *In re Gilead Sciences Securities Litigation*, 536 F.3d 1049 (9th Cir. 2008). In this securities fraud class action in which Milberg represents the plaintiffs, the Ninth Circuit reversed the District Court's dismissal of the complaint in this opinion clarifying loss causation pleading requirements. In ruling that the plaintiffs adequately pled loss causation, the Ninth Circuit held that the plaintiffs' complaint identified a "specific economic loss" following the issuance of a specific press release, along with allegations of misrepresentations that were described in "abundant detail." The opinion established that plaintiffs in a securities fraud action adequately plead loss causation where they provide sufficient detail of their loss causation theory and some assurance that the theory has a basis in fact. Based on this analysis, the dismissal was reversed, and the case was remanded to the District Court for further proceedings.

- In *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007), in which Milberg is lead counsel for the class, the United States Supreme Court announced a uniform standard for evaluating the sufficiency of a complaint under the PSLRA. The court held that on a motion to dismiss, a court "must consider the complaint in its entirety," accepting "all factual allegations in the complaint as true," as well as "tak[ing] into account plausible opposing inferences." On remand, the Seventh Circuit concluded that "the plaintiffs have succeeded, with regard to the statements identified in our previous opinion as

having been adequately alleged to be false and material, in pleading scienter in conformity with the requirements of the PSLRA. We therefore adhere to our decision to reverse the judgment of the district court dismissing the suit." The unanimous decision was written by Judge Richard A. Posner.

- *Asher v. Baxter International, Inc.*, 377 F.3d 727 (7th Cir. 2004). In reversing and remanding the District Court's dismissal, the Seventh Circuit resolved in plaintiffs' favor an important issue involving the PSLRA's "safe harbor" for forward-looking statements. The court held that whether a cautionary statement is meaningful is an issue of fact, because whether a statement is meaningful or not depends in part on what the defendant knew when the statement was made as well as other issues of fact. Thus, this issue is not appropriately resolved on a motion to dismiss.

- *Gebhardt v. ConAgra Foods, Inc.*, 335 F.3d 824 (8th Cir. 2003). This important decision strongly reaffirmed the principle that whether an undisclosed fact would have been material to investors cannot ordinarily be decided on a motion to dismiss. The Eighth Circuit, stressing that "[t]he question of materiality hinges on the particular circumstances of the company in question," observed that even relatively small errors in financial statements might be material if they concern areas of particular importance to investors and raise questions about management integrity.

- *In re Cabletron Systems, Inc.*, 311 F.3d 11 (1st Cir. 2002). In this opinion, the First Circuit joined the Second Circuit in allowing a complaint to be based on confidential sources. The court also accepted the argument made by plaintiffs, represented by Milberg, that courts should consider the amount of discovery taken place prior to deciding a motion to dismiss, with a lack of discovery resulting in a correspondingly less stringent standard for pleading securities fraud claims with particularity.

- In *Puckett v. Sony Music Entertainment*, No. 108802/98 (N.Y. Sup. Ct. N.Y. Cty. 2002), a class action was certified against Sony Music Entertainment on behalf of a class of recording


artists who were parties to standard Sony recording or production agreements entered into during the class period. The complaint alleged that Sony had a policy of treating the value added tax on foreign sales of recordings improperly thereby impermissibly reducing the royalties paid or credited to the class members. Justice DeGrasse of the New York State Supreme Court determined that class certification was appropriate and that Gary Puckett (of Gary Puckett & the Union Gap) and jazz musician and composer Robert Watson were appropriate class representatives to represent the class of artists and producers to whom Sony accounts for foreign record royalties.

- *Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000). The Firm was lead counsel in this seminal securities fraud case in which the Second Circuit undertook an extensive analysis of the statutory text and the legislative history of the PSLRA and pre-existing Second Circuit case law. Among other things, the Second Circuit held that the PSLRA's pleading standard for scienter was largely equivalent to the pre-existing Second Circuit standard and vacated the District Court's dismissal which sought to impose a higher standard for pleading scienter under the PSLRA. The Second Circuit also rejected any general requirement that plaintiffs' confidential sources must be disclosed to satisfy the PSLRA's newly-enacted particularity requirements.

- *In re Advanta Corp. Securities Litigation*, 180 F.3d 525 (3d Cir. 1999). Here, the plaintiffs, represented by Milberg, successfully argued that under the PSLRA, scienter is sufficiently pled by making an adequate showing that the defendants acted knowingly or with reckless disregard for the consequences of their actions. The Third Circuit specifically adopted the Second Circuit's scienter pleading standard for pleading fraud under the PSLRA.

- In *Hunt v. Alliance North American Government Income Trust, Inc.*, 159 F.3d 723 (2d Cir. 1998), the Second Circuit reversed the District Court's ruling, which denied plaintiffs leave to amend to assert a cause of action against defendants for failing to disclose that the defendant Trust was unable to utilize proper "hedging" techniques to insure against risk of loss. In the court's view, taken together and in context, the Trust's representations would have misled a reasonable investor.

- In *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194 (1st Cir. 1996), the First Circuit remanded plaintiffs' action after affirming, in part, Milbergs' position that in association with the filing of a prospectus related to the issuance of securities, a corporate-issuer must disclose intra-quarter, materially adverse changes in its business, if such adverse changes constitute "material changes" the disclosure of which is required pursuant to the Securities Act of 1933.

- *In re Salomon, Inc. Shareholders Derivative Litigation*, 68 F.3d 554 (2d Cir. 1995). The Second Circuit affirmed the District Court's holding that derivative federal securities claims against defendants would not be referred to arbitration pursuant to the arbitration provisions of the Rules of the New York Stock Exchange, but would be tried in District Court. Shortly thereafter, the case settled for $40 million.

- *Kamen v. Kemper Financial Services*, 500 U.S. 90 (1991). The Supreme Court upheld the right of a stockholder of a mutual fund to bring a derivative suit without first making a pre-suit demand. Specifically, the Court held that "where a gap in the federal securities laws must be bridged by a rule that bears on the allocation of governing powers within the corporation, federal courts should incorporate state law into federal common law unless the particular state law in question is inconsistent with the policies underlying the federal statute. . . . Because a futility exception to demand does not impede the regulatory objectives of the [Investment Company Act], a court that is entertaining a derivative action under that statute must apply the demand futility exception as it is defined by the law of the State of incorporation."

- *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873 (9th Cir. 1984), *cert. denied*, 469 U.S. 932 (1984). The Ninth Circuit upheld an investor's right to pursue a class action against an accounting firm, adopting statute of limitation rules for Section 10(b) suits that are favorable to investors.



- ***Hasan v. CleveTrust Realty Investors***, 729 F.2d 372 (6th Cir. 1984). The Sixth Circuit very strictly construed, and thus narrowed, the ability of a "special litigation committee" of the board of a public company to terminate a derivative action brought by a shareholder.

- ***Fox v. Reich & Tang, Inc.***, 692 F.2d 250 (2d Cir. 1982), *aff'd sub nom*, ***Daily Income Fund, Inc. v. Fox***, 464 U.S. 523 (1984). The court held that a Rule 23.1 demand is not required in a shareholder suit brought pursuant to Section 36(b) of the Investment Company Act.

- ***Rifkin v. Crow***, 574 F.2d 256 (5th Cir. 1978). The Fifth Circuit reversed an order granting summary judgment for defendants in a Section 10(b) case, paving the way for future acceptance of the "fraud-on-the-market" rationale in the Fifth Circuit.

- ***Blackie v. Barrack***, 524 F.2d 891 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976). This is the seminal appellate decision on the use of the "fraud-on-the-market" theory of reliance, allowing investors who purchase stock at artificially inflated prices to recover even if they were personally unaware of the false and misleading statements reflected in the stock's price. In so holding, the court noted that class actions are necessary to protect the rights of defrauded purchasers of securities.

- ***Bershad v. McDonough***, 300 F. Supp. 1051 (N.D. Ill. 1969), *aff'd*, 428 F.2d 693 (7th Cir. 1970). In this case, the plaintiff, represented by Milberg, obtained summary judgment on a claim for violation of Section 16(b) of the Securities Exchange Act, where the transaction at issue was structured by the defendants to look like a lawful option. The decision has been cited frequently in discussions as to the scope and purpose of Section 16(b).

- ***Heit v. Weitzen***, 402 F.2d 909 (2d Cir. 1968). The court held that liability under Section 10(b) of the Securities Exchange Act extends to defendants, such as auditors, who were not in privity with the named plaintiffs or the class represented by the named plaintiffs.



*Partners*

**JEROME M. CONGRESS** received an A.B. degree with honors from Cornell University. From 1960 to 1962, he was a Fulbright Scholar at Oxford University, England, where he studied philosophy, politics and economics. He received an LL.B. degree *cum laude* from Harvard Law School, where he was an editor of *Harvard Law Review* during 1963-1964.

Since graduating from law school, Mr. Congress has spent the bulk of his practice in commercial and securities litigation.

Mr. Congress is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second Circuit.

**MICHAEL C. SPENCER** graduated from Yale University in 1973 with a B.A. degree, *magna cum laude*, with distinction, in philosophy. While at Yale, he was elected to Phi Beta Kappa. Mr. Spencer received a J.D. degree from Harvard Law School, *cum laude*, in 1976.

Mr. Spencer focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation.

Mr. Spencer began his legal career as a law clerk to the Honorable Wm. Matthew Byrne Jr., United States District Court, Central District of California, in 1976-77. He then returned to New York and joined Cravath, Swaine & Moore as an associate, where he worked until 1986 on antitrust, banking, real estate, commercial, and securities litigation matters. In his later years at Cravath, he represented the bond fund trustee in connection with bond defaults of Washington Public Power Supply System nuclear plants.

In 1986, he joined Milberg as an associate and became a partner later that year. He worked on the WPPSS securities fraud litigation and many of the Firm's other cases, including representation of the FDIC in its failed bank audit litigation involving the Butcher Brothers banks in Tennessee, which led to a year-long trial and a global settlement of all bank-

related claims against Ernst & Whinney just before closing arguments to the jury in late 1992. He has since worked on many of the Firm's securities fraud cases, and cases in other areas, including representation of a broad coalition of union health care funds seeking to recover costs for treating smoking-related illnesses from the tobacco industry; Year 2000 litigation; cases involving alleged kickbacks in the mortgage insurance industry; and consumer and securities fraud cases against insurance companies selling deferred annuities into qualified retirement plans.

He was one of the principal trial counsel for plaintiffs in *In re Vivendi, S.A. Securities Litigation* (S.D.N.Y.), a securities fraud class action in which the jury returned a multi-billion-dollar verdict in January 2010. He is presently handling post-trial motions and defendant's anticipated appeal. The case is notable for the size of the verdict and for inclusion of investors from France, England, and the Netherlands, as well as the United States, in the certified class. The results of this case are expected to have a broad impact on future securities fraud class action litigation in the U.S. and internationally.

Mr. Spencer is admitted to practice in the courts of the States of New York and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Central District of California, and the United States Courts of Appeals for the Second, Third, Fourth, Seventh, Ninth, Eleventh, and D.C. Circuits.

**ROBERT A. WALLNER** received his B.A. degree from the University of Pennsylvania in 1976 graduating *magna cum laude*. He attended New York University School of Law, earning his J.D. degree in 1979. He was elected to the law school's Order of the Coif and served as an editor of *New York University Law Review*.

Prior to joining Milberg, Mr. Wallner was associated with Cravath, Swaine & Moore.

While at Milberg, Mr. Wallner has litigated complex securities, consumer, and antitrust class actions throughout the country. He currently represents investors in *In re Initial Public Offering*

*Securities Litigation* (S.D.N.Y) and *In re CMS Energy Corporation Securities Litigation* (E.D. Mich.). He has also represented consumers in *In re Synthroid Marketing Litigation* (N.D. Ill.) and the *Mercedes-Benz Tire Litigation* (D.N.J.).

Mr. Wallner is a frequent lecturer on securities and complex litigation issues, and serves on the editorial board of *Securities Litigation Report*, published by West Legalworks. He served as a member of the Federal Courts Committee of the Association of the Bar of the City of New York, and as a faculty member of the American Bar Association's First Annual National Institute on Securities Litigation and Arbitration. Mr. Wallner is a member of the New York bar.

**SANFORD P. DUMAIN** attended Columbia University where he received his B.A. degree in 1978. He graduated *cum laude* from Benjamin N. Cardozo School of Law of Yeshiva University in 1981.

Mr. Dumain represents plaintiffs in cases involving securities fraud, consumer fraud, insurance fraud, and violations of the antitrust laws.

Mr. Dumain was co-lead counsel in the *Tyco Securities Litigation* in which $3.2 billion was recovered for investors. Mr. Dumain also served as lead counsel in the securities class actions against Nortel and Biovail, which are the highest and third highest recoveries ever in cases involving Canadian companies. The *Nortel* settlement was valued at over $1 billion and *Biovail* settled for over $138 million in cash. Mr. Dumain successfully represented the City of San Jose, California against 13 of the City's broker-dealers and its outside accountants in connection with major losses in unauthorized bond trading.

Mr. Dumain began his career as a law clerk to Judge Warren W. Eginton, United States District Court for the District of Connecticut 1981-1982. During the early years of his practice, he also served as an Adjunct Instructor in Legal Writing and Moot Court at Benjamin N. Cardozo School of Law.

Mr. Dumain has lectured for ALI-ABA concerning accountants' liability and has prosecuted several actions against accounting firms.

Judge Janet C. Hall of the District of Connecticut made the following comment in *In re Fine Host Securities Litigation* (No. 97-2619): "The court also finds that the plaintiff class received excellent counseling, particularly from the Chair of the Plaintiffs' Executive Committee, Attorney Dumain."

Mr. Dumain is admitted to practice in the State of New York, United States District Court for the Southern and Eastern Districts of New York, District of Colorado, and District of Connecticut, and United States Courts of Appeals for the First, Second, Third, Sixth, Seventh, and Eighth Circuits.

Mr. Dumain is the Chair of the Firm's Executive Committee.

**GEORGE A. BAUER III** earned his B.B.A. degree *magna cum laude* in 1976 from Bernard M. Baruch College of the City University of New York, where he majored in accounting. He was awarded the Andrew J. Coppola prize in Law from Baruch College. Mr. Bauer attended New York University School of Law and graduated with a J.D. degree in 1979.

Mr. Bauer's practice concentrates on class action settlements and settlement administration. He has played a lead role in documenting and effectuating many of the largest and most complex securities litigations settlements ever obtained, notably including: the $3.2 billion cash settlement in *In re Tyco International Ltd., Securities Litigation, MDL 02-1335-PB (U.S.D.C., N.H.)*; the $1.14 billion settlement for cash and stock of the *In re Nortel Networks Corp. Securities Litigation* No. 01-1855 (S.D.N.Y.); the $1.027 billion settlement of the *In re NASDAQ Market-Makers Antitrust Litigation*, MDL No. 1023, (S.D.N.Y.); settlements relating to the $2 billion estate of Drexel Burnham Lambert, including *In re Drexel Burnham Lambert Group*, No. 90-6954 (S.D.N.Y.) and the $1.3 billion settlement of the *In re Michael Milken & Associates Securities Litigation*, MDL 924 (S.D.N.Y.); settlements worth over $775 million in *In re Washington Public Power Supply Systems Securities Litigation*, MDL 551 (D. Ariz.); settlements including cash and securities worth over $615 million in *In re Lucent Technologies Inc. Securities Litigation*, No. 00-621 (D. N.J.); the settlement for cash and securities worth over $460 million in *In re Raytheon Securities Litigation, No. 99-12142* (D. Mass.); the $334 million settlement in *In re Rite Aid, Securities Litigation, Master File No. 99-1349* (E.D.PA); the $300 million settlement in *In re Oxford Health Plans Inc., Securities*

*Litigation, MDL No. 1222 (CLB)* (S.D.N.Y.; the $215 million settlement of *In re Sears Roebuck & Co., Securities Litigation, No. 02-7527* (N.D. Ill.); the $200 million settlement in *In re PaineWebber Limited Partnerships Litigation*, No. 94-8547 (S.D.N.Y.); the settlement for cash and securities worth over $137.5 million in *In re Microstrategy Inc. Securities Litigation*, No. 00-473 (E.D. Va, Alexandria Division); the settlements for securities worth over $133.5 million in *In re Computer Associates Class Action Securities Litigation*, No. 98-4839, and *In re Computer Associates 2002 Class Action Securities Litigation*, No. 02-1226 (E.D.N.Y.); and the $110 million settlement in *In re Prudential Securities Inc. Limited Partnerships Securities Litigation*, MDL 1005 (S.D.N.Y.).

Mr. Bauer was admitted as a member of the New York bar in January 1980 and is also admitted to the United States District Court for the Southern and Eastern Districts of New York. Mr. Bauer is admitted to practice before the United States Supreme Court and the United States Courts of Appeals for the Second and Fourth Circuits.

Mr. Bauer is a member of the Firm's Library Committee. He is also a member of the American Bar Association, the New York State Bar Association, the American Association for Justice, and the New York County Lawyers Association.

Mr. Bauer is a member of the Board of the Association for the Help of Retarded Citizens, Inc., a non-profit IRS 501(c)(3) qualified charitable organization, dedicated to the optimization of the prospectus for persons with developmental challenges.

**BARRY A. WEPRIN** graduated from Harvard College in 1974. He received a J.D. degree from the New York University School of Law in 1978, and a master of public affairs from the Woodrow Wilson School of Princeton University in 1978. While in law school, Mr. Weprin was notes and comments editor of *New York University Law Review*.

Since joining Milberg in 1989, Mr. Weprin has specialized in securities and insurance litigation. He has served as co-lead counsel in a number of complex securities class action litigations, including *In re AremisSoft Securities Litigation* (D.N.J.), *In re All Star Inns Securities Litigation* (S.D.N.Y.), *In re York Research Securities Litigation* (S.D.N.Y.), and

*Bharucha v. Reuters, PLC* (E.D.N.Y.). He was one of the principal attorneys in the sales practice litigations against The New York Life Insurance Company, The New England Life Insurance Service Company, The John Hancock Mutual Life Insurance Company, and The Prudential Life Insurance Company.

Previously, Mr. Weprin served as law clerk to the Honorable Charles P. Sifton of the United States District Court for the Eastern District of New York. Prior to joining Milberg, he was associated with the law firm of Wachtell Lipton Rosen & Katz, where he specialized in commercial and securities litigation. From 1985 to 1989 he served as general counsel to the New York State Housing Finance Agency and the New York State Medical Care Facilities Finance Agency, two agencies that issue tax exempt bonds for financing nonprofit medical facilities and qualified housing projects.

In approving the settlement in the *Allstar Inns* case, Judge Peter Leisure stated:

We have a situation here which is a classic example of the benefits to be derived through the class action vehicle, to have the high quality representation of the class. The reputation of counsel . . . Barry Weprin of Milberg Weiss, precedes them to this court and I'm familiar in other matters with the case in which these lawyers work.

The class was indeed fortunate to have lawyers of this caliber on this matter and the court is satisfied that the class was well-represented and had the benefits of the quality of representation that would not have otherwise been available if the class action vehicle had not been used.

Mr. Weprin is a frequent lecturer on complex litigation issues.

Mr. Weprin is a member of the American Bar Association, the Association of the Bar of the City of New York, the New York County Lawyers Association, and the New York State Bar Association. Mr. Weprin is admitted to practice in New York, the United States District Court for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

**RICHARD H. WEISS** received an A.B. degree *summa cum laude* from Princeton University in 1979. In 1980, he received an M.Phil. degree in international relations from Cambridge University,

England. He graduated from Yale Law School in 1983.

Richard Weiss has been at Milberg since 1990, and has been a partner of the Firm since 1993. His practice focuses primarily on class actions on behalf of defrauded investors, as well as other complex civil litigation. Mr. Weiss currently is one of plaintiffs' lead counsel in *Makor Issues & Rights, Ltd. v. Tellabs, Inc.* (N.D. Ill.), in which the United States Supreme Court set the pleading standard for all federal securities fraud cases. Mr. Weiss is also one of the attorneys leading the prosecution of the Merck/Vioxx securities litigation.

Mr. Weiss is admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit and various other federal appellate courts, and the United States Supreme Court. Mr. Weiss is a member of the Firm's Diversity Committee.

**BRAD N. FRIEDMAN** specializes in various complex commercial matters, including securities, bankruptcy, consumer, and life insurance class actions. Mr. Friedman began his legal career as a clerk to the Honorable Max Rosenn, United States Court of Appeals for the Third Circuit. Mr. Friedman has recovered billions of dollars on behalf of injured plaintiffs, including as lead counsel in numerous "vanishing premium" and "churning" life insurance sales practice class actions (including cases against Prudential and Metropolitan Life). In 2002, Mr. Friedman acted as lead counsel on behalf of various asbestos committees in the W.R. Grace bankruptcy and successfully recovered approximately $1 billion through a fraudulent conveyance litigation that settled on the eve of trial. In Xerox he recovered $750 million for shareholders. Mr. Friedman is currently representing numerous individuals and organizations victimized by the Bernard Madoff ponzi scheme.

Mr. Friedman is a member of the Firm's Executive Committee. He is also a member of the Federal Bar Council, the American Bar Association, the American Trial Lawyer Association, the New York State Bar Association and the New York City Bar Association.

**JOSHUA H. VINIK** graduated with honors from the State University of New York at Oneonta in 1983, where he majored in economics. After graduating *cum laude* from Brooklyn Law School, Mr. Vinik clerked for Magistrate (now Judge) Carol B. Amon of the United States District Court for the Eastern District of New York.

Mr. Vinik's practice focuses primarily on class actions on behalf of defrauded investors, as well as complex commercial litigation, including accountants' liability actions and derivative actions. Mr. Vinik's extensive litigation efforts on behalf of aggrieved investors include many actions which have led to significant recoveries for investors, including *In re Baan Securities Litigation* (D.D.C.); *Lasky v. Brown (United Companies Financial Securities Litigation)* (M.D. La.), *Kaufman v. Motorola, Inc.* (N.D. Ill.), and *In re Salomon Inc. Shareholders Derivative Litigation* (S.D.N.Y.).

Mr. Vinik is a member of the American Bar Association, The New York State Bar Association and the Association of the Bar of the City of New York. Mr. Vinik is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York and the United States Courts of Appeals for the Second, Third, and Fifth Circuits.

**JEFF S. WESTERMAN** received his B.A. degree from Northwestern University in 1977, where he was selected to be a member of two senior honorary societies. He received his J.D. degree from the University of Pittsburgh in 1980, where he was a member of the Law Review.

Mr. Westerman's practice is primarily in the areas of securities fraud class actions, shareholder derivative actions, and corporate mergers and acquisition litigation. He has served as lead or co-lead counsel in cases resulting in significant corporate governance changes, and resulting in plaintiff recoveries and recognized increased value to plaintiffs totaling more than $800 million. In 2005, *The Daily Journal* recognized him as one of the top 30 securities litigators in California.

Mr. Westerman has also been the moderator or speaker for programs on complex litigation, developments in class action practice, settlements, the Sarbanes-Oxley Corporate Responsibility Act, shareholder derivative actions and trends in business litigation.

Mr. Westerman was a member (2001-2003) and Co-Chair (2002-2003) of the Central District of California Attorney Delegation to the United States Ninth Circuit Judicial Conference. He serves on the Central District of California, U.S. Magistrate Judge Merit Selection Panel (2003-present) and the standing committee on Attorney Discipline (2004-present). He is also a member of the Central District of California Attorney Settlement Officer Panel (1998-present).

Mr. Westerman was the president of the Association of Business Trial Lawyers (2004-2005); a member of the Board of Governors (1997-2005), Treasurer (2001-2002), Secretary (2002-2003) and Vice President (2003-2004). He is also on the Board of Governors of the Consumer Attorneys Association of Los Angeles (2003-present).

Mr. Westerman is a member of the Los Angeles County Bar Executive Committee for the Litigation Section and the Board of the Los Angeles Chapter of the Federal Bar Association. He is also Chair of the LA County Bar Complex Courts Bench-Bar Committee, and a member of the Bench-Bar Civil Courts Committee; and served as Judge Pro Tem in the Los Angeles Small Claims Court in 1987-1988, 1990, 1992-1993 and 1996-1997. He is a member of the Los Angeles County and Federal Bar Associations. He was on the California State Bar Task Force on Complex Litigation, and Chair of the Judicial Education Subcommittee (1997). In 2007, he was named one of Lawdragon's 3000 Leading Plaintiffs' Lawyers In America.

Mr. Westerman is admitted to practice in the courts of the State of California, as well as the United States District Courts in California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

**JANINE L. POLLACK** graduated from Rutgers University in 1986, with high honors, with a B.A. She majored in English and French and was a member of Phi Beta Kappa. In 1989, Ms. Pollack earned her J.D. from the University of Pennsylvania School of Law, where she was a member of the International Journal of Business Law.

Since joining Milberg in 1991, Ms. Pollack has prosecuted numerous class actions, including securities, consumer fraud, sex discrimination, and annuities cases. She is a member of the Firm's Hiring Committee; runs the Firm's CLE program; and is in charge of, and a mentor in, the Firm's Mentor program. Ms. Pollack has spoken at numerous conferences and CLE programs, including Mealey's and the Firm's in-house CLE program.

Ms. Pollack is co-chair of the Committee on Cy Pres for the Justice Center, the pro bono affiliate of the Association of the Bar of the City of New York. In addition, she is co-chair of the Women's Initiative for the National Association of Shareholder and Consumer Attorneys.

Ms. Pollack is admitted to bars of the States of New York and New Jersey. She is admitted to practice before the United States District Courts for the District of New Jersey and the Southern and Eastern Districts of New York.

**KIRK E. CHAPMAN** graduated *cum laude* from Harvard University in 1985 with a B.A. degree in biochemistry. He received his J.D. in 1989 from the University of Chicago where he was a member of the *Legal Forum* publication. Mr. Chapman's major practice areas are securities fraud class actions and employment discrimination matters.

Mr. Chapman is admitted to practice in the Courts of the State of New York as well as the United States District Courts for the Southern and Eastern Districts of New York.

**ARIANA J. TADLER** has been a partner at Milberg LLP since January 2001 and is an elected member of the Firm's Executive Committee. She has extensive experience litigating complex securities class actions, including high profile, fast-paced cases. She is also widely recognized as a specialist in electronic discovery.

Ms. Tadler's accomplishments include litigation of three cases in the Eastern District of Virginia (a/k/a the "Rocket Docket") in less than four years, including in *In re MicroStrategy Securities Litigation*, in which plaintiffs' counsel negotiated settlements valued at more than $150 million. Ms. Tadler is one of the court appointed plaintiffs' liaison counsel in the *Initial Public Offering Securities Litigation*, in which the court approved a $586 million cash settlement in October 2009 (appeal pending). Among the thousands of defendants in this coordinated action are 55 prominent investment banks and more than 300 corporate issuers.

Ms. Tadler is co-chair of the Steering Committee for The Sedona Conference© Working Group I on Electronic Document Retention and Production, the leading "think tank" on e-discovery. She also serves on the Advisory Board of Georgetown University Law Center's Advanced E-Discovery Institute.

Ms. Tadler maintains an "AV" for her legal ability, the highest rating available in Martindale-Hubbell's peer review rating system. Recognized in the past by Lawdragon, Ms. Tadler has been selected as one of the 2010 Lawdragon 500 Leading Lawyers in America.

Ms. Tadler regularly chairs or lectures at national and international conferences. Ms. Tadler's notable speaking engagements include: Duke University School of Law: 2010 Advisory Committee Conference on Civil Rules (May 2010); State Bar of Texas E-Discovery and Digital Evidence Institute (May 2010); The Sedona Conference - 12th Annual Conference on Complex Litigation (April 2010); Georgetown University Law Center - 2010 E-Discovery Training Academy (March 2010); Italy: IV Seminario Ul Diritto Dei Consumi (*Seminar on Consumer Law* - "Class Actions in the United States") (March 2010); The Sedona Conference - Training Program on eDiscovery Dispute Resolution for Special Masters & Mediators (January 2010); Georgetown University Law Center - Federal Judges E-Discovery Training Program (September 2009); Federal Bar Council - 2009 Winter Bar & Bench Conference (February 2009).

Ms. Tadler chairs the Firm's E-Discovery Committee, co-chairs the Firm's Outreach Committee and is a member of the Hiring, Diversity, Technology, and Women's Committees. She is a member of the American Bar Association, the American Association for Justice, the New York State Bar Association, the New York County Lawyers Association, the Federal Bar Council, the New York Women's Bar Association, and The New York Inn of Court. Ms. Tadler is a provisional member of the Academy of Court-Appointed Masters.

Ms. Tadler is also involved in various charity and community organizations. She currently serves on the Executive Committee of MFY Legal Services, Inc., a non-profit organization that seeks to provide disadvantaged New Yorkers equal access to the judicial system through community-based representation.

Ms. Tadler graduated from Hamilton College in 1989. In 1992, she received her J.D. from Fordham University School of Law, where she was the Articles and Commentary Editor of the Fordham Urban Law Journal, a member of the Moot Court Board, and the 1990 recipient of the American Jurisprudence Award in Criminal Law.

**LORI G. FELDMAN** is a daughter of retired public employees and understands the importance of protecting the investments of employees, as well as the general public, against corporate fraud and breaches of fiduciary duty.

In addition to lecturing on class action practice, Ms. Feldman has served as co-chair of the Continuing Legal Education Committee of the Federal Bar Association for the Western District of Washington. She was also named a "Rising Star of Washington Law" by practitioners in Seattle. Recently, Ms. Feldman has participated as panel faculty in national continuing legal education programs on ERISA and securities fraud class actions arising from the subprime and liquidity crisis.

Ms. Feldman's representative recoveries exceed well over $100 million. Recently, she recovered millions of dollars for class members in litigation against General Electric Co. (N.D.N.Y.) and Rhythms Net Connections (D. Colo.), among others. She is currently representing shareholders in litigation involving Washington Mutual, Inc. (W.D. Wash.), and Gilead Sciences, Inc. (N.D. Cal.), cases where plaintiffs received favorable appellate court opinions on the issues of scienter (*South Ferry LP, #2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008)) and loss causation (*In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008)). She is also currently representing participants of defined contribution retirement plans in ERISA litigation involving, among others, Morgan Stanley & Co., Inc. (S.D.N.Y.), Macy's, Inc. (S.D. Ohio), Boston Scientific Corp. (D. Mass.), Fremont General Corp. (C.D. Cal.), Wellpoint, Inc. (S.D. Ind.), The Colonial Banc Group, Inc. (D. Al.), Textron, Inc. (D.R.I.), AIG (S.D.N.Y.), Lehman Brothers (S.D.N.Y.), The Hartford Financial Services Group (D. Conn.), and Constellation Energy Group (D. Md.).

Ms. Feldman graduated from Albany Law School in 1990, where she served as an Executive Editor of the *Albany Law Review*. She has interned at the Civil Division of the United States Attorney's Office in Brooklyn, New York. She is admitted to the bars of the States of Washington and New York and federal district and appellate courts throughout the country.

**BENJAMIN Y. KAUFMAN** earned his B.A. degree from Yeshiva University in 1988 and his J.D. degree from Benjamin N. Cardozo School of Law in 1988, where he was a Belkin Fellow, Belkin Scholar, and a member of the *Cardozo Arts and Entertainment Law Journal*. Mr. Kaufman also received an M.B.A. degree in finance from New York University, Leonard N. Stern School of Business, in 1999.

Mr. Kaufman focuses on class actions on behalf of defrauded investors and consumers. Mr. Kaufman's successful securities litigations include *In re Deutsche Telekom AG Securities Litig.*, No. 00-9475 (S.D.N.Y.), a complex international securities litigation requiring evidentiary discovery in both the United States and Europe, which settled for $120 million. Mr. Kaufman was also part of the team that recovered $46 million for investors in *In re Asia Pulp & Paper Securities Litigation*, No. 01-CV-7351 (S.D.N.Y.) and $43.1 million, with contributions of $20 million, $14.85 million and $8.25 million from Motorola, the individual defendants, and defendant underwriters respectively, in *Freeland v. Iridium World Commc'ns, Ltd*.

Mr. Kaufman's outstanding representative results in derivative and transactional litigations include: *In re Trump Hotels Shareholder Derivative Litigation* (Trump personally contributed some of his holdings; the company increased the number of directors on its board, and certain future transactions had to be reviewed by a special committee.)

He recently argued the appeal in *In re Comverse Technology, Inc. Derivative Litig.*, 56 AD3d 49 (2008) which led to the seminal New York Appellate Division opinion which clarified the standards of demand futility, and held that a board of directors loses the protection of the business judgment rule where there is evidence of self-dealing and poor judgment by the directors; and *In re Topps Company, Inc. Shareholder Litig.* which resulted in a 2007 decision which vindicated the rights of shareholders under the rules of comity and doctrine of forum non conveniens and to pursue claims in the most relevant forum notwithstanding the fact that jurisdiction might exist as well in the state of incorporation. Mr. Kaufman has also lectured and taught in the subjects of corporate governance and derivative litigation.

Mr. Kaufman is also at the forefront of consumer litigations with a recently-filed litigation brought on behalf of paid e-mail subscribers against web hosting and e-mail service providers in *Golf Clubs Away LLC v. Hostway Corporation, et al.*, Case No. 09-29596 (Fl. Cir. Ct., Broward County).

In addition, Mr. Kaufman represents many of the firm's corporate clients in complex commercial litigation matters and arbitrations, including *Puckett v. Sony Music Entertainment*, No. 108802/98 (New York Cty. 2002) (a complex copyright royalty class action) and an arbitrations on behalf of oppressed minority shareholders in both public and privately held corporations. Prior to joining Milberg in August of 1998, Mr. Kaufman was a Court Attorney for the New York State Supreme Court, New York County (1988-1990) and Principal Law Clerk to Justice Herman Cahn of the Commercial Division of the New York State Supreme Court, New York County (1990-1998).

**CLIFFORD S. GOODSTEIN** earned his A.B. degree from Harvard University in 1988 and his J.D. degree from New York University School of Law in 1993. After graduation, he served as a law clerk to the Honorable Alex T. Howard, Jr., Chief Judge of the United States District Court for the Southern District of Alabama, and then as an associate at Reboul, MacMurray, Hewitt, Maynard & Kristol, and Baker & Botts, prior to joining Milberg in January of 1998.

Mr. Goodstein practices in the areas of consumer fraud, securities, antitrust, and health care litigation. Mr. Goodstein is a member of the bars of New York and New Jersey.

**PETER SAFIRSTEIN** graduated from George Washington University in 1978 with a B.A. degree. He received an M.A. degree in government (concentration in international relations) from Georgetown University in 1980. In 1985, he earned his J.D. degree from Brooklyn Law School, where he was a member of the *Brooklyn Law Review* and

the Moot Court Honors Society. Prior to joining Milberg, Mr. Safirstein was in private practice. In addition, Mr. Safirstein served as a staff attorney in the Enforcement Division for the U.S. Securities and Exchange Commission from 1985-1990. In 1988-89, Mr. Safirstein was designated as a special assistant United States attorney in the Southern District of New York, where he was part of the trial team which prosecuted *United States v. Regan*, (the "Princeton/Newport" case) and *United States v. Lisa Jones*. Mr. Safirstein later served as an assistant United States attorney in the Southern District of Florida.

Mr. Safirstein is a member of the American Bar Association and the Association of the Bar of the City of New York. Mr. Safirstein is a member of the bars of the States of New York and New Jersey and is also admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Second and Third Circuits, the District Court of the Southern and Eastern Districts of New York and the District Court of New Jersey.

**PETER E. SEIDMAN** earned his B.A., *cum laude*, from Hobart College in 1979, following which he served as a Peace Corps volunteer living and working among the Guarani, an indigenous tribe in Paraguay. He earned an M.A. degree in journalism in 1982 from the University of Michigan and subsequently worked as a journalist for a variety of publications. In 1994, he earned a J.D. degree, *cum laude*, from the University of Michigan Law School.

Mr. Seidman joined Milberg in 2000. His practice involves the investigation and prosecution of securities litigation on behalf of defrauded investors. Before joining Milberg, he was an associate with the New York law firm of Orans, Elsen & Lupert LLP, where he was active in both civil and white collar criminal litigation in federal and state courts.

Mr. Seidman is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Northern, Southern, and Eastern Districts of New York.

**ANITA KARTALOPOULOS** graduated with a B.A. degree from the University of Toledo, with honors in 1974, majoring in classics, and graduated from Seton Hall Law School in 1982, with an emphasis on health care law. Ms. Kartalopoulos works primarily in the areas of insurance, consumer fraud, securities, and managed care. Before joining Milberg in 1998, she was in government service in the State of New Jersey, holding several positions, including deputy commissioner of insurance for life and health, director of legal regulatory affairs for the Department of Health and Senior Services, and executive director of the New Jersey Real Estate Commission.

As deputy commissioner of insurance she managed the New Jersey Insurance Department's Multi-State Task Force investigating the sales practices of the Prudential Insurance Company. She also served on the Board of Directors of MBL Insurance Company as a rehabilitator and managed litigation pursuant to the company's rehabilitation.

Thereafter as director of legal and regulatory affairs for the Department of Health and Senior Services, Ms. Kartalopoulos was responsible for litigation management, the development of all regulations implementing the New Jersey Healthcare statutes, the development and implementation of a streamlined Certificate of Need (CN) law, and the development of stringent prompt payment regulations to ensure that HMO's meet contractual obligations to physicians and ensure the stability of the health care network for the benefit of consumers.

As executive director of the New Jersey State Real Estate Commission, Ms. Kartalopoulos was responsible for implementing consumer disclosure/protection regulations which had been long opposed by the New Jersey real estate industry. She was also responsible for all disciplinary investigations and hearings against realtors, the inspection and registration of out of state land sales marketed in the State of New Jersey, continuing licensing of 84,000 realtors and brokers and the on-going development of real estate regulations. Ms. Kartalopoulos also worked with New Jersey Attorney General Deborah Poritz in the development of Megan's Law.

Prior to government service, Ms. Kartalopoulos specialized in local government law and land use, representing a number of municipal governments, planning boards, and boards of adjustment. She was responsible for litigation before both state and federal courts, and negotiated significant settlements with the New Jersey Council on

Affordable Housing (COAH) for the benefit of low income residents of the State.

Ms. Kartalopoulos has co-authored the following publications on the subject of securities and shareholder litigation: *Deterring Executive Compensation Excesses: Regulatory Weaknesses, Litigation Strengths* (03/05) and *Vintage Wine In New Bottles: The Curious Evolution of the Concept of Loss Causation* (11/05).

Ms. Kartalopoulos has been a speaker at numerous conferences including The Institutional Investor European Pensions Symposium, The Canadian Hedge Funds Investment Roundtable, The New York Hedge Funds Roundtable, and the AEDBF (Association Europeene de Droit Bancaire et Financier) and speaks regarding the complex legal environment that international and domestic institutional investors face when addressing losses due to securities fraud as well as their proactive and reactive alternatives.

Ms. Kartalopoulos co-chairs the Firm's Outreach and Client Development Committees, and is a member of Milberg's Diversity Committee and Case Development Department.

Ms. Kartalopoulos is admitted to the bar of the State of New Jersey. She is also admitted to appear in the United States District Court for the District of New Jersey and the U.S. Courts of Appeals for the Federal Circuit and the Third Circuit.

**CHRISTOPHER S. POLASZEK** earned his B.S. degree from Florida State University in 1992, *cum laude*, his M.B.A. degree from Florida State University in 1997, his J.D. degree from Florida State University in 1997, *cum laude*, and his LL.M. degree in Securities Regulation from Georgetown University in 2000.

Mr. Polaszek currently specializes in securities fraud litigation. Working together with his colleagues, he has achieved significant success on behalf of shareholders of publicly traded corporations, which has resulted in the recovery of millions of dollars for plaintiffs. Mr. Polaszek also regularly meets with institutional investors, including trustees of public and private pension funds, regarding their legal rights.

Prior to joining Milberg, Mr. Polaszek spent several years practicing commercial litigation with an emphasis on securities litigation and arbitration. In this regard, in addition to litigating matters in state and federal courts, he has represented numerous clients in securities arbitration proceedings conducted by the National Association of Securities Dealers, Inc., the New York Stock Exchange, and the American Arbitration Association.

Mr. Polaszek's undergraduate educational background is in finance and accounting. While pursuing his JD/MBA degrees, Mr. Polaszek was awarded a coveted scholarship and internship with the Florida Senate. Then, while completing his LL.M. in Securities Regulation at Georgetown, Mr. Polaszek interned with United States Senator Bob Graham.

Mr. Polaszek is frequently invited to teach continuing legal education courses on a number of topics in the context of complex commercial litigation. In this regard, he has given CLE presentations and lectures on securities fraud class actions; drafting amended complaints in securities fraud class actions; the Sarbanes-Oxley Act; exposures and litigation issues facing participants in the subprime lending market; institutional investor responsibility and advocacy; fraud detection and prevention; and fiduciary responsibilities and obligations of public pension fund trustees. Additionally, Mr. Polaszek has devoted a significant amount of time to local charitable, civic, and community organizations and programs such as Tampa Connection, Junior Achievement, A Gift for Teaching, Bayshore Little League, Children's Dream Fund, SJE Dads' Club, and the FBI Citizens' Academy.

Mr. Polaszek is or has been a member of the Federal Bar Association, Tampa Bay Inn of Court, American Bar Association, Association of Trial Lawyers of America, and the Public Investors Arbitration Bar Association.

**MATTHEW GLUCK** was a litigation partner for over 30 years at Fried, Frank, Harris, Shriver & Jacobson LLP prior to joining Milberg. He frequently represented U.S. and foreign businesses and individuals in major litigation and other complex matters. He has also assisted clients in both formal bankruptcies and out-of-court restructurings of financially troubled companies.

Mr. Gluck twice served as adviser to the court in the restructuring of the Manville Trust in *In re Johns-Manville Corp.*, No. 85-8922 (S.D.N.Y.) and

was the legal representative for future claimants in the Chapter 11 filing of Keene Corporation in *In re Keene Corp.*, No. 93-46090 (Bankr. S.D.N.Y.). He also serves as a local judge in Muttontown, New York. He was one of the lead attorneys for the plaintiffs in the trial against Vivendi which resulted in what may be the largest jury verdict for plaintiffs in a securities class action. He conducted the examination of Vivendi's former CEO, CFO, and their accounting expert.

**NEIL R. FRASER** graduated from the University of Massachusetts, Amherst in 1989 with a B.A. degree in political science. In 1992, he received his J.D. degree from Whittier Law School. While in law school, Mr. Fraser externed for the Hon. Vincent P. Zurzolo, United States Bankruptcy Judge for the Central District of California.

Mr. Fraser focuses his practice in the areas of securities, mass torts, and employment discrimination. He represented the plaintiffs in the recently settled class action alleging employment discrimination at the Jacob K. Javits Convention Center, *Cokely v. NYCCOC* (S.D.N.Y.). In addition, Mr. Fraser is a key part of the team representing more than 330 individuals relating to injuries they sustained by their ingestion of the diet drug combination known as *Fen-Phen* in *In re Diet Drug Litigation Venued in Bergen County*. In securities, he worked on the successfully resolved *In re Racing Champions Securities Litigation* (N.D. Ill.) and is currently a member of the team handling the landmark *In re IPO Securities Litigation*, alleging various forms of market manipulation.

Mr. Fraser is admitted to practice in New York, New Jersey, and the United States District Courts for the Southern District of New York, the Eastern District of New York, and the District of New Jersey.

**SABRINA KIM** graduated from the University of California, Los Angeles, in 1992, Phi Beta Kappa, *magna cum laude*, with a B.A. degree in Sociology. She received her J.D. degree from the University of California, Hastings College of Law in 1996.

Ms. Kim has extensive public and private sector experience in various areas of complex commercial litigation, including securities, corporate fiduciary, and consumer cases.

Ms. Kim came to Milberg from the California Department of Justice, where she was a deputy attorney general in the Consumer Law Section for several years. During that time, Ms. Kim served as lead prosecutor in complex state and federal fraud cases, including those against predatory lenders, insurance companies, annuity mills, and other corporate defendants who engaged in large financial fraud schemes.

At Milberg, Ms. Kim has litigated numerous securities fraud and other class actions resulting in substantial recoveries for investors and consumers. Ms. Kim is also one of the principal attorneys responsible for two major California Supreme Court cases involving consumer rights and class action procedure: *Pioneer Electronics (USA) v. Superior Court (Olmstead)*, 40 Cal.4th 360 (Cal. 2007); *Branick v. Downey Savings & Loan Assn*, 39 Cal.4th 235 (Cal. 2006).

Ms. Kim has served as a speaker for programs on class action procedure, tactics and strategies in consumer class actions, substantive changes in unfair and deceptive practices statutes, and trends in complex business litigation. Her speaking engagements include: Consumer Attorneys Association of Los Angeles (CAALA) Convention, *Unfair Business Practices Act, What Is Left?* (September 2007); American Bar Association (ABA) Litigation Section Annual Conference, *Tactics and Strategies for Consumer Cases After Proposition 64 and Class Action Fairness Act* (April 2006); LexisNexis Mealey's Section 17200 Conference, *What is the Future of 17200 Claims in Light of Proposition 64?* (November 2005); Los Angeles County Bar Association (LACBA) 25th Annual Labor and Employment Law Symposium, *Minding Your Own Business (And Professions Code §17200) After Proposition 64* (February 2005).

As an adjunct professor at Loyola Law School, Ms. Kim developed and taught a consumer law course which explored federal and state laws that attempt to strike a balance between businesses' need to effectively market goods and services and consumers' right to accurate information and full disclosure. The course emphasized California's unfair competition and false advertising laws and the Consumer Legal Remedies Act.

Ms. Kim is a board member of the Association of Business Trial Lawyers (ABTL) and a member of the Consumer Attorneys of California (CAOC).

Ms. Kim was named a Southern California Super Lawyer Rising Star in securities litigation by Los Angeles Magazine from 2006 through 2009.

Ms. Kim is admitted to practice in the courts of the State of California, as well as the United States District Court for the Central, Eastern, and Northern Districts of California, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

**ROSS B. BROOKS** earned his B.A. degree from Cornell University in 1992, *cum laude*, and his J.D. degree from the University of Chicago Law School in 1997.

Mr. Brooks focuses his practice on representation of whistleblowers, public and private payors, and injured consumers in litigation involving healthcare fraud and abuse, including False Claims Act, mass torts, class action, and other complex litigation.

Mr. Brooks has led the investigation, litigation, and/or settlement of several of the Firm's Medicare and Medicaid fraud False Claims Act cases. Mr. Brooks served as the Firm's lead attorney in its representation of a union welfare and benefit fund named as part of a class of third-party payors of healthcare costs against Merck & Co. and Schering-Plough Corp. in *In Re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litig.*, MDL No. 1938, No. 08-0285 (D.N.J.). The litigation resulted in a settlement of $41.5 million to resolve all claims involving the defendants' co-marketed drugs Vytorin and Zetia. Mr. Brooks is counsel to Nassau County in New York State in *In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456, No. 01-12257 (D. Mass.)

Mr. Brooks is a member of the New York State Bar Association, the New York City Bar Association, Taxpayers Against Fraud, the American Health Lawyers Association, the American Association for Justice, and the Health Law Committee of the New York City Bar Association. Mr. Brooks is also a member of the Firm's Diversity Committee.

Mr. Brooks is admitted to practice in the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York.

**PAUL J. ANDREJKOVICS** graduated from Union College in 1992, Phi Beta Kappa, *magna cum laude*, with a B.A. degree in political science. In 1995, Mr. Andrejkovics received his J.D. degree from Albany Law School.

Mr. Andrejkovics' practice concentrates on class action settlements and settlement administration. He was admitted as a member of the New York bar in 1996 and is admitted to practice before the United States District Court for the Northern, Southern, and Eastern Districts of New York.

**KENT A. BRONSON** received a B.A. from State University of New York at Binghamton in 1994. He graduated *cum laude* from University of Pittsburgh School of Law in 1998. During law school, Mr. Bronson was a research editor on the Law Review and a recipient of the Dean's Scholarship.

Mr. Bronson is currently involved in litigating numerous complex class action cases in various state and federal courts, including, among others, *In Re Biovail Corp. Securities Litigation* (in which Milberg LLP served as co-lead counsel on behalf of the Local 282 Welfare Trust Fund, and which was settled for $138 million and certain corporate governance modifications), *In Re Citigroup Pension Plan ERISA Litigation*, *In Re American Express Securities Litigation*, and *In Re Topps Company, Inc. Shareholder Litigation*.

Mr. Bronson is admitted to practice in New York State courts, the United States District Courts for the Southern, Eastern and Northern Districts of New York, and the United States Courts of Appeals for the Second and Tenth Circuits.

**LEIGH SMITH** focuses her practice primarily on class actions on behalf of defrauded investors. She also has significant experience with complex commercial litigation. Her involvement in the *In re Tyco Int'l Ltd. Securities Litigation*, No. 02-1335, helped recover an aggregate settlement of $3.2 billion.

While at Rutgers University, Ms. Smith majored in French and was elected to Phi Beta Kappa and Phi Sigma Iota. As a graduate student, she studied French literature and film and spent a year in France working as an assistant English teacher. Ms. Smith taught French at Rutgers and at the University of Iowa prior to law school. During

law school, Ms. Smith served as the Acquisitions Editor for the *Cornell Journal of Law and Public Policy* and was a member of the Cornell Moot Court Board. She was a finalist in the Cuccia Cup Moot Court Competition and received a CALI Award for Outstanding Achievement for her work in Cornell's Legal Aid Clinic. She also was active in a number of student organizations.

Prior to joining Milberg, Ms. Smith worked at large law firms in New York and New Jersey. She is admitted in the United States District Courts for the Southern District of New York, the Eastern District of New York, the District of New Jersey, and the District of Massachusetts.

**ARVIND B. KHURANA** received his B.A. from State University of New York at Albany in 1993, and a J.D. from St. John's University School of Law in 1999, *Dean's List Graduate*. While in law school, Mr. Khurana was on the Dean's List from 1995-1999 and a member of the *American Bankruptcy Institute Law Review*.

Mr. Khurana focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation. Prior to joining Milberg in August 2005, Mr. Khurana worked as an associate with a major international law firm in New York, concentrating in the area of complex commercial litigation.

Mr. Khurana is a member of the Federal Bar Council and admitted to practice in the state and federal courts of New York. He is also a member of the Firm's Diversity Committee.

**JONATHAN M. LANDERS**, a nationally recognized authority in bankruptcy and insolvency law, is resident in Milberg's New York office and heads the Firm's bankruptcy practice.

Mr. Landers has extensive experience in bankruptcy, insolvency, restructuring, financing transactions, purchase/sale of assets and bankruptcy and insolvency litigation matters, representing debtors, lenders and lending syndicates, large creditors, litigation defendants and asset sellers and purchasers. He is one of only sixty-five members of the prestigious National Bankruptcy Conference, a member of the American College of Bankruptcy (founding class), and has been recognized repeatedly in *The Guide to the World's Leading Insolvency Lawyers* and *The Best Lawyers in America* — most recently in the 2009 edition, and

New York Superlawyers. Mr. Landers was listed in *The Legal 500 US*, 2008 edition as a leading corporate restructuring attorney.

Before joining Milberg LLP, Mr. Landers served as lead counsel for numerous clients, including: debtors The Finova Group, Inc., Hoop (Disney Stores), Odyssey Group (North Face and Head Sportswear), Divi Hotels and S.S. Retail Stores; secured lenders in the cases of Insilco and Concap I, II, IV, and V (involving real estate loans aggregating $500+MM); and represented Merrill Lynch in the Enron and Adelphia bankruptcies; Wells Fargo Bank in the Placid and Penrod bankruptcies; and Dial Corporation in the Greyhound and Bergner bankruptcies; asset purchasers in the U.S. Aggregates, Greate Bay Casinos, Liquor Barn, Sonic Telecommunications, Grand Palais Riverboat and Rivermeadows (Crescent H Ranch) bankruptcies; and was lead counsel for lending groups (including Wells Fargo Bank, Bracton Corporation, successor to Crocker National Bank, and Bank of Montreal) in numerous workout and restructuring transactions; and represented Citibank in connection with the liquidation and bankruptcy of a number of major U.S. law firms, most recently, Heller Ehrman, Thelen, Thacher, and Brobeck.

Mr. Landers graduated from Colgate University (where he was elected to Phi Beta Kappa), and *magna cum laude* from the Harvard Law School (where he was an Editor of the *Harvard Law Review*). Mr. Landers previously was a partner in Gibson, Dunn and Crutcher and has been a Professor of Law at the Universities of Kansas and Illinois, a Visiting Professor of Law at the University of Chicago, a Visiting Scholar at the American Bar Foundation, a Visiting Professor at the University of California Law School (Boalt Hall), and the Distinguished Visiting Professor at the University of San Francisco Law School.

Mr. Landers is the co-author of three books on bankruptcy/creditors' rights and civil procedure, and the author of more than 25 published articles on bankruptcy, creditors' rights and other areas, has testified a number of times before congressional committees, and is a frequent speaker before bar associations and continuing legal education institutes. He is a Contributing Editor of Norton on Bankruptcy, and a member of the Board of Editors of the Norton Bankruptcy Law Advisor.

**KRISTI STAHNKE MCGREGOR** received her B.A. degree in political science, Phi Beta Kappa, from the University of Florida in 1995. She spent two years, 1993-94 and 1995-96, studying political science and economics at the Rheinische Friedrich-Wilhelms-Universitaet Bonn in Bonn, Germany. In 1999, Ms. McGregor received her J.D. degree from Emory University School of Law, where she was the Research Editor of the *Emory International Law Review* and student law clerk to Justice Norman Fletcher of the Georgia Supreme Court.

After graduating from law school, Ms. McGregor was a recipient of the German Chancellor Fellowship through the Alexander Von Humboldt Foundation, which allowed her to attend the Westfaelische Wilhelms-Universitaet Muenster in Muenster, Germany and receive her LL.M. degree *magna cum laude* in German civil law in 2001.

Prior to joining Milberg in 2002, Ms. McGregor practiced in the international section of a large Atlanta law firm. She focuses her practice primarily on class actions on behalf of defrauded investors, as well as complex commercial litigation. She has particular experience in international litigation, primarily involving European companies. She is fluent in German. Ms. McGregor was admitted to the Georgia bar in 1999, the New York bar in 2003, and the Florida bar in 2004.

**ANDREI RADO** focuses his practice on securities, shareholder, and consumer class actions. Mr. Rado's practice places particular emphasis on investigating, together with the Firm's team of investigators and forensic accountants, potential actions for institutional and individual investors injured by corporate wrongdoing.

Mr. Rado's securities practice has included numerous complex litigations nationwide, including *Initial Public Offering Securities Litigation*, which alleges, in hundreds of consolidated cases pending in the Southern District of New York, that investment banks manipulated the initial public offerings of hundreds of companies, and mutual fund timing cases alleging that mutual fund managers allowed select investors to profit by improperly timing their trading in fund shares.

Mr. Rado has also litigated consumer class actions, including a case against jewelry company Zales for improperly denying credit-insurance claims made by unemployed and retired consumers, and a class action against computer maker Gateway for improperly understating in advertising the costs of internet access to consumers, some of whom incurred internet-access fees of hundreds of dollars.

Prior to joining Milberg, Mr. Rado worked as an attorney at a New York City-based investment bank focusing on compliance, with rules and regulations relating to resales of control and restricted securities under the Securities Act of 1933. Mr. Rado also worked at another prominent New York City law firm specializing in plaintiffs' securities class action litigation.

Mr. Rado received his Juris Doctor degree from St. John's University School of Law, cum laude, in 1999, and is admitted to practice in the courts of the State of New York, as well as the United States District Court for the Southern District of New York. Mr. Rado was born in Bucharest Romania.

**ANNA DOVER** received a B.A. degree from Wesleyan University in 1995, and a J.D. degree from the University of California at Davis School of Law in 2001. While in law school, Ms. Dover was a member of the *UC Davis Law Review*.

Ms. Dover focuses her practice on class actions on behalf of defrauded investors and consumers. She currently represents shareholders in actions against various mutual fund families in which Milberg has been appointed lead counsel, including *In re American Mutual Funds Fee Litigation* (C.D. Cal.).

She is admitted to practice in the courts of the States of California and New York.

**CARLA FREDERICKS** graduated *magna cum laude* from the University of Colorado in 1997 and from Columbia Law School in 2001.

Ms. Fredericks focuses her practice on complex litigation. Ms. Fredericks joined Milberg in 2005. She was an integral part of the case team in the *In re Tyco International Ltd. Securities Litigation*, which settled in 2007 for a record $3.2 billion. Ms. Fredericks also represents Indian tribes and organizations in matters to recover losses from fraud and financial misconduct.

Ms. Fredericks serves as an advisor to the American Indian College Fund and is a trustee for the Mashantucket (Western) Pequot Tribe

Endowment Trust. She regularly serves as a moderator or speaker at lectures and seminars on issues pertaining to finance and Indian law. She has performed extensive pro bono and fundraising work in the social justice arena. Ms. Fredericks coordinates the Firm's "In the Community" program and is a member of the Firm's electronic discovery committee and the Firm's Diversity Committee.

Ms. Fredericks graduated from Columbia Law School in 2001. While at Columbia, she was a Public Interest Fellow, a Charles Evans Hughes Scholarship recipient, and treasurer of the Columbia Native American Law Students Association. She is a member of the New York State Bar Association, the Federal Bar Association, the National Native American Bar Association, the National Congress of American Indians, the Indigenous Peoples' Task Force of the Social Investment Forum, the Native American Finance Officers' Association, and is an enrolled member of the Three Affiliated Tribes of North Dakota.

**JEFFREY MESSINGER** received his B.A. from the State University of New York at Stony Brook in 1980, and his J.D., from Boston University School of Law in 1985. Mr. Messinger focuses his practice primarily in the following areas: mass tort litigation, employment discrimination, and False Claims Act litigation. Currently, he represents hundreds of individuals in Vioxx, Bextra, Fen Phen and Medtronic litigation. He has also obtained significant settlements on behalf of victims of employment discrimination.

**PAUL F. NOVAK** joined the Firm to lead its antitrust practice after practicing in both the public and private sectors. Mr. Novak formerly served as the Assistant Attorney General of Michigan in charge of Michigan's Special Litigation Division, which handled antitrust enforcement, securities fraud, and public utility regulation work, and as the City Attorney of Lansing. He also practiced as Senior Attorney in the Lansing office of a regional firm where his practice emphasized antitrust and public utility matters.

While at the Michigan Attorney General's office, Mr. Novak was a national leader in multistate litigation involving pricing practices in the pharmaceuticals industry. He served as lead counsel on behalf of all fifty state attorneys general in the In re Cardizem CD Antitrust Litigation, MDL No. 1278 (E.D. Mich.). He represented the State of Michigan's Medicaid program and other state purchasing entities in multiple national antitrust and drug pricing cases. He was lead counsel for the State of Michigan in a kidney dialysis monopolization case brought against a major healthcare corporation, and he also represented Michigan in antitrust trials in the computer software industry including the multistate enforcement efforts in New York et al. v. Microsoft and United States et al. v. Oracle Corporation. He has also participated in multiple reviews and negotiations of divestiture proposals in various Clayton Act merger cases.

Mr. Novak is the former Chair of the Michigan Bar Association's Antitrust, Franchising and Trade Regulation Section and is a contributing editor of the American Bar Association's Antitrust and Health Care Newsletter. He is also a member of the State Bar of Michigan United States Court Committee. He was awarded the Frank J. Kelley Excellence in Trial Advocacy Award for his work in antitrust enforcement. He has lectured on antitrust issues in the pharmaceuticals and insurance industries for the Practicing Law Institute. He served as chair of the National Association of Attorneys General Midwest Antitrust Enforcement Task Force, and as a member of the National Association of Attorneys General Airlines Industry Working Group and Prescription Drug Pricing Task Force.

**JAMES M. SHAUGHNESSY** graduated *cum laude* from Adelphi University in 1967 with a B.A. degree in political science and *cum laude* from New York University School of Law in 1969. While at N.Y.U., Mr. Shaughnessy was elected to the Order of the Coif, was the administrative director of the moot court program, and, upon graduation, received the Benjamin F. Butler Award for scholarship and outstanding service to the law school.

Mr. Shaughnessy joined the firm of Casey, Lane & Mittendorf in New York City as a litigation associate in 1969 and became a litigation partner at that firm in 1976. In 1982, Mr. Shaughnessy joined the firm of Haythe & Curley as a litigation partner, and he was the managing partner of the firm for two years. In 1987, Mr. Shaughnessy joined the firm of Windels, Marx, Davies & Ives (now known as Windels, Marx, Lane & Mittendorf, LLP) as a litigation partner. He was the chairman of the

Windels, Marx Litigation Department from 1988 through 1998, and was a member of the firm's Executive Committee from 1990 to 1992. Mr. Shaughnessy joined Milberg in 2001.

Over the course of his career, Mr. Shaughnessy has specialized in commercial, securities, insurance, aviation and bankruptcy litigation. Mr. Shaughnessy was lead defense counsel for Pan American World Airways, Inc. in *In re Air Disaster at Lockerbie, Scotland on December 21, 1988*, M.D.L. 799 (E.D.N.Y.), and tried that case on behalf of Pan Am to a jury for three months.

Mr. Shaughnessy is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York, and Federal Bar Council. Mr. Shaughnessy is admitted to practice in New York, California and New Jersey as well as before the United States Supreme Court, the United States Courts of Appeals for the Second, Fifth and Ninth Circuits, the United States District Courts for the Southern, Eastern, Northern and Western Districts of New York, the Southern District of California and the District of New Jersey, and the United States Tax Court.

**JENNIFER L. YOUNG** received a B.A. degree from University of South Carolina in 1996. She graduated *cum laude* from the University of South Carolina School of Law in 2002. During law school, Ms. Young was associate editor in chief of the *South Carolina Law Review*, as well as a member of the South Carolina Moot Court Bar.

Ms. Young specializes in securities fraud and consumer class action litigation. Most recently, she worked on cases arising from misrepresentations in the sales of annuities and violations of the Real Estate Settlement Procedures Act. She is currently a member of the team of attorneys representing victims of the Madoff fraud.

Ms. Young is a member of The Sedona Conference Working Group on Electronic Document Retention and Production, and she is an active member of the New York Inn of Court.

She is admitted to practice in the courts of the States of South Carolina and New York.

**AZRA Z. MEHDI** is a partner in Milberg's Los Angeles office. Ms. Mehdi's practice focuses on securities, consumer, and antitrust litigation. She represents both institutional and individual

investors – in the United States and internationally – in recovering losses resulting from corporate fraud in the U.S. securities markets.

Prior to joining Milberg, Ms. Mehdi was a partner with Coughlin Stoia Geller Rudman Robbins, LLP, where she was the lead litigator on a number of noteworthy recent cases including *Jaffe v. Household International, Inc.*, No. 02-05893 (N.D. Ill.). Ms. Mehdi led the pre-trial phase of the *Jaffe* case, designing the litigation and discovery strategy, and overseeing all motion practice, fact discovery, and expert discovery. In May 2009, a Chicago jury returned a verdict for the plaintiff class against the corporation and the individual executives. Although post-trial proceedings are pending, the investor class could recover between $1 and $3 billion in damages.

Ms. Mehdi also led the consumer action against Bank of America and MBNA Corporation (*Nobles v. MBNA Corp.*, No. 06-03723 (N.D. Cal)) arising from allegations of false representations in defendants' "live check" loan solicitations (i.e., access checks, convenience checks or balance transfer checks). The case resulted in a recovery of over 80% of the compensatory damages and required a change in Bank of America's business practices to provide additional disclosures relating to such solicitations.

Ms. Mehdi was part of a team of lawyers in the WorldCom actions (*In re WorldCom Sec. Litig.*, No. 03-8269 (S.D.N.Y.)), brought on behalf of institutional investors who opted out of the class action case and sued WorldCom's bankers, officers, directors, and auditors for losses related to WorldCom bond offerings. Ms. Mehdi was responsible for motion practice, discovery, and settlement processes for a number of California-based City and County pensions plans, and certain unions and entertainment funds. These actions resulted in a recovery of over $650 million for the institutions.

Ms. Mehdi's antitrust experience includes the following cases: I*n re NASDAQ Market-makers Antitrust litigation*, MDL No. 1023 (S.D.N.Y.) (recovery of over $1 billion); *In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-5238 (E..D.N.Y.) (recovery of over $ 3 billion); *In re Motorsports Merchandise Antitrust Litigation*, No. 97-2314 (N.D. Ga.), *Ocean View Capital v. Sumitomo Corp.* No. 98-4067 (S.D.N.Y.) (private

action against Sumitomo Copper in connection with price fixing).

Ms. Mehdi was born and raised in Mumbai, India where she completed her secondary certificate before moving to the United States. Ms. Mehdi received her law degree from DePaul University College of Law in Chicago in 1995. Upon graduation, Ms. Mehdi clerked at the Austrian law firm of Ortner, Poch & Foramitti, which represented a private shareholder group bidding to acquire the contract to privatize Austria's telecommunication sector. She obtained an undergraduate degree in 1992 from the University of Illinois at Chicago, with high honors in English and German Literature. She was a member of the Honors College and spent a year at the University of Vienna in Austria.

Ms. Mehdi is admitted to practice in New York (1996), California (2002), before the United States District Court for the Southern and the Eastern Districts of New York (1997), and the United States District Court for the Northern, Central and Southern Districts of California (2002); United States District Court for the Northern District of Illinois (2004).

Ms. Mehdi served on the Lawyer's Committee for Civil Rights from 2006-2009. Ms. Mehdi is fluent in German and Hindi.

## Of Counsel

**SOL SCHREIBER** received a B.A. degree, *cum laude*, in 1952 from the City College of New York, and his LL.B. degree from Yale Law School in 1955.

From 1971 through 1978, Mr. Schreiber was a United States Magistrate Judge in the United States District Court for the Southern District of New York, where he conducted more than 1,500 criminal and 3,500 civil pretrial hearings and settled approximately 1,000 civil cases. In addition to trying numerous civil and criminal cases, Mr. Schreiber supervised pretrial practice in derivative, class and complex actions in the admiralty, antitrust, aviation, securities, directors' and officers' and product liability fields, including *Berkey v. Kodak*, *Litton v. ATT*, the *Penn Central Commercial Paper Litigation*, the *New York Times* and *Readers' Digest* gender discrimination, the Argo Merchant-Nantucket stranding, and the Tenerife 747 collision cases.

From November 1978 to January 1982, when he joined Milberg, Mr. Schreiber served as the President and Chief Executive Officer of a unit of the Federation of Jewish Philanthropies of New York which provided centralized legal, risk management and insurance services for the Federation's hospitals; homes for the aged; and health, education and community service agencies. He was Trial Counsel from 1955 through 1971 and Resident Counsel from 1966 through 1971 of the Brooklyn office of Liberty Mutual Insurance Co.

Mr. Schreiber has been a participant in numerous special project committees for the American Bar Association and the Second Circuit. From 1960 to present, Mr. Schreiber has been the Planning and Program Chairman of more than 125 national programs, including the ALI-ABA and PLI's Continuing Professional Education national courses of study on evidence, civil practice and employment discrimination litigation in federal and state courts. Mr. Schreiber developed and chaired the ALI-ABA and Jiao Tong Law School's three-day course of study entitled "Current Civil Litigation in the U.S." in Shanghai, China from June 3-5, 2005. In June 2006, he developed and chaired a three-day course of study on American law in Beijing and Shanghai, China; and in May 2007, coordinated a three-day program in New Delhi, India. He has been a frequent lecturer at professional programs and workshops on federal and state court civil procedure, federal and state court trial evidence and federal criminal practice and procedure. Mr. Schreiber was Reporter, ABA Advocacy Task Force (1970-1971), which led to the formation of the National Institute for Trial Advocacy. He also served as President of the

Academy of Court Appointed Special Masters from 2007-2008, and he is presently a member of the Board of Editors of *Moore's Federal Practice, Third Edition*. In August 2005, he was elected to the Board of Trustees of the Center for American & International Law, formerly the Southwestern Legal Foundation.

From 1972 to 1987, he served as an adjunct professor at Fordham Law School, teaching courses in trial advocacy, product liability, mass torts and insurance disputes. He has been an editor for more than 40 CLE course handbooks and major publications on civil practice and litigation, including ALI-ABA's three-volume *Civil Practice Guide, Litigation in Federal and State Courts* (8th ed. 1998).

Mr. Schreiber served as a Court-Appointed Special Master in the *Marcos Human Rights Litigation*. He was Special Master in the Pan American Lockerbie cases, the *Agent Orange Litigation* (March 1982-January 1984), and a series of other complex federal civil cases.

Mr. Schreiber was Judicial Member, Anglo American Exchange on Civil Procedure (March 1974), and Hearing Officer, N.Y. State Master Energy Plan (fall 1979). He is the recipient of the Francis Rawle Award for outstanding achievements in post-admission legal education (ALI-ABA, July 1985) and the Presidential Award, Legal Aid Society (November 1984). Mr. Schreiber is also the founder and co-chair of the Ovarian Cancer Research Fund, Inc.

Mr. Schreiber is a member of the American Bar Association, the New York State Bar Association, the Association of the Bar of the City of New York and the American Law Institute. He is admitted to the bar of the State of New York, to the United States District Courts for the Southern and Eastern Districts of New York, and to the Second Circuit Court of Appeals.

**JUSTICE HERMAN CAHN** was first elected as Judge of the Civil Court of the City of New York in 1976. He subsequently served as an Acting Justice of the Supreme Court from 1980 until 1992, when he was elected to the Supreme Court. Throughout his decades on the bench, he principally handled civil cases, with the exception of 1981 until 1987, when he presided over criminal matters. Justice Cahn was instrumental in the creation of, and a founding Justice in, the Commercial Division within the New York State Supreme Court. He served as a Justice of the Commercial Division from its inception in 1993 until joining Milberg.

Among his most notable recent cases are the consolidated cases stemming from the Bear Stearns merger with JP Morgan (In re Bear Stearns Litigation); litigation regarding the upcoming America's Cup Yacht Race (Golden Gate Yacht Club v. Societe Nautique De Geneve); litigation stemming from the attempt to enjoin the construction of the new Yankee Stadium (Save Our Parks v. City of New York); and the consolidated state cases regarding the rebuilding of the World Trade Center site (World Trade Center Properties v Alliance Insurance; Port Authority v. Alliance Insurance).

Justice Cahn is a member of the Council on Judicial Administration of the Association of the Bar of the City of New York. He has also recently been appointed to the Character and Fitness Committee of the Appellate Division, First Department. He is on the Register of Mediators for the U.S. Bankruptcy Court, Southern and Eastern Districts of New York.

Before ascending to the bench, Justice Cahn practiced law in Manhattan. He was first admitted to the New York bar in 1956. He is admitted to practice in numerous courts, including the New York State courts, the Southern District of New York and the United States Supreme Court.

Justice Cahn received his law degree from Harvard Law School and a B.A. from City College of the City University of New York.

## Senior Counsel

**DAVID AZAR** received his B.S. in Finance from Indiana University School of Business in 1991. He graduated from Duke University School of Law, magna cum laude, in 1999. While in law school, he was in the Order of the Coif (top 10% of the class), served as a senior editor of *Law and Contemporary Problems*, and was a member of the Moot Court

Board. After law school, he clerked for Chief Justice Veasey of the Delaware Supreme Court.

Mr. Azar focuses his practice on antitrust, corporate governance, securities fraud class actions, and selected general business litigation matters. Mr. Azar has significant litigation experience, including first-chair trial and appellate work. His experience with corporate governance issues includes spending a year clerking for Chief Justice Veasey of the Delaware Supreme Court.

Mr. Azar's current representative matters include: serving as co-lead counsel in multi-district litigation against Korean Air and Asiana Airlines for allegedly conspiring for more than six years to set prices for passenger airfares between the United States and Korea; serving as co-lead counsel in a class action against Wells Fargo Bank and Bank of New York Mellon for their alleged roles, as trustees, in causing more than $1 billion in losses by investors in Medical Capital Holdings, Inc.; serving as co-lead counsel in a shareholder class action against the board of directors of International Rectifier Corporation for allegedly breaching their fiduciary duties by, among other things, blocking shareholders from accepting a premium tender offer for their shares; and representing a financial institution seeking to recover for breaches of contract and mortgage fraud against various individuals and entities.

Mr. Azar has extensive knowledge of dispute resolution, having served as a mediator in more than 160 cases, and he has trained and reviewed other mediators. He served for five years as the editor of the quarterly publication of the Society of Professionals in Dispute Resolution, and was honored with the association's Presidential Recognition award.

Mr. Azar serves as a volunteer prosecutor through the Los Angeles Bar Association's Trial Advocacy Project, and has been named by *Los Angeles Magazine* as a Southern California Super Lawyers Rising Star. He serves on the pro bono panel of the Harriett Buhai Center for Family Law, and he was awarded a Distinguished Service Award in 2009 for his continuing representation of a disabled father in a complex family law matter. Mr. Azar's pro bono work has also included: prevailing at trial in a case on behalf of a learning disabled student asserting claims under the American with Disabilities Act; successfully persuading the Ninth Circuit Court of Appeals to allow a disabled prisoner's federal civil rights case to proceed, resulting in a published decision on a matter of first impression; and assisting tenants in disputes with their landlords.

Mr. Azar has extensive knowledge of dispute resolution, having served as a mediator in more than 160 cases, and he has trained and reviewed other mediators. He served for five years as the editor of the quarterly publication of the Society of Professionals in Dispute Resolution, and was honored with the association's Presidential Recognition award.

**LOIS F. DIX** graduated from St. John's University summa cum laude in 1992, and in 1994, from St. John's University School of Law where she was executive articles editor of the American Bankruptcy Institute Law Review.

Ms. Dix's practice focuses on bankruptcy and restructuring litigation matters. Prior to joining Milberg LLP, Ms. Dix was the senior career law clerk to the Hon. Elizabeth S. Stong, United States Bankruptcy Court, Eastern District of New York. Prior to her clerkship, Ms. Dix was with Gibson, Dunn & Crutcher, and she was a senior associate with Kaye Scholer LLP. Ms. Dix was one of the senior team members in several high profile bankruptcy matters including The Finova Group, Inc., American Pad & Paper Company, and Medicalogic/Medscape, Inc., and represented Jamesway Corporation, Caldor, Inc, The Power Company of America, Inc. and Integrated Health Services, Inc. in their bankruptcies. Ms. Dix has significant experience in all aspects of bankruptcy practice including confirmation of plans of reorganization, preparation of bankruptcy cases and post-filing administration, bankruptcy sales, and out of court workouts and restructuring transactions. Prior to private practice, Ms. Dix served as law clerk to the Hon. Conrad B. Duberstein, Chief Judge, United States Bankruptcy Court, Eastern District of New York.

Ms. Dix served on the local rules revision committees for the United States Bankruptcy Courts for the Southern and Eastern Districts of New York. She served as a member of the Federal Judicial Center's committee for continuing legal education training of attorneys in the judiciary, and participated in the creation of a nationally shown training film for judicial law clerks.

Ms. Dix is co-author of "Bankruptcy -- New Value Exception," The National Law Journal, June 21, 1999.

Ms. Dix was admitted to the bar of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York in 1995. She is a member of the American Bar Association, and the American Bankruptcy Institute.

**NICOLE M. DUCKETT** received her B.A. from Georgetown University in 1995, and her J.D., from UCLA School of Law in 1998. Ms. Duckett focuses her practice on securities fraud class actions, consumer class actions, shareholder derivative actions, antitrust litigation, and employment litigation. She joined the firm from Mayer Brown LLP where she practiced complex business litigation, white collar criminal defense and corporate internal investigations. Ms. Duckett has vast trial experience, serving as lead counsel and second-chair counsel in multiple trials as well as a wide-ranging appellate practice including drafting victorious, published appellant briefs and arguing orally before the California Court of Appeal.

Ms. Duckett's representative matters include: Avon Products, Inc. in civil and criminal FCPA investigation by Department of Justice and Securities and Exchange Commission; Broadcom Corporation in civil and criminal options backdating investigation by U.S. Attorneys' Office and Securities and Exchange Commission; Hertz Corporation in multi-plaintiff employment discrimination action seeking several millions of dollars, winning summary judgment and prevailing in the court of appeal; Represented Kaiser Foundation Healthplan in multi-plaintiff ADA action, negotiating very favorable settlement for client; and DaimlerChrysler Corporation in multi-plaintiff employment discrimination action seeking several millions of dollars, negotiating very favorable settlement for the client.

Ms. Duckett is active in the Los Angeles County Bar Association, Beverly Hills Bar Association, UCLA School of Law and California Minority Counsel Program. Los Angeles Magazine named Ms. Duckett a Southern California Super Lawyers Rising Star for 2006, 2007, 2008, 2009, and 2010. Ms. Duckett is a member of the Firm's Diversity Committee.

**HENRY KELSTON** received a B.S. degree, *cum laude*, from Tufts University in 1975, and a J.D. degree from New York University School of Law in 1978, where he was a member of the Annual Survey of American Law.

Mr. Kelston has extensive experience in state and federal court litigation, administrative proceedings, and arbitrations. Prior to joining Milberg, he practiced at Proskauer Rose in New York and Siegel, O'Connor & Kainen in Connecticut.

Mr. Kelston is admitted in the courts of the States of New York and Connecticut, as well as the United States District Courts for the Southern District of New York, the Eastern District of New York and the District of Connecticut.

**PEGGY J. WEDGWORTH** received a B.A. degree, in 1982 from Auburn University, and her J.D. degree from University of Alabama Law School in 1986. Ms. Wedgworth was an Assistant District Attorney in Brooklyn, New York from 1986 to 1989. Since leaving the public sector in 1989, she has handled various securities, commodities, and antitrust matters. She has litigated antitrust and commodities class actions on behalf of plaintiffs including extensive experience in all aspects of pre-trial and discovery in, among other cases, *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 94-987, 1996 WL 351180 (N.D. Ill. June 24, 1996) (approving $351 million settlement); *In re NASDAQ Market-Makers Antitrust Litigation*, No. 00-1332 (S.D.N.Y.) ($1,027,000,000 settlement); *In re Microsoft Litigation*, No. 00-1332 (D. Md.) (consolidated class actions alleging long term unlawful maintenance of a monopoly and other anticompetitive conduct by Microsoft resulting favorable partial settlements); *In re Soybean Futures Litigation*, No. 89-7009 (N.D. Ill.) ($21,500,000 class settlement providing claiming class members/soybean futures traders a full recovery under plaintiffs' expert's formula); *In re Sumitomo Copper Litigation*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999) ("The recovery is the largest class action recovery in the 75 plus year history of the Commodity Exchange Act."); *Kohen v. Pacific Investment Management Company, LLC*, No. 05-4681 (N.D. Il.) (certified class of treasury bond futures purchasers alleging manipulation of the futures market); *Leider v. Ralfe*, No. 01-3137 (D.N.J.) (alleging price-fixing and monopolization in the diamond market by DeBeers resulting in a

settlement of $250,000,000 and extensive injunctive relief), and *In re Natural Gas Commodities Litigation*, 03-6186 (S.D.N.Y.) ($101 million settlement). While a partner at her previous firm, she was involved in numerous antitrust cases including, *Air Cargo Shipping Services Antitrust Litigation*, *In re Digital Music Antitrust Litigation*, *In Re Chocolate Confectionary Antitrust Litigation*, *In re Aftermarket Filters Antitrust Litigation*, *In Re Rambus Antitrust Litigation*, and I*n re Flash Memory Antitrust Litigation*. Ms. Wedgworth speaks on topics relating to antitrust litigation, most recently speaking to the New York State Bar, Antitrust Division in January 2008. She also has extensive experience in securities litigation including most recently *In re Initial Public*

*Offering Securities Litigation*, which recently settled for $586 million.

While in law school, Ms. Wedgworth was a member of the Moot Court Board and served as Manager of the National Moot Court Team.

## Special Counsel

**ARTHUR R. MILLER** heads the Firm's appellate practice. He is the nation's leading scholar in the field of civil procedure, a subject about which he has authored or co-authored numerous articles and more than 40 books. These include his treatise, Federal Practice and Procedure, which is relied upon by federal judges throughout the country as the principal authority on federal practice. He also wrote Civil Procedure, the casebook used by most U.S. law schools.

Professor Miller is currently a University Professor at New York University School of Law. This professorship is conferred on outstanding scholars in recognition of the interdisciplinary dimension and breadth of their work. Previously, Professor Miller was the Bruce Bromley Professor of Law at Harvard, where he earned his law degree and taught for 36 years.

In recent years, Professor Miller has actively participated in numerous cases, particularly in federal appellate courts. He has argued in all of the U.S. Courts of Appeal and in the U.S. Supreme Court, most recently in *Tellabs Inc. v. Makor Issues & Rights Ltd.*

Professor Miller is the recipient of numerous awards, including five honorary doctorates, three American Bar Association Gavel Awards and a Special Recognition Gavel Award for promoting public understanding of the law. A renowned commentator on law and society, he won an Emmy award for his work on "The Constitution: That Delicate Balance," an acclaimed PBS series he moderated. Professor Miller also served for two decades as the legal editor for ABC's Good Morning America. In addition, he hosted the weekly television show Miller's Court for eight years and has commented regularly on legal matters for Court TV.

Professor Miller was appointed by two Chief Justices of the U.S. Supreme Court to serve as a member and reporter on the Advisory Committee on Civil Rules of the Judicial Conference of the United States. He has additionally served as reporter and advisor to the American Law Institute, and as a member of various American Bar Association committees, among others. In addition, Professor Miller was appointed by President Ford to serve on the United States Commission on New Technological Uses of Copyrighted Work.

## Associates

**LAUREN BLOCK** received a B.A. degree, *cum laude*, from University of Pennsylvania in 1982, and a J.D. degree from George Washington University Law School in 1985.

Ms. Block focuses her practice on securities class action litigation on behalf of defrauded investors, antitrust litigation, derivative litigation, and complex commercial litigation. She was

admitted to the bars of New York and Pennsylvania in 1986.

**JENNIFER S. CZEISLER** graduated from Hofstra University in 1994 with a B.A. degree in psychology. After completing graduate degree work at Hunter School of Social Work (1994-95), she pursued a J.D. degree, which she earned in 1999 from the University of Miami School of Law, where she graduated *cum laude*. Ms. Czeisler was on the editorial board of the *Law Review of Psychology, Public Policy & Law* and earned numerous awards, including the CALI excellence for the Future Award, Dean's Certificate of Achievement Award, and membership in the Phi Delta Phi National Honor Society.

Ms. Czeisler is admitted to practice in the State of New York and is a member of the American Bar Association, where she is committed to her *pro bono* work with the American Bar Association Commission on Legal Problems of the Elderly.

**ALASTAIR FINDEIS** received his B.S. degree from the Virginia Military Institute in 1996 and his M.S. from the University of Virginia in 2000. In 2003, he earned his J.D. from Georgetown University.

Mr. Findeis focuses his practice on the representation of whistleblowers, public and private payors, and injured consumers in litigation involving healthcare fraud and abuse, including False Claims Act, mass tort, class action, and other complex litigation. Prior to joining Milberg, he gained extensive experience in pharmaceutical litigation. Mr. Findeis was admitted to the New York State bar in 2004 and is a member of Taxpayers Against Fraud.

**ANNE K. FORNECKER** received her B.A. degree *magna cum laude* from James Madison University. In 2002, she received her J.D. *cum laude* from Brooklyn Law School. While in law school, Ms. Fornecker was a member of the *Brooklyn Law Review.*

Ms. Fornecker focuses her practice on antitrust class action litigation. Prior to joining Milberg, she gained extensive experience in pharmaceutical antitrust class action litigation. She is admitted to the bar of New York and is admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York.

**MICHELLE FURUKAWA** focuses her practice on securities, consumer, and antitrust litigation. While in law school, Ms. Furukawa served as co-editor-in-chief of the UCLA Asian Pacific American Law Journal, clerked for the U.S. Securities & Exchange Commission, Division of Enforcement, and was a judicial extern for the Honorable Sheri Bluebond, U.S. Bankruptcy Court, Central District of California. Ms. Furukawa is on the Board of Governors of the Japanese American Bar Association of Greater Los Angeles, and is a member of the Association of Business Trial Lawyers and Consumer Attorneys Association of Los Angeles. She sits on the Firm's Diversity Committee.

**OREN HAKER** received his B.A. degree from Rice University in 1996. In 2003, he received his J.D. from Columbia University School of Law.

Mr. Haker has extensive experience in bankruptcy and restructuring litigation matters, representing debtors, creditors, and investors in distressed situations, as well as purchasers of distressed assets in bankruptcy. Mr. Haker has represented Chapter 11 debtors such as LyondellBasell Industries, St. Vincent Catholic Medical Centers, Northwest Airlines, Adelphia Business Solutions, and Bethlehem Steel. He also served as counsel to Bear Stearns in preparation for a Chapter 11 filing and Lehman Brothers Europe Inc. in its administration proceedings in the United Kingdom. Mr. Haker has represented creditors, such as bank steering and bondholder committees, in financial restructuring and Chapter 11 cases including Truvo, Owens Corning, and Trump Atlantic City Casinos. He has also represented the Presidential Task Force on the Auto Industry in the Delphi Chapter 11 case.

Prior to joining Milberg, Mr. Haker served as an associate in the restructuring departments at Cadwalader, Wickersham and Taft LLP and Weil, Gotshal & Manges LLP.

While in law school, he was a member of the *Columbia Law Review* and a Harlan Fiske Stone Scholar, and he worked as a judicial intern in the chambers of the Honorable Robert A. Katzmann, United States Court of Appeals for the Second Circuit.

Mr. Haker is admitted to practice in the State of New York and in the United States District Court for the Southern District of New York.

**TODD KAMMERMAN** received his B.A. degree *cum laude* with honors in Politics from Brandeis University in 1999. In 2002, he received his J.D. degree from the Benjamin N. Cardozo School of Law. While at Cardozo, he was named an Alexander Fellow, through which he worked as a judicial intern in the chambers of the Honorable Joseph A. Greenaway, Jr., U.S.D.J. in Newark, New Jersey. Mr. Kammerman is a member of the bars of the States of New York and New Jersey and is admitted to practice before the United States District Courts for the District of New Jersey, Southern District of New York, Eastern District of Michigan and the Eastern District of New York and the United States Courts of Appeals for the Third and Eleventh Circuits.

Mr. Kammerman focuses his practice on litigation involving defrauded investors and consumers. Mr. Kammerman's successful litigations include *In re CMS Energy Securities Litigation*, No. 02-72004 (E.D. Mich.) ($200 million recovery); *In re Royal Dutch/Shell Transport ERISA Litigation*, No. 04-1398 (D.N.J.) ($90 million recovery); *Scheiner v. i2 Technologies, et al.*, No. 01-418 (N.D. Tex.) ($87.8 million recovery); and *In re Collins & Aikman Corporation Securities Litigation*, No. 03-71173 (E.D. Mich.) ($10.8 million recovery).

Mr. Kammerman played a pivotal role in the *In re Comverse Technology, Inc. Derivative Litigation* ($62 million recovery), particularly in drafting the appellate briefs which led to the seminal New York Appellate Division opinion, reported at 56 A.D.3d 49 (2008), clarifying the standards of demand futility, and holding that a board of directors loses the protection of the business judgment rule where there is evidence of self-dealing and poor judgment by the directors. He was also a member of the team that litigated the appeal in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* before the United States Supreme Court, in which the Supreme Court issued an opinion defining the pleading standard for scienter in all federal securities fraud cases, and is reported at 551 U.S. 308 (2007).

**JOSHUA KELLER** graduated from the University of North Carolina in 1998 and from Albany Law School of Union University in 2004. Prior to entering law school, Mr. Keller was a Trial Preparation Assistant in the New York County District Attorney's Office. While in law school, Mr. Keller was associate editor of *Albany Law Review* and participated in the Senior Prize Trials competition.

Mr. Keller focuses his practice on securities class action litigation on behalf of defrauded individual and institutional investors. He currently represents classes in several securities fraud and consumer fraud class actions.

Mr. Keller is admitted to practice in the courts of the States of New York and Colorado. He is also admitted to practice in the United States District Court for the Southern District of New York and Northern District of Illinois.

**JULIE KWON** received her B.S. from Cornell University in 2003, and a J.D. from Brooklyn Law School in 2007. During law school, Ms. Kwon fulfilled an externship at MFY Legal Services, Inc., a non-profit legal services provider. Since joining Milberg LLP, she has helped establish the Firm's community service initiative.

Ms. Kwon focuses her practice primarily on securities class action litigation on behalf of defrauded individual and institutional investors.

She is admitted to the bars of New York and New Jersey, and is admitted to practice in the United States District Court of New Jersey. She is a member of the New York State Bar Association, New York County's Lawyers Association, and Asian American Bar Association of New York.

**JEAN LEE** graduated from New York University with a B.A. degree in Politics and Psychology and a M.S.W. in Social Work. Ms. Lee received her J.D. degree from Rutgers School of Law. Ms. Lee focuses her practice in the area of securities class action and false claims litigation. Prior to joining Milberg, Ms. Lee worked as an associate at a New York law firm concentrating in the area of securities fraud and antitrust litigation. Prior to private practice, Ms. Lee was the law clerk to the Honorable John J. Hughes, United States Magistrate Judge, in the District of New Jersey.

During law school, Ms. Lee was a Senior Editor of the Rutgers Law Record. She is currently the Co-Chair of the Diversity Subcommittee of the

Litigation Section of the American Bar Association, the Co-Chair of the Women's Committee of the Asian American Bar Association of New York, and a member of the Asian American Bar Association's Board of Directors. She is also a member of the New York State Bar Association, the International Association of Korean Lawyers, and the Firm's Diversity Committee.

**VICTORIA J. MANIATIS** graduated from Pennsylvania State University in 1990 and from Hofstra University School of Law in 1993. Ms. Maniatis focuses her practice on plaintiffs' mass torts in pharmaceutical and medical device cases and has worked with Plaintiffs' Steering Committees across the country in several litigations, including Avandia, Baycol, Accutane, Ortho Evra, ReNu, and Yaz/Yasmin. She has participated as a moderator and presenter at pharmaceutical meetings and conferences on a variety of subjects. Ms. Maniatis is a participant in the American Association for Justice ("AAJ") Avandia Litigation Group and will moderate that group's continuing Legal Education section at AAJ's annual conference, Summer 2010. While in law school, Ms. Maniatis earned a Hofstra University School of Law Trial Advocacy scholarship, a program that she continues to participate in as an adjunct faculty member teaching trial advocacy. She is currently an active member of the New York State Trial Lawyers Association and AAJ.

**ROLANDO MARQUEZ** received a B.S. degree from Brown University in 1994 and his M.S. degree from New York University in 1998. In 2003 he received his J.D. degree from Fordham Law School.

Mr. Marquez is part of the False Claims Act practice group, representing whistleblowers in actions primarily involving Medicare and Medicaid fraud. He was also part of the Milberg team that served as co-lead plaintiffs' counsel in a securities fraud and accountant liability class action suit that settled for over $3 billion.

Prior to joining Milberg, Mr. Marquez was an associate at a patent boutique firm, where he concentrated on patent litigation matters involving medical device, computer software, and consumer electronic device technologies.

Mr. Marquez is also admitted to practice in the United States District Courts for the Southern and Eastern Districts of New York and the United States Patent and Trademark Office.

**JOHN R. S. MCFARLANE** received a B.Comm. degree from Dalhousie University School of Business Administration in 1996, and an LL.B from Dalhousie Law School in 2002. Mr. McFarlane focuses his practice on class actions on behalf of defrauded investors, as well as actions against various mutual fund families in which Milberg has been appointed lead counsel, including *In re American Express Financial Advisors Securities Litigation* (S.D.N.Y.). Prior to joining Milberg , he practiced securities law at Cassels, Brock & Blackwell LLP in Toronto, Ontario.

Mr. McFarlane was admitted to the Law Society of Upper Canada in 2003 and the New York State bar in 2006.

**ELIZABETH MCKENNA** focuses her practice primarily on antitrust litigation as well as on securities class action litigation on behalf of defrauded individuals and institutional investors. Prior to joining Milberg, Ms. McKenna was an associate in the New York office of Healy & Baillie, LLP (now part of Blank Rome LLP), where she practiced general commercial litigation. Ms. McKenna graduated from Fordham Law School in 1998. While at Fordham, she was a Stein Scholar in Public Interest Law & Ethics, a member of the *Fordham Environmental Law Journal*, and a Co-Director of the Fordham Student Sponsored Fellowship. Ms. McKenna is admitted to practice in the state courts of New York and in the United States District Courts for the Southern and Eastern Districts of New York.

**ELIZABETH METCALF** attended Colorado College where she received her B.A. in 1992. She received her J.D. degree from Fordham University School of Law in 2008. Ms. Metcalf focuses her practice primarily on securities fraud litigation. Prior to law school, she worked as a financial research analyst at a class action securities fraud law firm. During law school, she was a member of the Fordham International Law Journal, and she served as a legal intern at the Securities Arbitration Clinic of Fordham University School of Law, obtaining a punitive damages award before an arbitration panel under the Financial Industry and Regulatory Authority.

**JOSEPH MUZINGO** focuses his practice on securities and antitrust class actions on behalf of defrauded investors and consumers. He currently represents shareholders in actions against various mutual fund families including *In re American Mutual Funds Fee Litigation* (C.D.Cal.). In addition, he represents plaintiffs in the *Sirus/XM Satellite Radio Antitrust Litigation* (S.D.N.Y.).

Mr. Muzingo received an academic scholarship to attend Michigan State Law School, where he served as a member of the Moot Court board for three semesters. During his second year of law school, he was awarded the Moot Court Eve Award for Best Advocate.

Mr. Muzingo is admitted to practice law in New York and Michigan.

**CHRISTOPHER ORRICO** received a B.A. in Economics from Yale University in 2005, a J.D. from Villanova School of Law in 2009, and a M.B.A. from the Villanova School of Business in 2009.

Mr. Orrico focuses his practice primarily on securities class action litigation on behalf of defrauded investors.

Prior to law school, Mr. Orrico worked as an account coordinator at a national advertising firm. As an undergraduate, he was captain of the 2005 Yale baseball team.

He is a member of the Connecticut Bar Association, the New York County Lawyers Association, and the American Bar Association.

He is admitted to practice in the courts of the States of Connecticut and New York.

**ROLAND RIGGS** received a B.A. from Trinity College in Hartford, Connecticut in 1999, and a J.D. *cum laude* from Case Western Reserve in 2004. Mr. Riggs' practice focuses on securities litigation and consumer fraud. Among other cases, he currently represents defrauded investors in *In re Merck & Co. Securities Litigation*, and consumers in *The NVIDIA GPU Litigation*. Prior to joining the firm, Mr. Riggs worked at a boutique firm in New York practicing securities litigation. During law school, Mr. Riggs served as a clerk for one summer for the Hon. Alfred V. Covello of the United States District Court for the District of Connecticut. He later worked at McLaughlin & McCaffrey, LLP in Cleveland, OH in the areas of commercial litigation and white collar criminal defense, and did pro bono corporate work representing charities at the Milton A. Kramer Law Clinic. Prior to law school, Mr. Riggs worked in IT and computer programming.

**WILLIAM B. SCOVILLE, JR.** received a B.A. degree from Yale University in 1985 and a J.D. degree with Specialization in International Legal Affairs from Cornell Law School in 1992. As a law student, he participated in Cornell's Legal Aid Clinic, Criminal Justice Clinic, and Prison Project.

Mr. Scoville's practice consists primarily of complex securities and antitrust litigation. As a law student, he participated in Cornell's Legal Aid Clinic, Criminal Justice Clinic, and Prison Project. He is fluent in French, Spanish, and Russian, and in 1997 received a fourth prize at the IBLA Grand Prize International Piano Competition in Sicily. Mr. Scoville was a key member of the trial team that obtained a favorable verdict in *In re Vivendi Universal Securities Litigation* following a four-month jury trial in the Southern District of New York.

**LOUIS A. RUSSO** received his B.A. degree from Villanova University in 2002. After working as a legal assistant for two years, he attended Hofstra University School of Law, earning his J.D. degree, magna cum laude, in 2007. He served as an editor of the *Hofstra Law Review* and was appointed Vice President of the Hofstra Moot Court Association. Prior to joining Milberg, Mr. Russo was an associate in the Litigation & Dispute Resolution Department at Proskauer Rose LLP, focusing his practice on general commercial litigation.

Mr. Russo focuses his practice primarily on class actions on behalf of defrauded investors and consumers, as well as complex commercial litigation. Mr. Russo is admitted to practice law in the Southern District of New York, the District of New Jersey, the State Courts of New York and New Jersey, and Washington, D.C. He is currently Vice-Chair of the American Bar Association's Tort, Trial & Insurance Practice, Self-Insurers and Risk Managers Committee.

**JESSICA SLEATER** received a B.A. from Truman State University in 2002, and a J.D. from Saint Louis University School of Law in 2007. Ms. Sleater's practice focuses on class action litigation involving defrauded investors and consumers in

federal and state courts. Ms. Sleater also has experience in shareholder litigation and has represented the rights of public shareholders of companies, whose management had agreed to a corporate buyout, merger, or other corporate transaction.

Prior to joining the Firm, Ms. Sleater most recently practiced at a boutique firm in New York specializing in securities litigation. She also previously worked for the Metropolitan Transportation Authority-New York City Transit and was an Assistant Attorney General for the State of Missouri. During law school, Ms. Sleater served as a law clerk for the Equal Employment Opportunity Commission, the U.S. Department of Agriculture, and the Missouri Attorney General's Office. Also while in law school, Ms. Sleater was selected as the Editor-in-Chief of the *Saint Louis University Public Law Review*.

Ms. Sleater is admitted to practice in the courts of the States of New York and Missouri, as well as the United States District Courts for the Southern and Eastern Districts of New York.

**CHARLES SLIDDERS** received his L.L.B., from Melbourne University in 1994, with honors, and his L.L.M, from Monash University in 2002. Mr. Slidders is an experienced commercial litigator with almost fifteen years of litigation experience. Prior to joining Milberg in 2008, Mr. Slidders was the principal and founding partner of one of Melbourne, Australia's premier boutique commercial litigation firms. He has frequently appeared in Australia's mainstream media in relation to his legal work.

Mr. Slidders has significant experience in plaintiffs' and class action litigation. He has acted in a variety of matters involving Australia's antitrust (trade practices) laws, corporations law, and general business and property law.

Mr. Slidders has been influential in shaping the law in Australia. He precipitated the retrospective amendment of Victoria's domestic building laws after finding a loophole in the legislation that he successfully litigated before the Supreme Court of Victoria. He also initiated one of Australia's largest multiparty claims alleging breach of fiduciary duties by property developers.

Mr. Slidders' firm was preferred counsel for Victoria's farming community through the Victorian Farmers Federation - the body representing more than 20,000 Victorian farmers. He has acted in agribusiness matters involving trade practices issues against multinational grain trade companies (disputes involving hundreds of millions of dollars of derivative contracts on the CBOT). He has also advised shareholders in a derivative dispute with the management of one of Australia's leading egg wholesalers.

Mr. Slidders is admitted to the bar of New York and is admitted to practice law in Victoria, Australia.

**ANDREW SOKOLOWSKI** focuses his practice on consumer class actions, securities class actions, and shareholder derivative lawsuits. Among other cases, Mr. Sokolowski represents consumers prosecuting claims against banks accused of unfair lending and credit practices. Before joining Milberg, Mr. Sokolowski worked for law firms litigating various complex business disputes and real estate matters.

Mr. Sokolowski received his B.A. in History from the University of California, Los Angeles, and his J.D. from Loyola Law School, where he finished in the top 5% of his class and served as an Articles Editor for the *Loyola of Los Angeles Law Review*. Between college and law school, Mr. Sokolowski served in the United States Army as an infantryman, and was stationed at Fort Lewis, Washington.

Mr. Sokolowski is a member of the Board of Governors (2009 – present) for the Association of Business Trial Lawyers' Los Angeles chapter, and he serves as co-editor of the chapter's *ABTL Report*. Mr. Sokolowski is also a member of the Consumer Attorneys Association of Los Angeles and the Los Angeles County Bar Association.

Mr. Sokolowski is admitted to practice in the courts of the State of California, as well as all United States District Courts in California and the United States Court of Appeals for the Ninth Circuit.

**JENNIFER J. SOSA** graduated from Northeastern University with a B.S. degree in Chemical Engineering, *cum laude*, in 2002. In 2005, she earned her J.D. degree from Temple University Beasley School of Law. During law school, she was a member of the Environmental Moot Court Team and was awarded the David Sive

Award for Best Brief overall in the 2004 Pace National Environmental Law Moot Court Competition.

Ms. Sosa focuses her practice on ERISA litigation and is actively involved in a number of matters including *In re Boston ScientificCorp. ERISA Litigation* (D. Mass.), *In re Morgan Stanley ERISA Litigation* (S.D.N.Y.), and *In re First American ERISA Litigation* (C.D. Cal.). Ms. Sosa has also concentrated part of her practice on class actions against defrauded stockholders in cases such as *South Ferry LP # 2 v. Killinger, et al.* (W.D. Wash.), as well as the investigation and prosecution of antitrust and consumer protection actions.

Ms. Sosa is admitted to practice law in the Eastern and Southern Districts of New York and the District of New Jersey, as well as New York and New Jersey state courts. Prior to law school, Ms. Sosa worked as a Chemical Engineer.

**GARY SNITOW** received his B.S. degree *magna cum laude* in Accounting from Yeshiva University's Sy Syms School of Business in 2002. In 2005, he received his J.D. degree from the Fordham University School of Law. Prior to joining Milberg, Mr. Snitow served as an Assistant District Attorney in the New York County District Attorney's Office. While at the District Attorney's Office, Mr. Snitow was initially assigned to the Appeals Bureau where he prepared appellate briefs and represented the District Attorney at oral arguments before the Appellate Division, First Department and the New York State Court of Appeals. Mr. Snitow was then assigned to the Special Prosecutions Bureau where he investigated and prosecuted a variety of white collar crimes.

Mr. Snitow is a member of the bars of the States of New York and New Jersey and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York.

**ANNE MARIE VU** received her B.A. degree in Political Science and French from the University of Portland in 2000. She spent an academic year studying at the Université de Paris-IV (La Sorbonne) in Paris, France. Ms. Vu earned her J.D. degree from the Benjamin N. Cardozo School of Law in 2003.

Ms. Vu's practice is focused on securities, consumer and class action litigation in federal and state courts. She assisted in prosecuting the claims of an international class of plaintiffs in *In re Vivendi Universal, S.A. Securities Litigation*. Ms. Vu also has experience in shareholder litigation and has represented the rights of public shareholders of companies whose management had agreed to a corporate buyout, merger or other corporate transaction. Among the cases in which Ms. Vu and her colleagues have successfully represented shareholders in corporate takeover litigation are: *In re Topps Company, Inc. Shareholder Litigation*, *In re Applebee's Shareholder Litigation*, and *In re Republic Services Shareholder Litigation*.

During law school, Ms. Vu clerked for a judge at the New York State Supreme Court, served as a legal intern at the Federal Trade Commission, and was a member of the Willem C. Vis International Moot Competition, which competes annually in Vienna, Austria.

Ms. Vu is admitted to practice in the courts of the States of New York and California, as well as the United States District Courts for the Southern and Eastern Districts of New York, the Central District of California, the District of Colorado, the United States District Court for the District of Colorado and the United States Court of Appeals for the Tenth Circuit. She is fluent in Vietnamese and French and is a member of the Firm's Diversity Committee.