**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ROBERT F. BACH AND DIANE E. BACH, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>              Defendants. | **Civil Action No. 10-cv-395-BAJ-CN** |
| DAVID ISMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>              Defendants. | **Civil Action No. 10-cv-464-BAJ-CN** |
| ARIK DVINSKY, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, DALE E. REDMAN, JOHN F. GIBLIN, and GREGORY H. BROWNE,<br><br>              Defendants. | **Civil Action No. 10-cv-470-JJB-CN** |
| MELVIN W. BRINKLEY, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>              Defendants. | **Civil Action No. 10-cv-497JJB-CN** |

## MEMORANDUM OF LAW IN SUPPORT OF
## THE AMEDISYS SECURITIES INVESTORS'
## MOTION FOR CONSOLIDATION OF RELATED
## ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND
## APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL

James R. DeShaw; Robert F. Bach and Diane M. Bach; Joseph H. Czajkowski; and Jay Dragon (collectively, the "Amedisys Securities Investors") respectfully submit this memorandum in support of their motion for an Order: (1) consolidating all actions filed in the Middle District of Louisiana in the above-captioned class actions for all purposes, pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Amedisys Securities Investors as Lead Plaintiff in the consolidated action for the Class of purchasers of Amedisys, Inc. securities pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Lead Plaintiff's selection of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") and Kahn Swick & Foti, LLC ("KSF") as Co-Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned actions are securities class action lawsuits that have been brought against Amedisys, Inc. ("Amedisys" or the "Company") and certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. The actions are on behalf of all persons or entities, other than defendants, who purchased or otherwise acquired Amedisys securities between August 2, 2005 and July 12, 2010 (the "Class Period")[1].

---

[1] For the purpose of determining the lead plaintiff, it is proper to use "the longer, most inclusive class period … as it encompasses more potential class members." *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp.2d 398, 402 (S.D.N.Y. 2006). *See also HCL Partners Limited P'ship. v. Leap Wireless Int'l., Inc.*, 2008 U.S. Dist. LEXIS 43615, at *4 n.2 (S.D. Cal. May 22, 2008) (using the longest class period to determine the lead plaintiff.).

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Amedisys Securities Investors, with losses of approximately $967,014 in connection with their purchases of Amedisys securities during the Class Period, are adequate and typical to serve as lead plaintiff. Amedisys Securities Investors believe that they are the "most adequate plaintiff" as defined by the PSLRA and should be appointed Lead Plaintiff in this action. The Amedisys Securities Investors have the largest financial interest in the relief sought in this action by virtue of their substantial investment in Amedisys during the Class Period and the losses they suffered as a result of Defendants' misconduct. The Amedisys Securities Investors further satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate loss representative with claims typical of the other Class members. Accordingly, the Amedisys Securities Investors respectfully submit that they should be appointed Lead Plaintiff.

## FACTUAL BACKGROUND

Defendant Amedisys is a provider of home health services to the chronic, co-morbid, aging American population. The Company operates in two segments: home health and hospice segments. The Company's home health agencies deliver a range of services in the homes of individuals who may be recovering from surgery, have a chronic disease or disability or terminal illness and need assistance with the essential activities of daily living. Its typical home health patient is Medicare eligible, approximately 83 years old, takes approximately 12 different medications on a daily basis and has co-morbidities. Its hospice agencies provide palliative care and comfort to terminally ill patients and their families.

Throughout the Class Period defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company's reported sales and earnings growth were materially impacted by a scheme whereby the Company intentionally increased the number of in-home therapy visits to patients for the purpose of triggering higher reimbursement rates under the Medicare home health prospective payment system as those excess visits were not always medically necessary; (2) that the Company's reported sales and earnings were inflated by said scheme and subject to recoupment by Medicare; (3) that the Company was in material violation of its Code of Ethical Business Conduct and compliance due to the scheme to inflate Medicare revenues; and (4) based on the foregoing, defendants lacked a basis for their positive statements about the Company, its prospects and growth.

On April 27, 2010, *The Wall Street Journal* ("WSJ") reported that Amedisys has been taking advantage of the Medicare reimbursement system by increasing the number of in-home therapy visits in order to trigger additional reimbursements. As reported in the article, according to a former Amedisys nurse the excess visits that triggered additional reimbursements were "not always medically necessary." In the wake of this revelation, Amedisys securities fell $3.98 or 6.5%.

On May 13, 2010, the WSJ did a follow up article where it reported that the Senate Finance Committee ("Committee") had started an investigation into the billing and operating practices of Amedisys. In a Committee letter dated May 12, 2010 to Amedisys, the Committee cited the findings of the WSJ article and requested the Company to produce documents dating as far back as 2006, concerning data on therapy visits, lists of physicians with the highest patient referrals to the Company, and copies of all marketing materials. In the wake of this additional revelation, Amedisys securities fell nearly 8% or $4.48.

On June 30, 2010, the Company "received a notice of formal investigation from the Securities and Exchange Commission (SEC) pertaining to the company, and receiv[ed] a subpoena for documents relating to the matters under review by the Senate Finance Committee." In response, the stock dropped 10.5% and closed at $39.34 on July 1, 2010.

The Company's stock took another significant drop on July 13, 2010 after the Company announced that its 2010 second quarter net income will be approximately $1.12 per share due to "non-recurring costs [of $0.17 per share] associated with the realignment of operations including legal, training, agency closings, closing severance as well as the Senate Finance Committee and SEC investigations." As a result of this news, the stock dropped over 24% and closed at $26.57.

## ARGUMENT

### I.     <u>THE RELATED ACTIONS SHOULD BE CONSOLIDATED.</u>

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *In Re Enron Corporation Securities, Derivative "ERISA" Litigation*, 2007 U.S. Dist. LEXIS 8812, *3 (S.D. Tex. Feb. 7, 2007); *see also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008). *See St. Bernard Gen. Hosp., Inc. v. Hospital Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978,

989 (5th Cir. 1983) (noting that consolidation "is proper when the cases involve common questions of law and fact, and…it would avoid unnecessary costs or delay."). Here, all of the related actions allege claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, and all stem from Amedisys' disclosures concerning its reimbursement rates under the Medicare system. Accordingly, consolidation of the related actions is appropriate.

## II. THE AMEDISYS SECURITIES INVESTORS SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Carreker Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25988, *6 (N.D. Tex. Aug. 14, 2003); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust*, 2002 U.S. Dist. LEXIS 27858, *5 (S.D. Tex. Oct. 28, 2002).

As set forth below, the Amedisys Securities Investors satisfy all three of these criteria and thus entitled to the presumption that they are the most adequate plaintiff to lead the Class and, therefore, should be appointed Lead Plaintiff.

### A.      Amedisys Securities Investors Are Willing to Serve as Lead Plaintiff

On June 10, 2010, counsel in the first-filed action against the defendants, styled *Bach v. Amedisys, Inc.*, Case No. 10-cv-395-BAJ-CN, caused a notice ("Notice") to be published over *Globe Newswire* pursuant to Sections 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised putative class members that they had until August 9, 2010, to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A. Lieberman (hereinafter "Lieberman Decl."), Exhibit A.

The Amedisys Securities Investors have filed the instant motion pursuant to the Notice and have attached Certifications attesting that they are willing to serve as Lead Plaintiff for the Class and are willing to provide testimony at depositions and trial, if necessary.  *See* Lieberman Decl., Exhibit B.  Accordingly, the Amedisys Securities Investors satisfy the first requirement to serve as Lead Plaintiff for the Class.

### B.      The **Amedisys Securities Investors Have The "Largest Financial Interest" in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Amedisys Securities Investors believe that they have the largest financial interest of any of the movants with regard to the relief sought by the Class.  Amedisys Securities Investors have a total loss of approximately $967,014.  Because the Amedisys Securities Investors possess the largest financial interest in the outcome of this litigation, they may be presumed to be the

"most adequate" plaintiff. *See* Lieberman Decl., Exhibit C. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).

### C. The Amedisys Securities Investors Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) *Tarica v. McDonnell Int'l., Inc.,* 2000 U.S. Dist. LEXIS 5031, at *13 (E.D. La. Apr. 13, 2000); *In re*

*Orthodontic Ctrs. Of Am., Inc. Sec. Litig.*, 2001 U.S. Dist. LEXIS 21816, at *11 (E.D. La. Dec. 17, 2001).

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). "A class is typical if it arises from the same event or course of conduct that gives rise to claims of other class members and all claims are based on the same legal theory." *Id.; Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002); *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001). Indeed, the "similarity of legal theory may control even where factual distinctions exist between the claims of the named representatives and the other class members." *Id.*

The Amedisys Securities Investors' claims are typical of those of the Class. They allege, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Amedisys, or omitted to state material facts necessary to make the statements they did make not misleading. The Amedisys Securities Investors, as did all members of the Class, purchased Amedisys securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the

class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986)).

The Amedisys Securities Investors are adequate representatives for the Class. There is no antagonism between their interests and those of the Class and their losses demonstrate that they have a sufficient interest in the outcome of this litigation. Moreover, they retained counsel highly experienced in prosecuting securities class actions such as this action, vigorously and efficiently, and submit their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

        **D.**     **The Amedisys Securities Investors Would Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses.**

The presumption in favor of appointing the Amedisys Securities Investors as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (aa)     will not fairly and adequately protect the interest of the class; or

    (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I). The Amedisys Securities Investors' ability and desire to fairly and adequately represent the Class have been discussed above. They are not aware of any unique defenses Defendants could raise that would render them inadequate to represent the Class. Accordingly, the Amedisys Securities Investors should be appointed Lead Plaintiff for the Class.

    **III.**     **LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED.**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Amedisys Securities Investors have selected the Pomerantz law firm and KSF as Co-Lead Counsel. The Pomerantz and KSF firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firms' resumes. *See* Lieberman Decl., Exhibits D and E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, the Amedisys Securities Investors' counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Amedisys Securities Investors' selection of Co-Lead Counsel, the members of the class will receive excellent legal representation.

## CONCLUSION

For the foregoing reasons, the Amedisys Securities Investors respectfully request the Court issue an Order (a) consolidating the related actions; (b) appointing the Amedisys Securities Investors as Lead Plaintiff for the Class; (c) approving the Pomerantz law firm and KSF as Co-Lead Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated: August 9, 2010

Respectfully submitted,

**KAHN SWICK & FOTI, LLC**

/s/ Lewis S. Kahn
Lewis S. Kahn (La. Bar #23805)
Paul S. Balanon (La. Bar #29076)

206 Covington Street
Madisonville Louisiana 70447
Toll Free: (866) 467-1400
Telephone: (504) 455-1400
Facsimile: (504) 455-1498

Kim E. Miller
Melissa Ryan Clark
**KAHN SWICK & FOTI, LLC**
500 5th Avenue, Suite 1810
New York, New York 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498

**POMERANTZ HAUDEK
GROSSMAN & GROSS LLP**
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*Attorneys for the Amedisys Securities Investors
and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2010, a copy of the foregoing Memorandum was filed and served electronically with the Clerk of Court through the CM/ECF system. I also certify that I have mailed by United States Postal Service this filing to the non-CM/ECF participants.


/s/ Lewis S. Kahn
Lewis S. Kahn (La. Bar #23805)