UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH and DIANE M. BACH, On Behalf of Themselves and All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>　　　　　　　Defendants. | No. 3:10-cv-00395-BAJ-CN<br><br>Hon. Brian A. Jackson<br>Mag. Judge Christine Noland |
| DAVID ISMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>　　　　　　　Defendants. | No. 3:10-cv-00464-BAJ-DLD<br><br>Hon. Brian A. Jackson<br>Mag. Judge Docia L. Dalby |

*(Additional captions on following page)*

**[PROPOSED] ORDER FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

| | |
|---|---|
| ARIK DVINSKY, On Behalf of Himself and All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, DALE E. REDMAN, JOHN F. GIBLIN, and GREGORY H. BROWNE,<br><br>                      Defendants. | No. 3:10-cv-00470-JJB-CN<br><br>Hon. James J. Brady<br>Mag. Judge Christine Noland |
| MELVIN W. BRINKLEY, On Behalf of Himself and All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>    v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>                      Defendants. | No. 3:10-cv-00497-JJB-CN<br><br>Hon. James J. Brady<br>Mag. Judge Christine Noland |

Having considered the motion of Commonwealth of Baltimore County Employees' Retirement System ("Baltimore County") for consolidation of the above-captioned and related actions, appointment as lead plaintiff, and approval of selection of counsel, the Memorandum of Law in support thereof, the Declaration of Alan I. Ellman in support of thereof, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

I. The motion is granted.

II. The above-captioned actions are consolidated for all purposes (the "Consolidated Action"). This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Consolidated Action.

III. The Order shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court and is consolidated with the Consolidated Action.

IV. A Master File is established for this proceeding. The Master File shall be Civil Action No. 3:10-cv-00395-BAJ-CN. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

V. An original of this Order shall be filed by the Clerk in the Master File.

VI. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

VII. Every pleading in the Consolidated Action shall have the following caption:

| IN RE AMEDISYS, INC. SECURITIES LITIGATION | Civil Action No. 3:10-cv-00395-BAJ-CN |
|---|---|

VIII. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Consolidated Action.

IX. When a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

A. File a copy of this Order in the separate file for such action;

B. Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed case; and

C. Make the appropriate entry in the Master Docket for the Consolidated Action.

X. Each new case that arises out of the subject matter of the Consolidated Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the forgoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

XI. Baltimore County is appointed to serve as Lead Plaintiff in the above-captioned consolidated action, pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

XII. Labaton Sucharow LLP is hereby approved as Lead Counsel for the Class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation including, but not limited to,

pre-trial proceedings, motion practice, trial and settlement, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Additionally, lead counsel shall have the following responsibilities:

    A.    to brief and argue motions;

    B.    to initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel, the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    C.    to direct and coordinate the examination of witnesses in depositions;

    D.    to act as spokesperson at pretrial conferences;

    E.    to call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

    F.    to initiate and conduct any settlement negotiations with counsel for defendants;

    G.    to provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

    H.    to consult with and employ experts;

    I.    to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

J. to perform such other duties as may be expressly authorized by further order of this Court.

XIII. deGravelles, Palmintier, Holthaus & Frugé is hereby approved as Liaison Counsel for the Class.

IT IS SO ORDERED.

DATED: _____          _____
                                           U.S. DISTRICT JUDGE