UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH and DIANE M. BACH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>Defendants. | Civil Action No. 3:10-cv-395 |

(caption continued on subsequent page)

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI AND THE PUERTO RICO TEACHERS' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL AND CONSOLIDATION OF ALL RELATED ACTIONS**

| | |
|---|---|
| DAVID ISMAN, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br> v.<br><br>AMEDISYS, INC, WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>      Defendants. | Case No. 3:10-cv-00464-BAJ-DLD |
| ARIK DVINSKY, On Behalf Of Himself And All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, DALE E. REDMAN, JOHN F. GIBLIN, and GREGORY H. BROWNE,<br><br>      Defendants. | Case No. 3:10-cv-00470-JJB-CN |
| MELVIN W. BRINKLEY, On Behalf Of Himself And All Others Similarly Situated,<br><br>      Plaintiff,<br><br> v.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, and DALE E. REDMAN,<br><br>      Defendants. | Case No. 3:10-cv-00497-JJB-CN |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND OF THE ACTION ........................................................................................ 3

ARGUMENT .............................................................................................................................. 6

I. MISSISSIPPI PERS AND PUERTO RICO TRS SHOULD BE APPOINTED LEAD PLAINTIFF ............................................................................................................. 6

    A. Mississippi PERS And Puerto Rico TRS Believe That They Have The Largest Financial Interest In The Relief Sought By The Class .............................. 6

    B. Mississippi PERS And Puerto Rico TRS Otherwise Satisfy The Requirements Of Rule 23 ............................................................................................ 7

II. THE COURT SHOULD APPROVE MISSISSIPPI PERS' AND PUERTO RICO TRS' SELECTION OF LEAD COUNSEL ...................................................................... 10

III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED ..................................... 11

CONCLUSION ........................................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Glauser v. EVCI Ctr. Coll. Holding Corp.*,
  236 F.R.D. 184 (S.D.N.Y. 2006) ..................................................................................12

*Gluck v. CellStar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ........................................................................6, 7, 9

*In re Cendant Corp. Sec. Litig.*,
  404 F.3d 173 (3d Cir. 2005)............................................................................................9

*In re Motorola Sec. Litig.*,
  505 F. Supp. 2d 501 (N.D. Ill. 2007) ............................................................................11

*In re Motorola Sec. Litig.*,
  Case No. 03 C 287, 2004 WL 2032769 (N.D. Ill. Sept. 9, 2004)...........................10, 11

*In re Orthodontic Ctrs. of Am. Sec. Litig.*,
  No. CIV.A. 01-949, 2001 WL 1636846 (E.D. La. Dec. 18, 2001)..............................6, 7

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ......................................................................................5

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
  256 F.R.D. 620 (E.D. Wis. 2009) ...................................................................................5

*Tarica v. McDermott Int'l, Inc.*,
  No. CIV. A. 99-3831, 2000 WL 377817 (E.D. La. Apr. 13, 2000).............................6, 7, 9, 11

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ............................................................................................ *passim*

15 U.S.C. § 78u-4(a)(3)(B) ................................................................................................1

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-369, 104th Cong. 1st Sess. (1995),
  *reprinted in* 1995 U.S.C.C.A.N. 730 .............................................................................9

Fed. R. Civ. P. 23..........................................................................................................1, 6, 7

Fed. R. Civ. P. 42(a) ..........................................................................................................1

The Public Employees' Retirement System of Mississippi ("Mississippi PERS") and the Puerto Rico Teachers' Retirement System ("Puerto Rico TRS") respectfully submit this memorandum in support of their motion for an Order: (1) appointing Mississippi PERS and Puerto Rico TRS as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (2) approving Mississippi PERS' and Puerto Rico TRS' selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Wolf Popper LLP ("Wolf Popper") as Lead Counsel for the Class and Carleton Dunlap Olinde Moore & Bohman, LLC ("Carleton Dunlap") as Liaison Counsel; and (3) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a).

**PRELIMINARY STATEMENT**

The above-captioned securities class actions arise from allegations concerning violations of the federal securities laws by Amedisys, Inc. ("Amedisys" or the "Company"), the nation's largest provider of home health care services for aging and terminally ill patients, and certain of its senior executives (collectively, "Defendants"). As alleged in the complaints on file in this action, during the period from August 2, 2005 through July 12, 2010 (the "Relevant Period"), Defendants misled investors and reported financial results that were artificially inflated by revenues generated through an illegal scheme to defraud federal Medicare reimbursement programs whereby the Company increased the number of at-home therapy visits to patients in order to trigger higher Medicare reimbursement rates, without regard to medical necessity or patient care. The Defendants' misrepresentations concealing this unlawful scheme and the true source of the Company's "record" reported financial results artificially inflated the price of

Amedisys securities throughout the Relevant Period and caused substantial damage to the Company's investors.

Mississippi PERS and Puerto Rico TRS believe that they are the "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff in this action. Mississippi PERS and Puerto Rico TRS respectfully submit that they have the largest financial interest in the relief sought by the Class, having suffered approximately $3.4 million in losses on their investment in Amedisys securities as a result of the Defendants' misconduct.[1] In addition, Mississippi PERS and Puerto Rico TRS satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as adequate class representatives with claims typical of those of the Class. As set forth in a Joint Declaration, both Mississippi PERS and Puerto Rico TRS are sophisticated public pension systems with billions of dollars of assets under management with extensive experience serving as fiduciaries that are committed to ensuring the Class receives the best possible representation in this case.[2] As such, Mississippi PERS and Puerto Rico TRS respectfully submit that they are the paradigmatic Lead Plaintiff contemplated by Congress in enacting the PSLRA—sophisticated institutional investors with a real financial interest in the action that have the resources and desire to vigorously prosecute the action in the best interests of the Class.

---

[1] Copies of Mississippi PERS' and Puerto Rico TRS' PSLRA-required Certifications are attached as Exhibits A and B, respectively, to the Declaration of Richard P. Ieyoub ("Ieyoub Decl."). These Certifications set forth the transactions of Mississippi PERS and Puerto Rico TRS in Amedisys securities during the Class Period. In addition, charts setting forth calculations of Mississippi PERS' and Puerto Rico TRS' losses under the PSLRA are attached as Exhibits C and D, respectively, to the Ieyoub Decl.

[2] *See* Joint Declaration of the Public Employees' Retirement System of Mississippi and the Puerto Rico Teachers' Retirement System in Support of Their Motion for Appointment as Lead Plaintiff ("Joint Decl."), attached as Exhibit E to the Ieyoub Decl.

## BACKGROUND OF THE ACTION

Amedisys, headquartered in Baton Rouge, Louisiana, provides home health services to the chronic, co-morbid, aging American population through its home health and hospice segments. The Company owns and operates 521 Medicare-certified home health agencies and 65 Medicare-certified hospice agencies in 40 states within the United States, and describes its typical home health patient as "Medicare eligible, approximately 83 years old, takes approximately 12 different medications on a daily basis and has co-morbidities." The Company's stock trades on the NASDAQ under the ticker "AMED."

As alleged in the complaints on file in this action, throughout the Relevant Period, Amedisys and its senior officers misrepresented the strength of the Company's reported financial results and concealed a scheme to defraud Medicare reimbursement programs by increasing the number of in-home visits in order to obtain higher reimbursement rates, without regard to patient care or medical necessity. Throughout the Relevant Period, the Defendants claimed that Amedisys ensured compliance with Medicare requirements by establishing processes and controls over billing and other compliance measures, including by enforcing a "Zero Tolerance Policy" that required "strict compliance with legal requirements and company policies and procedures." Amedisys, which derives 90% of its revenue (over $1.5 billion last year) from Medicare reimbursements, reported "record" quarter-after-quarter earnings throughout the Relevant Period, which the Defendants attributed to the Company's purported superior clinical services, aggressive growth strategy and operational efficiency.

The truth about the Company's financial condition and its fraudulent Medicare scheme began to emerge on April 26, 2010, when, after the close of trading, a report analyzing a review of Medicare data published in *The Wall Street Journal* revealed that Amedisys had been gaming Medicare reimbursement programs to improperly take advantage of incentive payments that

3

were triggered upon the tenth at-home visit. As quoted in the article, one Amedisys nurse explained that her supervisors asked her to look through patients' files to find those who were just shy of the 10-visit mark, saying that "I was told 'we have to have ten visits to get paid,'" and that those additional visits were "not always medically necessary." The report also disclosed that Amedisys had apparently manipulated the number of home visits its patients receive to improperly take advantage of new reimbursement policies implemented in 2008. In response to this news, the Company's stock dropped 6.58% on heavy trading volume, closing at $56.52 per share on April 27, 2010.

Investors began to learn further information regarding the fraud when, on May 12, 2010, after the close of trading, *The Wall Street Journal* reported that the U.S. Senate Finance Committee had "launched an investigation into the practices of Amedisys" to determine whether the Company "deliberately boosted the number of home therapy visits to trigger higher Medicare reimbursements." In response to this news, Amedisys stock declined 7.97% on heavy trading volume, from a close of $56.21 per share on May 12, 2010 to a close of $51.73 on May 13, 2010. On June 30, 2010, after the close of trading, the Company issued a press release disclosing that the Securities and Exchange Commission had issued a formal notice of investigation related to Amedisys' home healthcare billing practices, prompting Amedisys stock to drop 10.55% to $39.34 per share on July 1, 2010, from a $43.98 per share close on June 30, 2010.

Then, after the close of trading on July 12, 2010, the Company issued a press release announcing extremely disappointing second quarter earnings of $1.12 per share—down from $1.27 reported a year earlier and well below analysts' expectations. During a conference call conducted prior to the opening of trading on July 13, 2010, Amedisys further stated that it would suspend its full-year guidance. These results—which further revealed to investors the extent to

which the Company was dependent on improper billing practices that had apparently been curbed in light of recent media and government scrutiny—were described by an Amedisys official as "a bit of a wake-up call." As a result of this news, the Company's shares plunged over 24%, from a close of $35.02 per share on July 12, 2010 to $26.57 on July 13, 2010.

In the wake of these disclosures revealing the fraud at Amedisys, at least four securities class action lawsuits were filed by investors in the Middle District of Louisiana. The first such action—*Bach v. Amedisys, Inc.*, No. 10-cv-395—was filed on June 10, 2010, alleging a class period of February 23, 2010 through May 13, 2010. As required by the PSLRA, notice of the pendency of this action was published alerting investors to the August 9, 2010 deadline for filing motions seeking appointment as Lead Plaintiff.[3] Two subsequent actions against Amedisys expanded the alleged class period alleged. Specifically, *Dvinsky v. Amedisys, Inc.*, No. 10-470 (M.D. La. July 16, 2010) ("*Dvinsky*"), filed on July 16, 2010, alleges a class period beginning on August 2, 2005 and *Brinkley v. Amedisys, Inc.*, No. 10-cv-497 (M.D. La. July 28, 2010) ("*Brinkley*"), filed on July 28, 2010, alleges a class period ending on July 12, 2010. Counsel for plaintiffs in these two actions published notices informing investors of the expansion of the class period that likewise referenced the August 9, 2010 deadline for filing a motion seeking lead plaintiff appointment.[4]

The PSLRA permits any member of the Class to move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same

---

[3] This first-published notice is attached as Exhibit F to the Ieyoub Decl.

[4] For purposes of determining a lead plaintiff movant's financial interest under PSLRA, in this case, the longest and most comprehensive publicly-noticed period applies. *See*, *e.g.*, *Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (noting courts "use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that period" as the class "should be defined as the broadest, most inclusive potential class"); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("For the purposes of this analysis, we use the longer class period with the earlier start date."). The notices published in connection with *Dvinsky* and *Brinkley* actions are attached as Exhibits G and H, respectively, to the Ieyoub Decl.

5

claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). With the filing of this motion, Mississippi PERS and Puerto Rico TRS have satisfied the statutory deadline.

## ARGUMENT

I.  **MISSISSIPPI PERS AND PUERTO RICO TRS SHOULD BE APPOINTED LEAD PLAINTIFF**

Mississippi PERS and Puerto Rico TRS respectfully submit that they should be appointed Lead Plaintiff because they are "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also In re Orthodontic Ctrs. of Am. Sec. Litig.,* No. CIV.A. 01-949, 2001 WL 1636846, at *3-4 (E.D. La. Dec. 18, 2001); *Tarica v. McDermott Int'l, Inc.,* No. CIV. A. 99-3831, 2000 WL 377817, at *4 (E.D. La. Apr. 13, 2000); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 547 (N.D. Tex. 1997).

  A.  **Mississippi PERS And Puerto Rico TRS Believe That They Have The Largest Financial Interest In The Relief Sought By The Class**

Mississippi PERS and Puerto Rico TRS should be appointed Lead Plaintiff because they believe they have the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, Mississippi PERS and Puerto Rico TRS sustained losses of $3,357,947 on their transactions in Amedisys common stock during the Class Period—an extremely large financial interest in the litigation and one that is believed to be greater than any competing movant.

### B. Mississippi PERS And Puerto Rico TRS Otherwise Satisfy The Requirements Of Rule 23

Mississippi PERS and Puerto Rico TRS should be appointed Lead Plaintiff because they also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, an investor need only establish a "prima facie" showing that it satisfies the typicality and adequacy requirements of Rule 23. *In re Orthodontic Ctrs. of Am.,* 2001 WL 1636846, at *3-4; *McDermott Int'l, Inc.,* 2000 WL 377817, at *4; *Gluck v. CellStar Corp.*, 976 F. Supp. at 547. Mississippi PERS and Puerto Rico TRS satisfy both of these requirements.

Mississippi PERS' and Puerto Rico TRS' claims are typical of the claims of other Class members. Typicality is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *In re Orthodontic Ctrs. of Am.,* 2001 WL 1636846, at *4. Mississippi PERS' and Puerto Rico TRS' claims in this action arise from the very same course of misconduct at Amedisys as the claims of the other Class members—*i.e.*, the artificial inflation and consequent market correction of Amedisys stock caused by Defendants' fraudulent public disclosures. *See id.* ("In this case, typicality exists as movants, like other class members, purchased shares of OCA during the Class Period at inflated prices and were damaged thereby"); *see also McDermott Int'l, Inc.,* 2000 WL 377817, at *4 (noting that the typicality inquiry "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent") (*citing Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir.1999)).

Mississippi PERS and Puerto Rico TRS likewise satisfy the adequacy requirement of Rule 23. The adequacy requirement is satisfied where "(1) the lead plaintiffs claims are not antagonistic to or conflict with those of other class members; (2) lead plaintiffs have a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) lead plaintiffs must be

7

represented by attorneys who are competent, experienced, qualified, and generally able to conduct the litigation vigorously." *In re Orthodontic Ctrs. of Am.,* 2001 WL 1636846, at *4 (citation omitted). Mississippi PERS and Puerto Rico TRS are adequate to represent the Class because their interests are perfectly aligned with those of the other class members and are not antagonistic in any way. Mississippi PERS and Puerto Rico TRS seek the exact same relief under identical claims and legal theories as the other members of the Class. Moreover, there are no facts to suggest that Mississippi PERS and Puerto Rico TRS have any actual or potential conflict of interest with other Class members or that any other antagonism exists between the funds and the Class.

Mississippi PERS and Puerto Rico TRS have also demonstrated their adequacy by submitting Certifications and a Joint Declaration that reflect their understanding of the duties owed to Class members and their commitment to oversee the prosecution of this action. *See* Certifications of Mississippi PERS and Puerto Rico TRS, attached as Exhibits A and B, respectively, to the Ieyoub Decl.; Joint Decl. ¶¶1-2, 7, 11, and 13. Through the Joint Declaration and Certifications, Mississippi PERS and Puerto Rico TRS have committed to vigorously pursuing a maximum recovery from all culpable parties and otherwise fulfilling the fiduciary obligations they will assume if appointed as Lead Plaintiff. *See* Joint Decl. ¶13.

As set forth in the Joint Declaration, prior to the filing of this motion, and after direct communications between representatives of the two funds in which they discussed their views of the Amedisys litigation, including their shared belief that the misconduct at issue has important implications for the costs of the healthcare system and the welfare of their two institutions' constituent members and beneficiaries, as well as the benefits of combining their resources and experience as sophisticated public pension fund systems and their common goals in ensuring the

8

action is litigated efficiently and effectively in the best interests of the Class, Mississippi PERS and Puerto Rico TRS determined to seek joint appointment to prosecute the action on behalf of the Class.  *See* Joint Decl. ¶¶6-7, 9.  To that end, Mississippi PERS and Puerto Rico TRS have established joint decision-making procedures, negotiated a fee that properly aligns the interests of counsel with those of the Class, discussed litigation strategies and have taken steps to ensure that the action is prosecuted in a cost-effective manner in the best interests of the Class.  *See* Joint Decl. ¶¶6-7, 11-13.

Moreover, Mississippi PERS and Puerto Rico TRS are also adequate to represent the Class because they have a significant financial interest in the action—having suffered losses of approximately $3.4 million—that will ensure their vigorous prosecution of this case.  As such, Mississippi PERS and Puerto Rico TRS are the prototypical Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with a significant financial interest in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at *34, 104th Cong. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit the shareholders and assist courts by improving the quality of representation in securities class actions"); *see also CellStar Corp.*, 976 F. Supp. at 546 (finding movant adequate because "as an institutional investor, it is accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class"); *McDermott Int'l, Inc.,* 2000 WL 377817, at *5 (finding adequacy prong satisfied, noting that "[c]ourts have…recognized that the PSLRA specifically encourages the appointment of institutional investors, such as SSGA, as lead plaintiffs."); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution,

9

is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class").

Finally, Mississippi PERS and Puerto Rico TRS have demonstrated their adequacy through their selection of Bernstein Litowitz and Wolf Popper as Lead Counsel to represent the Class. As discussed more fully below, Bernstein Litowitz and Wolf Popper have repeatedly demonstrated an ability to effectively prosecute complex securities class actions.

## II. THE COURT SHOULD APPROVE MISSISSIPPI PERS' AND PUERTO RICO TRS' SELECTION OF LEAD COUNSEL

The Court should approve Mississippi PERS' and Puerto Rico TRS' choice of the law firms of Bernstein Litowitz and Wolf Popper to serve as Lead Counsel. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, *codified at* 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval. Mississippi PERS and Puerto Rico TRS have selected and retained the law firms of Bernstein Litowitz and Wolf Popper, two of the leading securities class action law firms in the country.

Both Bernstein Litowitz and Wolf Popper have been appointed lead counsel in numerous complex securities class actions and have achieved impressive results serving in that role.[5] Bernstein Litowitz, which has an office in Louisiana, served as co-lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-CV-3288 (DLC) (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history— were obtained for the class. Bernstein Litowitz was also counsel for Mississippi PERS in the successful prosecutions of *In re Delphi Corp. Securities Litigation*, No. 05-md-1725(GER) (E.D. Mich.), which resulted in settlements totaling $322 million and *In re The Mills Corp. Securities*

---

[5] Bernstein Litowitz's and Wolf Popper's firm biographies are attached as Exhibits I and J, respectively, to the Ieyoub Decl.

10

*Litigation*, 06-cv-00077(LO) (E.D. Va.), in which Mississippi PERS helped recover over $200 million on behalf of shareholders. Wolf Popper also has a distinguished record of success serving as counsel in securities class action lawsuits. For example, in *In re Motorola Securities Litigation*, 03 C 287 (RRP) (N.D. Ill.), Wolf Popper represented the Lead Plaintiff, the State of New Jersey, Department of Treasury, Division of Investment, recovering $190 million in a settlement on the eve of trial. During the litigation, Wolf Popper, among other things, defeated motions to dismiss the complaint (2004 WL 2032769 (N.D. Ill. Sept. 9, 2004)) and for summary judgment (505 F. Supp. 2d 501 (N.D. Ill. 2007)). Wolf Popper also served as a co-lead counsel in *In re Sunbeam Securities Litigation,* Case No. 98-8258-Middlebrooks (S.D. Fla.), in which $141 million was recovered on behalf of shareholders—including a $110 million recovery against the company's auditor, one of the largest recoveries against an auditing firm in a securities class action.

Moreover, Bernstein Litowitz and Wolf Popper have prior experience working together by serving as co-lead counsel in securities class actions. For example, both firms currently represent Mississippi PERS as co-lead counsel in *Plumbers' & Pipefitters Local #562 Supplemental Plan & Trust v. J.P. Morgan Acceptance Corp. I*, No. 08-cv-1713 (E.D.N.Y.). Accordingly, the Court should approve Mississippi PERS' and Puerto Rico TRS' selection of Bernstein Litowitz and Wolf Popper as Lead Counsel for the Class, and approve their selection of Carleton Dunlap to serve as Liaison Counsel.

### III. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also McDermott Int'l, Inc.,* 2000

WL 377817, at *3. There are at least four securities class actions pending in the Middle District of Louisiana on behalf of Amedisys investors:

| Case Number | Abbreviated Case Name | Date Filed |
| --- | --- | --- |
| 10-cv-395 | *Bach v. Amedisys, Inc., et al.* | June 10, 2010 |
| 10-cv-464 | *Isman v. Amedisys, Inc., et al.* | July 14, 2010 |
| 10-cv-470 | *Dvinsky v. Amedisys, Inc., et al.* | July 16, 2010 |
| 10-cv-497 | *Brinkley v. Amedisys, Inc., et al.* | July 28, 2010 |

All of these actions present virtually identical factual and legal issues, as they all arise out of the same alleged misrepresentations and omissions regarding the Company's Medicare reimbursement scheme and the artificially inflated financial results it generated. Accordingly, consolidation is appropriate. *See, e.g., Glauser v. EVCI Ctr. Coll. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006) ("[T]his Court has recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.") (internal quotation marks omitted) (citation omitted).

## CONCLUSION

For the above reasons, Mississippi PERS and Puerto Rico TRS respectfully request that the Court (i) appoint Mississippi PERS and Puerto Rico TRS as Lead Plaintiff; (ii) approve their selection of Bernstein Litowitz and Wolf Popper as Lead Counsel for the Class and their selection of Carleton Dunlap as Liaison Counsel; (iii) consolidate the related actions; and (iv) grant such further relief as the Court deems just and proper.

Dated: August 9, 2010
      Baton Rouge, Louisiana

Respectfully submitted,

**CARLETON DUNLAP OLINDE MOORE & BOHMAN, LLC**

By: /s/ Richard P. Ieyoub
Richard P. Ieyoub

(Louisiana Bar #02217)
One American Place, Suite 900
Baton Rouge, Louisiana 70825
Telephone: (225) 282-0600
Facsimile: (225) 282-0650

*Proposed Liaison Counsel*

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
G. Anthony Gelderman, III
2727 Prytania Street, Suite 14
New Orleans, Louisiana 70130
Telephone: (504) 889-2339
Facsimile: (504) 899-2342

**BERNSTEIN LITOWITZ BERGER
 & GROSSMANN LLP**
Gerald H. Silk
Michael D. Blatchley
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554 1400
Facsimile: (212) 554 1444

**WOLF POPPER LLP**
Marian P. Rosner
Marshall G. Bennett
Robert C. Finkel
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

*Counsel for the Public Employees'
Retirement System of Mississippi and the
Puerto Rico Teachers' Retirement System and
Proposed Lead Counsel for the Class*

# CERTIFICATE OF SERVICE

       I hereby certify that on August 9, 2010, true and correct copies of the above and foregoing Memorandum of Law in Support of the Motion of the Public Employees' Retirement System of Mississippi and the Puerto Rico Teachers' Retirement System for Appointment as Lead Plaintiff, Approval of Their Selection of Lead Counsel, and Consolidation of All Related Actions were electronically served on counsel of record in this matter who are registered with the Court's ECF filing system through ECF notification, and I hereby certify that I caused to be mailed the foregoing document on paper via United States Postal Service to the non-CM/ECF participants listed below:

Patrick V. Dahlstrom
**Pomerantz Haudek Grossman & Gross, LLP**
10 South LaSalle Street; Suite 3505
Chicago, IL 60603

Joel B. Strauss
Jeffrey P. Campisi
**Kaplan Fox & Kilsheimer LLP**
850 Third Avenue, 14th Floor
New York, NY 10022

Jeffrey C. Block
Berman DeValerio
**One Liberty Square**
Boston, MA 02109

Roy L. Jacobs
**Roy Jacobs & Associates**
60 East 42nd Street 46th Floor
New York, NY 10165

Darrin L. Williams
Randall K. Pulliam
**Carney Williams Bates Bozeman & Pulliam, PLLC**
11311 Arcade, Suite 200
Little Rock, Arkansas 72212

Peretz Bronstein
**Bronstein Gewirtz & Grossman LLC**
60 East 42nd Street
New York, NY 10165

Sandy A. Liebhard
U. Seth Ottensoser
Joseph R. Seidman, Jr.
**Bernstein Liebhard LLP**
10 East 22nd Street
22nd Floor
New York, NY 10016

Christopher Heffelfinger
Julie J. Bai
**Berman DeValerio**
One California Street; Suite 900
San Francisco, CA 94111

Kirk A. Guidry
B. Scott Andrews
**Due', Price, Guidry, Piedrahita & Andrews, APA**
8201 Jefferson Highway
Baton Rouge, Louisiana 70809

By:   /s/ Richard P. Ieyoub
       Richard P. Ieyoub