UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH AND DIANE M. BACH, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMEDISYS, INC., WILLIAM F. BORNE and DALE E. REDMAN,<br><br>Defendants. | Civil Action No. 3:10-cv-00395-BAJ-CN<br><br>CLASS ACTION |
| DAVID ISMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMEDISYS, INC., WILLIAM F. BORNE and DALE E. REDMAN,<br><br>Defendants. | Civil Action No. 3:10-cv-00464-BAJ-DLD<br><br>CLASS ACTION |

[Caption continued on following page.]

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF MACOMB COUNTY EMPLOYEES' RETIREMENT SYSTEM FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF SELECTION OF COUNSEL</u>**

| | |
|---|---|
| ARIK DVINSKY, On Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>AMEDISYS, INC., WILLIAM F. BORNE, DALE E. REDMAN, JOHN F. GIBLIN and GREGORY H. BROWNE,<br><br>                  Defendants. | Civil Action No. 3:10-cv-00470-JJB-CN<br><br><u>CLASS ACTION</u> |
| MELVIN W. BRINKLEY, On Behalf of Himself and All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>vs.<br><br>AMEDISYS, INC., WILLIAM F. BORNE and DALE E. REDMAN,<br><br>                  Defendants. | Civil Action No. 3:10-cv-00497-JJB-CN<br><br><u>CLASS ACTION</u> |

## I. PRELIMINARY STATEMENT

Presently pending in this District are four securities class action lawsuits (the "Actions") brought on behalf of all those who purchased Amedisys, Inc. securities ("Amedisys" or the "Company") between August 2, 2005 and July 12, 2010 (the "Class Period") which allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5) against the Company and certain of its officers and/or directors.

Class member, the Macomb County Employees' Retirement System (the "Retirement System"), hereby moves this court for an order: (1) consolidating the related Actions pursuant to

Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointing the Retirement System Lead Plaintiff pursuant to the PSLRA; and (3) approving the Retirement System's selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel and the law firm of Oats & Hudson to serve as Liaison Counsel for the Class.

This motion is made on the grounds that the Actions pending before this District involve common questions of law and fact, rendering consolidation appropriate. Further, the Retirement System is the most adequate plaintiff, as defined by the PSLRA, because it incurred a substantial $436,167 loss in connection with its purchases of Amedisys securities. *See* Carver Decl., Ex. C.[1] In addition, the Retirement System for the purposes of this motion, adequately satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class. Accordingly, the Retirement System is the "most adequate plaintiff" as established by the PSLRA, and should be appointed Lead Plaintiff in the Actions.

## II.   FACTUAL BACKGROUND[2]

Amedisys is a provider of home health services to the chronic, co-morbid, aging American population. The Company operates in two segments: home health and hospice. The Complaint alleges that, throughout the Class Period, defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and

---

[1]   References to the "Carver Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of James C. Carver in Support of the Motion of Macomb County Employees' Retirement System for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Selection of Counsel, dated August 9, 2010, and submitted herewith.

[2]   Facts in this section are derived from the first-filed Complaint. Subsequent complaints have extended the Class Period and alleged related facts.

prospects. Specifically, the Complaint alleges that defendants made false and/or misleading statements and/or failed to disclose that: (1) the Company's reported sales and earnings growth were materially impacted by a scheme whereby the Company intentionally increased the number of in-home therapy visits to patients for the purpose of triggering higher reimbursement rates under the Medicare home health prospective payment system, as those excess visits were not always medically necessary; (2) the Company's reported sales and earnings were inflated by such scheme and subject to recoupment by Medicare; (3) the Company was in material violation of its Code of Ethical Business Conduct and compliance due to the scheme to inflate Medicare revenues; and (4) based on the foregoing, defendants lacked a basis for their positive statements about the Company, its prospects and growth.

On April 27, 2010, The Wall Street Journal ("WSJ") reported that Amedisys has been taking advantage of the Medicare reimbursement system by increasing the number of in-home therapy visits in order to trigger additional reimbursements. As reported in the article, according to a former Amedisys nurse, the excess visits that triggered additional reimbursements were "not always medically necessary." In the wake of this revelation, Amedisys securities fell $3.98 or 6.5%.

On May 13, 2010, the WSJ did a follow up article where it reported that the Senate Finance Committee ("Committee") had started an investigation into the billing and operating practices of Amedisys. In a Committee letter dated May 12, 2010 to Amedisys, the Committee cited the findings of the WSJ article and requested the Company to produce documents dating as far back as 2006, concerning data on therapy visits, lists of physicians with the highest patient referrals to the Company, and copies of all marketing materials. In the wake of this additional revelation, Amedisys securities fell nearly 8% or $4.48.

**III. ARGUMENT**

    **A. The Actions Should Be Consolidated**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z-1(a)(3)(B)(ii). Under Federal Rules of Civil Procedure 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). In these instances, courts maintain that, in order to avoid the unnecessary waste of judicial resources and the additional costs and delay to the parties, lawsuits which involve similar questions of law and fact should be consolidated. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).[3]

At present, there are four related securities class actions pending before this District against Amedisys and certain of its officers and directors:

| Case: | Date Filed: | Class Period: |
| --- | --- | --- |
| *Bach v. Amedisys, Inc.*, No. 10-cv-00395-BAJ-CN | June 10, 2010 | 02/23/10-05/13/10 |
| *Isman v. Amedisys, Inc.*, No. 10-cv-00464-BAJ-DLD | July 14, 2010 | 04/30/10-06/30/10 |
| *Dvinsky v. Amedisys, Inc.*, No. 10-cv-00470-JJB-CN | July 16, 2010 | 08/02/05-06/30/10 |
| *Brinkley v. Amedisys, Inc.*, No. 10-cv-00497-JJB-CN | July 28, 2010 | 04/30/08-07/12/10 |

These Actions, despite alleging different class periods, present virtually identical factual and legal issues, assert virtually identical claims under the securities laws, and name virtually the same defendants. Because these Actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits. Thus, consolidation is appropriate here. *See Barge v. City of Leesville*, 2008 WL 4441962, at *1 (W.D. La. Sept. 25, 2008) (Minaldi, J.)

---

[3]    Unless otherwise noted, all emphasis is added and internal quotations are omitted.

("Because both lawsuits involve the same parties and arise out of the same facts . . . consolidation will reduce the burden on judicial resources, parties, and witnesses, minimize expenses for all parties, and eliminate the risk of inconsistent adjudication."); *Olsen v. New York Community Bancorp, Inc.*, 233 F.R.D. 101, 104-105 (E.D.N.Y. 2005) (consolidating six different actions with virtually identical factual allegations despite different alleged class periods).

### B. The Retirement System Should Be Appointed as Lead Plaintiff

#### 1. The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) & (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). The named plaintiff in the first-filed action caused the notice regarding the pendency of the action to be published on *GlobeNewswire*, a national, business-oriented newswire service, on June 10, 2010. *See* Carver Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) & (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa)   has either filed the complaint or made a motion in response to a notice. . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *See In re Orthodontic Centers of America, Inc. Sec. Litig.*, 2001 WL 1636846, at * 3-4 (E.D. La. Dec. 18, 2001).

### 2. The Retirement System Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. The Retirement System Has Complied with the PSLRA and Should be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under the PSLRA expires on August 9, 2010. 15 U.S.C. §§78u-4(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on June 10, 2010), the Retirement System timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

A representative of the Retirement System has duly signed and filed a certification stating that the Retirement System is willing to serve as the representative party on behalf of the class. *See* Carver Decl. Ex. B. In addition, the Retirement System has selected and retained competent counsel to represent it and the Class. *See* Carver Decl. Ex. D, E. Accordingly, the Retirement System has satisfied the individual requirements of the PSLRA and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court. 15 U.S.C. §78u-4(a)(3)(B).

- 6 -

Case 3:10-cv-00395-BAJ-CN   Document 24-1   08/09/10   Page 7 of 12

### b. The Retirement System Has the Requisite Financial Interest in the Relief Sought by the Class

As evidenced by the accompanying certification and loss chart, *see* Carver Decl. Ex. B, C, the Retirement System acquired Amedisys securities in reliance upon the materially false and misleading statements issued by defendants and was injured thereby. In addition, the Retirement System incurred a substantial $436,167 loss on its transactions in Amedisys. To the best of its counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest. Therefore, the Retirement System satisfies the PSLRA's prerequisite of having the largest financial interest in the Actions.

### c. The Retirement System Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of these prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Thompson v. Shaw Group, Inc.*, 2004 WL 2988503, at *5 (E.D. La. Dec. 14, 2004) (at the lead plaintiff stage, the Court looks at the typicality and adequacy requirements under Fed. R.

Civ. P. 23(a)); *In re Orthodonic Centers*, 2001 WL 1636846, at * 4 ("In deciding a lead plaintiff motion, only a preliminary showing is required that Rule 23's requirements of typicality and adequacy are satisfied."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) (inquiry "should be confined to determining whether the movant has made a prima facie showing of typicality and adequacy").

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. The test of typicality at this stage is "whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[] from that upon which the claims of other class members will perforce be based.'" *In re Cendant*, 264 F.3d at 265; *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999) ("[The] test for typicality is not demanding. It focuses on similarity between the named plaintiffs' legal and remedial theories and the theories of those who they purport to represent.").

The Retirement System satisfies this requirement because, just like all other class members, it: (1) purchased Amedisys securities during the Class Period; (2) purchased Amedisys securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. *See* Carver Decl., Ex. B. Thus, the Retirement System's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) a representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement requires courts to consider whether the movant "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between

[the movant's] claims and those asserted on behalf of the class.'" *In re Cendant*, 264 F.3d at 265; *Thompson v. Shaw Group, Inc.*, 2004 WL 2988503, at *5 (E.D. La. Dec. 14, 2004) ("Adequacy exists unless the Court finds (1) the presence of a potential conflict between the proposed lead plaintiff and the class members; or (2) or the proposed lead plaintiff's chooses counsel to represent the class who is unqualified, incompetent, or otherwise unable to vigorously conduct the contemplated litigation on behalf of the class members.").

Here, the Retirement System is adequate because its interests are aligned with the interests of the Class. Furthermore, there is no evidence of antagonism between the Retirement System and the Class, and it has certified to his willingness to serve as a class representative. Carver Decl., Ex. B. In addition, as shown below, the Retirement System's proposed counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Accordingly, the Retirement System *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for purposes of this Motion.

### C. The Court Should Approve the Retirement System's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Retirement System has selected the law firm of Robbins Geller to serve as Lead Counsel to the Class and the law firm of Oats & Hudson to serve as Liaison Counsel. Both firms have substantial experience in the prosecution of shareholder and securities class actions. *See* Carver Decl., Ex. D, E. In approving the largest securities class action settlement ever, Judge Harmon found that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent

one, in the country." *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008). As such, the Court may be assured that, in the event this Motion is granted, the members of the Class will receive the highest caliber of legal representation available from Robbins Geller as Lead Counsel and Oats & Hudson as Liaison Counsel. Accordingly, the Court should approve the Retirement System's selection of Counsel.

## IV. CONCLUSION

For the foregoing reasons, the Retirement System has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. As such, the Retirement System respectfully requests that the Court: (1) consolidate the related Actions; (2) appoint it as Lead Plaintiff in the Actions; (3) approve its selection of Lead and Liaison Counsel as set forth herein; and (4) grant such other relief as the Court may deem just and proper.

DATED: August 9, 2010	OATS & HUDSON
	JAMES C. CARVER

	s/ James C. Carver
	---
	JAMES C. CARVER (LA BAR #19514)

	Roumain Building, Suite 500
	343 Third Street
	Baton Rouge, LA 70801
	Telephone: 225/383-9993
	225/383-6993 (fax)
	jcarver@oatshudson.com

	[Proposed] Liaison Counsel

>ROBBINS GELLER RUDMAN
>  & DOWD LLP
>PAUL J. GELLER
>DAVID J. GEORGE
>DOUGLAS WILENS
>SABRINA E. TIRABASSI
>120 East Palmetto Park Road, Suite 500
>Boca Raton, FL  33432
>Telephone:  561/750-3000
>561/750-3364 (fax)
>pgeller@rgrdlaw.com
>dgeorge@rgrdlaw.com
>dwilens@rgrdlaw.com
>stirabassi@rgrdlaw.com
>
>[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

>s/ James C. Carver
>JAMES C. CARVER