# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, et al.<br><br>versus<br><br>AMEDISYS, INC., et al. | Consolidated Securities Class Action<br>Civil Action No. 10-395-BAJ-CN<br><br>Consolidated with Nos. 10-464-BAJ-CN,<br>10-470-BAJ-CN, and<br>10-497-BAJ-CN |

## NOTICE OF FILING

Lead Plaintiffs, The Public Employees' Retirement System of Mississippi and The Puerto Rico Teachers' Retirement System, hereby respectfully notify the Court that the U.S. Senate Committee on Finance (the "Senate Committee") issued a formal Staff Report (S. Prt. 112-24) (the "Senate Report") concluding that "*the home health therapy practices identified at Amedisys … at best represent abuses of the Medicare home health program [and at] worst, they may be examples of [a] for-profit compan[y] defrauding the Medicare home health program at the expense of taxpayers*" (emphasis added). This conclusion, and other important findings in the Senate Report, relate directly to, and further confirm, Lead Plaintiffs' detailed allegations in their Consolidated Securities Class Action Complaint (the "Complaint"). The 30-page Senate Report is attached as Exhibit A.[1]

Lead Plaintiffs' Complaint alleges that Defendants fraudulently inflated their revenues by improperly gaming the Medicare payment system for home health care visits. As discussed

---

[1] The Senate Report and its accompanying exhibits are available online at http://finance.senate.gov/imo/media/doc/Home_Health_Report_Final.pdf. The Court can and should take judicial notice of the Senate Report and the materials incorporated therein, which are matters of public record and because they clarify and supplement the allegations in the Complaint that concern the Senate Committee investigation that gave rise to and produced the Senate Report (as explained below). Fed. R. Evid. 201; *L.H. v. Schwarzenegger*, 519 F. Supp. 2d 1072, 1079 (E.D. Cal. 2007) (taking judicial notice of a U.S. Senate report because it is a "public record" and "the contents of the Report derive from a source whose accuracy cannot reasonably be questioned"); *Love Terminal Partners v. U.S.*, 97 Fed. Cl. 355, 385-86 (2011) (considering Senate reports and other government materials because they were matters of public record and because they "clarif[ied]" and "supplement[ed]" the complaint).

more fully in the Complaint (Dkt. No. 89) and Lead Plaintiffs' Opposition to Defendants' Motions to Dismiss (Dkt. No. 165), a primary method that Defendants used to carry out their fraudulent scheme was by "… pressur[ing] and intimidat[ing] Amedisys nurses and therapists into providing medically-unnecessary treatment visits to patients, in order for the Company to hit highly-lucrative Medicare reimbursement triggers and avoid having to refund fees for costly low-utilization payment adjustments ('LUPAs')." *See*, *e.g*., Complaint ¶1.

The Complaint also discusses how, as other government entities were also launching investigations into Amedisys, the Senate Committee began its own formal inquiry into the Company in May 2010 to determine whether it had "deliberately boosted the number of home therapy visits to trigger higher Medicate reimbursements." *Id.* at ¶¶11-14, 117-35, 247-67.

The Senate Report, which was released on October 3, 2011 along with voluminous exhibits, summarizes its findings concerning Amedisys's improper conduct at pages 1-2 and 9-15. Based on internal Amedisys documents obtained by the Senate Finance Committee that had previously been unavailable to Lead Plaintiffs, the Report corroborates many of the Complaint's key factual allegations concerning Defendants' securities fraud. For example, the Report concludes that:

- "Therapy visit records for [Amedisys] showed concentrated numbers of therapy visits at or just above the point at which a 'bonus' payment was triggered." Report at 1; *see also id.* at 10.

- "Internal documents from Amedisys show that, prior to the 2008 CMS therapy payment changes, ***managers were encouraged to meet the 10-visit therapy threshold***." *Id.* at 1 (emphasis added); *see also id.* at 11.

- "***Amedisys management directed employees to adjust the number of home health care therapy visits to maximize Medicare payout to the company*** after the 2008 changes to the Medicare payment system." *Id.* at 9 (emphasis added); *see also id.* at 11-12.

- "An 'A-Team' *set up by Amedisys corporate management* developed therapy programs ... to target the most profitable Medicare therapy treatment patterns, *including adding therapy visits to clinical tracks that previously did not involve therapy*." *Id.* at 1; 12-13. (Emphasis added.)

- "*Amedisys pressured therapists and regional managers to adhere to new clinical guidelines developed to maximize Medicare reimbursements*." *Id.* at 1 (emphasis added); *see also id.* at 13-15.

The Report also relies on data and charts virtually identical to those first prepared by Lead Plaintiffs. *Compare* Senate Report at 9 *with* Complaint at ¶¶ 90, 93. In short, the Senate Report strongly supports the Complaint's central allegations of fraud (including *scienter*) – which were already more than sufficient to overcome Defendants' motions to dismiss.

The Report also confirms Lead Plaintiffs' allegations regarding the direct involvement of Individual Defendants William Borne (Amedisys's current CEO), Larry Graham (its former COO) and Alice Schwartz (its former chief information officer) in Amedisys's fraud, including the roles that these Defendants – unbeknownst to investors – played in modifying Amedisys's practices to most effectively defraud the Medicare home health program, which, in turn, rendered materially false and misleading Amedisys's disclosures to investors. *Id.* at 11-12. The Senate Report also discusses some of the processes and information systems that senior management used to cause Amedisys's lower-level employees to provide sufficient therapy visits to "hit" the revised 2008 Medicare payment thresholds, and to thereby "game" the Medicare reimbursement system. *Id.* at 9-15.

To minimize burdening the Court with voluminous paperwork, Lead Plaintiffs are proceeding by filing this Notice. If the Court prefers that the Senate Report be made a part of the

3

Case 3:10-cv-00395-BAJ -CN   Document 188   10/07/11   Page 3 of 6

record in any additional manner, Lead Plaintiffs will promptly follow the Court's instructions.

Dated: October 7, 2011

Respectfully submitted by:

HYMEL DAVIS & PETERSEN
RICHARD P. IEYOUB (26287)

  /s/ Richard P. Ieyoub
RICHARD P. IEYOUB
10602 Coursey Boulevard
Baton Rouge, LA 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119

*Liaison Counsel for Securities Plaintiffs*

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
G. Anthony Gelderman, III
John Alden Meade
2727 Prytania Street, Suite 14
New Orleans, LA 70130
Telephone: (504) 889-2339
Facsimile: (504) 899-2342

*- and -*

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
Chad Johnson
William C. Fredericks
Jeremy Robinson
Adam Wierzbowski
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444


WOLF POPPER LLP
Marian P. Rosner
Robert C. Finkel
Andrew E. Lencyk
Natalie Mackiel
Matthew Insley-Pruitt
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

*Lead Counsel for Securities Plaintiffs*

POMERANTZ HAUDEK
GROSSMAN & GROSS LLP
Marc I. Gross
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

*- and -*

POMERANTZ HAUDEK
GROSSMAN & GROSS LLP
Patrick V. Dahlstrom
10 South LaSalle Street, Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

KAPLAN FOX & KILSHEIMER LLP
Joel B. Strauss
Jeffrey P. Campisi
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 661-7714

*Additional Plaintiffs' Counsel*

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing **Notice of Filing** was filed on this 7th day of October, 2011 with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

                                        /s/ Richard P. Ieyoub
                                        Richard P. Ieyoub