# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, et al., <br><br> versus <br><br> AMEDISYS, INC., et al. | Consolidated Securities Class Action <br> Civil Action No. 10-395-BAJ-CN <br><br> Consolidated with Nos. 10-464-BAJ-CN, <br> 10-470-BAJ-CN, and <br> 10-497-BAJ-CN |

## LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS LARRY GRAHAM AND ALICE SCHWARTZ'S MOTION TO STRIKE

Lead Plaintiffs respectfully submit this opposition to Defendants Graham and Schwartz's Motion to Strike Lead Plaintiffs' Notice of Filing (Dkt. No. 188) (the "Notice"), which attaches a just-issued staff report of the Senate Finance Committee, S. Prt. 112-24 (the "Senate Report").

Lead Plaintiffs' Consolidated Class Action Complaint ("Complaint") alleges in detail how defendant Amedisys and the Individual Defendants, unbeknownst to investors, engaged in widespread and illegal manipulations of Medicare's home health care payments system in order to improperly inflate Amedisys's reported revenues at the expense of U.S. taxpayers – and also expressly notes that the Senate Finance Committee (among other government entities) was investigating closely analogous charges. *See, e.g.*, Complaint at ¶¶ 11-14, 117-35, 247-67. The results of the Senate's investigation did not become public until the Senate Report was released last week on October 3, 2011. By bringing the Senate Report to the Court's attention, Lead Plaintiffs' conduct was entirely proper. Indeed, in their motion to dismiss, *Defendants* had placed at issue the status of the various government investigations cited in the Complaint:

> Plaintiffs . . . allege the existence of SEC, Congressional and U.S. Department of Justice investigations into Amedisys. To date, none of these investigations has resulted in any accusation of wrongdoing.

Mem. in Support of Defs. Graham and Schwartz's Mot. to Dismiss (Dkt. No. 133-1) at 3.

Defendants – who presumably would not have hesitated to bring the Senate Report to the

Court's attention had it exonerated them – now move to strike it from the record on the grounds that the Notice is both technically defective and substantively improper because it raises "new" matters. Defendants are wrong on both counts. As stated in the Notice, (1) the Court may consider the Senate Report because it is a matter of public record, and (2) contrary to Defendants' assertions, Plaintiffs did *not* submit the Senate Report to raise "new arguments," but did so to bring to the Court's attention a formal U.S. Senate report that *confirms* Plaintiffs' *existing* factual allegations that Defendants had tried so hard to discredit in their prior papers.

Defendants also argue that it is inappropriate for the Court to consider the factual findings in the Senate Report because they are disputed. Motion to Strike at 4-5. Defendants, however, offer no basis or support for their professed "dispute" with the conclusions of the Senate Report. Defendants' argument is also misplaced because, for purposes of a motion to dismiss, *all of Lead Plaintiffs' factual allegations must be accepted as true*. *See*, *e.g*., Lead Plaintiffs' Opp. to Defs. Mots. to Dismiss (Dkt. No. 165) at 10. A court does not resolve contested factual issues on a motion to dismiss; instead, it simply assesses a complaint's factual *allegations*, in their totality, to determine whether they suffice to have the case proceed to discovery. In this context, the Court here may plainly consider the Senate Report's corroborative allegations in assessing the plausibility of underlying allegations already pled in Lead Plaintiffs' Complaint.[1]

---

[1] Defendants' cases are either readily distinguishable or support Lead Plaintiffs' position. For example, *Ferguson v. Extraco Mortg. Co*., 264 Fed. Appx. 351 (5th Cir. 2007), rejected a request to take judicial notice of "findings" on motions from other litigations under the Federal Rules of Evidence in the context of a *summary judgment* motion – and not, as here, in the context of a motion to dismiss which does <u>not</u> involve *evidentiary* submissions and where a complaint's factual allegations are assumed to be true. Defendants' reliance on *Sims v. Dow Chem. Co.*, 2009 WL 722302 (M.D. La. Mar. 18, 2009), is even more puzzling, as the court there (on a motion for remand to state court) *did* take judicial notice of allegations from another proceeding. Lastly, in *Causey v. Poret*, 2007 WL 2701969 (M.D. La. Aug. 23, 2007) – the only case cited by Defendants that was actually decided in the context of a motion to dismiss – the court also took judicial notice of the contested government documents, and expressly noted that on a motion to dismiss the "court must accept as true the plaintiff's version of events." *Id.* at *4.

2

Defendants' further argument that Lead Plaintiffs' three page submission constitutes an improper sur-reply on the pending motion to dismiss is also baseless. As Defendants concede, *both* sides have previously submitted Notices of recent judicial opinions and/or relevant factual developments (*see* Dkt. Nos. 179, 182 and 187) which, as is customary, also included succinct statements of the relevance of the submitted material. Defendants Graham and Schwartz did not take issue with these prior Notices, but only now find it expedient to reverse their prior attitude in light of the Senate Report's negative conclusions regarding Defendants' conduct. Moreover, as our original Notice stated, Lead Plaintiffs brought the Senate Report to the Court's attention by Notice because it appeared to be the most efficient way to do so, but "[i]f the Court prefers that the Senate Report be made a part of the record in any additional manner, Lead Plaintiffs will promptly follow the Court's instructions." Notice at 3-4.

In sum, the Notice is entirely proper as a matter of both form and substance. Indeed, given Defendant's own prior statements to the Court in their motion to dismiss that "none of [the government's] investigations [to date] has resulted in any accusation of wrongdoing" (Dkt. No. 133-1 at 3), one has to question why Defendants now seek to strike from the record a document that they themselves are arguably under a duty to bring to the Court's attention.

Accordingly, Defendants' Motion to Strike should be denied.

Dated: October 12, 2011

Respectfully submitted by:

HYMEL DAVIS & PETERSEN
RICHARD P. IEYOUB (26287)

/s/ Richard P. Ieyoub
RICHARD P. IEYOUB
10602 Coursey Boulevard
Baton Rouge, LA 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119

*Liaison Counsel for Securities Plaintiffs*

3

BERNSTEIN LITOWITZ BERGER &
   GROSSMANN LLP
G. Anthony Gelderman, III
John Alden Meade
2727 Prytania Street, Suite 14
New Orleans, LA 70130
Telephone: (504) 889-2339
Facsimile: (504) 899-2342

*- and -*

BERNSTEIN LITOWITZ BERGER &
   GROSSMANN LLP
Chad Johnson
William C. Fredericks
Jeremy Robinson
Adam Wierzbowski
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

WOLF POPPER LLP
Marian P. Rosner
Robert C. Finkel
Andrew E. Lencyk
Natalie Mackiel
Matthew Insley-Pruitt
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

*Lead Counsel for Securities Plaintiffs*

4

## CERTIFICATE OF SERVICE

This is to certify that a copy of Lead Plaintiffs' Opposition to Defendants Larry Graham and Alice Schwartz's Motion to Strike was filed on this 12th day of October, 2011 with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

/s/ Richard P. Ieyoub
Richard P. Ieyoub