UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, ET AL., ) | CIVIL ACTION |
| ) | |
| Plaintiff, ) | No. 3:l0-cv-00395-BAJ-CN |
| ) | |
| vs. ) | Consolidated with: |
| ) | |
| AMEDISYS, INC., ET AL., ) | No. 3:10-cv-00441-BAJ-CN |
| ) | No. 3: l0-cv-00464-BAJ-CN |
| Defendants. ) | No. 3:10-cv-00468-BAJ-CN |
| ) | No. 3:10-cv-00470-BAJ-CN |
| ) | No. 3:10-cv-00480-BAJ-CN |
| ) | No. 3:10-cv-00497-BAJ-CN |
| ) | No. 3:l0-cv-00505-BAJ-CN |
| ) | No. 3:l0-cv-00642-BAJ-CN |
| ) | No. 3:10-cv-00732-BAJ-CN |
| ) | |

**RESPONSE OF DEFENDANTS AMEDISYS, INC., WILLIAM F. BORNE, DALE E. REDMAN, JOHN F. GIBLIN, GREGORY BROWNE, AND JEFFERY JETER IN OPPOSITION TO PLAINTIFFS' NOTICE OF FILING**

Lead Plaintiffs The Public Employees' Retirement System of Mississippi and The Puerto Rico Teachers' Retirement System's ("Plaintiffs") notice of filing and request for judicial notice (Docket No. 188) is an improper attempt to introduce matters outside of the pleadings by asking this Court to take judicial notice of unadjudicated and disputed conclusions in the September 2011 U.S. Senate Committee on Finance Staff Report on Home Health and the Medicare Therapy Threshold (S-Prt. 112-24) (the "Senate Report") and to consider the Senate Report in ruling on the pending motions to dismiss the Consolidated Securities Class Action Complaint (the "Complaint"). *See* Docket Nos. 126, 133. Plaintiffs' request not only stretches Federal Rule of Evidence ("FRE") 201 well beyond its breaking point, but, for the reasons stated in Defendants Graham and Schwartz' Motion to Strike (Docket No. 189) ignores this Court's

admonition that "no further leave to address the pending motion will be granted."[1]  *See* Docket No. 173.  For the reasons set forth below, the Court should decline Plaintiffs' improper request for judicial notice of the Senate Report and instead decide the motions to dismiss on the pleadings alone, as required by Federal Rule of Civil Procedure 12(b) and the Private Securities Litigation Reform Act of 1995.

## I. ARGUMENT AND CITATION TO AUTHORITIES

Under FRE Rule 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b).  The Senate Report -- which merely sets forth allegations, conclusions and findings made by unidentified staff of the Senate Finance Committee -- satisfies none of these conditions.  Plaintiffs improperly invite the Court to take judicial notice of the Senate Report because it "clarif[ies] and supplement[s] the allegations in the Complaint,"  *See* Docket No. 188, at 1, n.1, but that argument simply has nothing to do with the requirements of FRE 201.  Indeed, the Fifth Circuit has held that findings and conclusions reached in another proceeding generally cannot be judicially noticed regardless of their supposed relevance to the allegations in a civil complaint.  *Ferguson v. Extraco Mortg. Co.,* 264 Fed. Appx. 351, 352 (5th Cir. 2007) (holding that a court "generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable").

At least two trial courts in this Circuit have rejected the very request the Plaintiffs have made here by refusing to take judicial notice of reports issued by the United States Senate.  *See*

---

[1] The Amedisys Defendants are mindful of the Court's admonition but believe this response to be necessary and appropriate under FRE 201(e).

*American Surgical Assistants, Inc. v. United Healthcare of Texas, Inc.,* No. 4:09-cv-0774, 2010 WL 1340557, at *6 (S.D. Tex. March 30, 2010) ("The Senate Report . . . contains findings, conclusions, disputed facts, and unverified data, which clearly do not satisfy the requirements of Rule 201(b).") (internal quotation marks omitted); *In re Cyberonics Inc. Sec. Litig.,* No. H-05-2121, 2006 WL 2050696, at *3 (S.D. Tex. Jul. 20, 2006) (finding it would be improper to take judicial notice of the findings contained in the Senate Report, as it contained "findings, conclusions, disputed facts, and unverified data, which clearly do not satisfy the requirements of Rule 201(b)"). Plaintiffs have offered no reason to depart from the strictures of FRE 201(b) or the well-settled precedents of *Ferguson, American Surgical,* or *In re Cyberonics*.[2]

It is especially improper to take judicial notice of a Senate Report where the "facts" sought to be noticed are the very ones disputed in the litigation. *See American Surgical Assistants, Inc.*, 2010 WL 1340557, at *6 ("[I]f the Court took judicial notice of the contents of the Senate Report, it would be decisively ruling on a particular issue before it in this very case," which would hinder defendants from presenting their own case on this issue.). To the extent that judicial notice of the Senate Report is permissible at all, it is limited to the mere fact that the Senate Report was issued and does not extend to any particular findings or conclusions in the Report. *See In re Cyberonics Inc. Sec. Litig.,* 2006 WL 2050696, at *3 (finding that while taking judicial notice of the issuance of a report is proper, taking notice of its contents is not). *See also Sims v. Dow Chemical Co.,* No. 08-612-C, 2009 WL 722302, at *5, n.24 (M.D. La. March 18,

---

[2] Plaintiffs argue in their opposition to Defendants Graham and Schwartz' motion to strike that *Ferguson* is inapplicable because it was decided in the context of a summary judgment motion. Docket No. 190 at 2, n.2. But *Ferguson*'s procedural posture has no relevance to the FRE 201 analysis. Under FRE 201(f), judicial notice may be taken "at any stage of the proceeding," but *only* when the facts at issue satisfy the strictures of FRE 201(b). The Fifth Circuit's refusal to judicially notice factual findings made in another proceeding in *Ferguson* was a straightforward application of FRE 201(b) and should be applied here.

2009) (Riedlinger, M.J.); *Causey v. Poret,* No. 07-238-FJP-SCR, 2007 WL 2701969, *4 (M.D. La. Aug. 23, 2007) (Polozola, J.). The cases cited by Plaintiffs, *Love Terminal Partners v. United States,* 97 F. Cl. 355 (2011) and *L.H. v. Schwarzenegger,* 519 F. Supp. 2d 1072 (E.D. Cal. 2007), fail to address this important distinction between the issuance of a report and its contents, when the contents contain disputed facts and unverified data. *See* Docket No. 188, at 1, n.1.

The Senate Report is also outside of the pleadings and therefore irrelevant to the one task before this Court, which is to evaluate the allegations in the Complaint under Rule 12(b)(6), Rule 9(b) and the stringent pleading standards of the PSLRA.[3] When considering a motion to dismiss under Rule 12(b)(6), "a district court must limit itself to the contents of the pleadings, including attachments thereto." *See Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). Plaintiffs concede as much by admitting that a motion to dismiss "simply assesses a complaint's factual allegations, in their totality, to determine whether they suffice to have the case proceed to discovery." Docket No. 190 at 2.

The Senate Report was not attached to the Complaint, but was released **_nine months_** after Plaintiffs filed their Complaint. Plaintiffs cannot at this stage in the litigation request that the Court consider the Senate Report as a "supplement" or "clarification" of the allegations in the Complaint. To permit the Plaintiffs to "supplement" their allegations at this late stage, long after motions were fully and extensively briefed, would make a mockery of Rule 12 and the PSLRA. If Plaintiffs wish to "supplement" their allegations, their only course is to seek leave to amend under Rule 15, which they have not attempted to do. Nor should the court consider the Senate Report "in assessing the plausibility of the underlying allegations already pled" in the Complaint, as Plaintiffs request. Docket No. 190 at 2. As noted above, Rule 12 and Fifth Circuit precedent

---

[3] *See* Amedisys Defendants' Memorandum of Law in Support of Motion to Dismiss, Docket No. 126, for an analysis of the pleading requirements under Rule 9(b) and the PSLRA.

both requires a complaint to be evaluated on its own accord, without regard to the extraneous matters Plaintiffs now wish to inject into the case. Moreover, the question before the court is not merely whether Plaintiffs' allegations of securities fraud are plausible for purposes of Fed. R. Civ. P. 8, but whether they meet the heightened pleadings standards of Rule 9(b) and the PSLRA.

Plaintiffs chose to file their Complaint before the Senate Report was issued and based their allegations on the alleged facts known to them at that time. Plaintiffs cannot now use the Senate Report to add to those allegations, as it is indisputably outside the scope of the Complaint and irrelevant to the Court's evaluation of the allegations under Rule 12(b)(6), Rule 9(b) and the PSLRA. Furthermore, even if the Court were to take judicial notice of the Senate Report, the judicial notice would be limited to the mere fact that the Senate Report was issued and would not include the particular findings or conclusions in the Report.

## II. CONCLUSION

For the foregoing reasons, the Amedisys Defendants respectfully request that Plaintiffs' notice of filing and request for judicial notice of the Senate Report and its findings be denied.

Respectfully submitted this 13th day of October, 2011.

/s/ Richard F. Zimmerman, Jr.
Richard F. Zimmerman, Jr. (#13800)
Julie M. McCall (#29992)
KANTROW SPAHT WEAVER
& BLITZER (APLC)
445 North Blvd., Suite 300
Baton Rouge, LA 70802-5747
P: (225) 383-4703
F: (225) 343-0630

KING & SPALDING LLP
Michael R. Smith
David E. Meadows
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309-3521
P: (404) 572-4600
F: (404) 572-5100
Attorneys for Amedisys Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all participating counsel of record.

This 13th day of October, 2011.

/s/ Richard F. Zimmerman Jr.
Richard F. Zimmerman Jr.

#266347