| | |
|---|---|
| ROBERT F. BACH, et al.<br><br>versus<br><br>AMEDISYS, INC., et al. | Consolidated Securities Class Action<br>Civil Action No. 10-395-BAJ-CN<br><br>Consolidated with Nos. 10-464-BAJ-CN,<br>10-470-BAJ-CN and 10-497-BAJ-CN |

**LEAD PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY AND MEMORANDUM IN SUPPORT THEREOF**

Lead Plaintiffs respectfully move to strike Defendants' Notice of Supplemental Authority for failure to comply with the Court's May 30, 2011 Order (directing that "[n]o further leave to address the pending motion [to dismiss] shall be granted") (ECF No. 173), and for its disregard of the Court's October 18, 2011 Order (which struck a prior submission for being "filed without leave of court" and "bearing no relevance to the issues presently before the Court.") (ECF No. 192). The out-of-Circuit opinion in *Almost Family* (attached to Defendant's Notice) was not only filed without leave, but also bears no relevance here because, *inter alia*:

- *Almost Family* relied on a bare handful of witnesses (4) from an equally small number of the defendant's branch offices to support its allegations of a "rampant" or "company-wide" fraud – whereas the Complaint in ***this*** action is supported by statements from ***54*** witnesses formerly employed at Amedisys offices across the country;

- The loss causation arguments at issue in *Almost Family* are also factually inapposite. For example, (a) the April 2010 *Wall Street Journal* article (cited in both cases as a partial corrective disclosure) contained only a single "brief[]" mention of Almost Family (Op. at 24), but contained material new information ***specifically*** concerning fraud at Amedisys (including fraud allegations by a former Amedisys nurse); and (b) Almost Family's stock price ***rose*** after publication of the *WSJ* article (*id.* at 24, n.8), whereas here Amedisys's stock price ***fell*** after it was published (Cmpl. ¶ 10);

- The *Almost Family* opinion's legal analysis for pleading loss causation is inconsistent with Fifth Circuit precedent, including *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221 (5th Cir. 2009) (per curiam, Justice O'Connor sitting by designation); and

- *Almost Family* relies on arguments regarding the "inactionability" of certain statements – arguments that Amedisys never made and that are based on out-of-Circuit precedent.

Should the Court be inclined to accept Defendants' Notice, Lead Plaintiffs would be prepared to provide a fuller statement of the reasons why the Notice is inapposite.

Dated: February 17, 2012

Respectfully submitted by:

HYMEL DAVIS & PETERSEN
RICHARD P. IEYOUB (26287)

  /s/ Richard P. Ieyoub
RICHARD P. IEYOUB
10602 Coursey Boulevard
Baton Rouge, LA 70816
Telephone: (225) 298-8118
Facsimile: (225) 298-8119

*Liaison Counsel for Securities Plaintiffs*

BERNSTEIN LITOWITZ BERGER &
   GROSSMANN LLP
G. Anthony Gelderman, III
2727 Prytania Street, Suite 14
New Orleans, LA 70130
Telephone: (504) 889-2339
Facsimile: (504) 899-2342

*- and -*

BERNSTEIN LITOWITZ BERGER &
   GROSSMANN LLP
Chad Johnson
William C. Fredericks
Jeremy Robinson
Adam Wierzbowski
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Facsimile: (212) 554-1444

WOLF POPPER LLP
Marian P. Rosner
Robert C. Finkel
845 Third Avenue
New York, NY 10022
Telephone: (212) 759-4600
Facsimile: (212) 486-2093

*Lead Counsel for Securities Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the **Lead Plaintiffs' Motion to Strike Defendants' Notice of Supplemental Authority And Memorandum In Support Thereof** was filed on this 17th day of February 2012, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all participating counsel of record.

                                               /s/ Richard P. Ieyoub
                                               Richard P. Ieyoub