UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT F. BACH, ET AL., | ) | CIVIL ACTION |
| | ) | |
| Plaintiffs, | ) | No. 3:10-cv-00395-BAJ-CN |
| | ) | |
| vs. | ) | Consolidated with: |
| | ) | |
| AMEDISYS, INC., ET AL., | ) | No. 3:10-cv-00441-BAJ-CN |
| | ) | No. 3:10-cv-00464-BAJ-CN |
| Defendants. | ) | No. 3:10-cv-00468-BAJ-CN |
| | ) | No. 3:10-cv-00470-BAJ-CN |
| | ) | No. 3:10-cv-00480-BAJ-CN |
| | ) | No. 3:10-cv-00497-BAJ-CN |
| | ) | No. 3:10-cv-00505-BAJ-CN |
| | ) | No. 3:10-cv-00642-BAJ-CN |
| | ) | No. 3:10-cv-00732-BAJ-CN |
| | ) | |

**DERIVATIVE PLAINTIFFS' RESPONSE TO DEFENDANTS' FOURTH NOTICE
OF SUPPLEMENTAL AUTHORITY**

Defendants again introduce authority that contributes nothing new to what the parties have already briefed. Defendants' latest supplemental authority, *In re Gentiva Health Services, Inc. Derivative Litigation*, Civil Action No. 1:11-cv-03429-SCJ (N.D. Ga. Feb. 11, 2013), appears to be, in large part, a re-hash of the earlier *Gentiva* decision, which Defendants noticed as their second supplemental authority on November 1, 2012. *See* Defendants' Notice & Supplemental Authority filed November 1, 2012 [Dkt. No. 212].

It is of little significance that this case and *Gentiva* were "spawned" by the "same triggering events"—especially with regard to the issue of demand futility. Defendants' Fourth Notice of Supplemental Authority ("Fourth Supp.") filed February 12, 2013 [Dkt. No. 217]; Derivative Plaintiffs' Opposition to All Defendants' Motions to Dismiss the Consolidated Derivative Complaint ("Opp.") at 10, 20 (explaining demand futility is a case-specific determination), 39-40, filed on April 28, 2011 [Dkt. No. 162]. Indeed, Defendants cannot deny that even the "subsequent related congressional and regulatory inquiries" they reference have

treated the Amedisys and Gentiva matters on a case-by-case basis. Fourth Supp. at 1. Whatever minimal factual overlap exists between *Gentiva* and this case happens to be dwarfed by the plethora of particularized facts alleged in Derivative Plaintiffs' Consolidated Complaint that uniquely apply to Amedisys.[1]

Just for example, Derivative Plaintiffs allege numerous particularized facts demonstrating an improper scheme that do not appear to be alleged in *Gentiva*, including, but not limited to: (1) the admission by at least one doctor that he let therapists determine the number of therapy visits for patients (¶179); confirmation of manipulation by former employees (¶¶80-92); suspicious resignations (¶¶11, 14, 52-59, 67-70); earnings that repeatedly beat analyst expectations by significant margins (¶¶10, 108, 110-77); and the plummet in therapy visits provided to patients, as well as earnings, since Amedisys came under intense scrutiny (¶¶190-91, 198, 206-11).[2] *See generally* Opp. at 14-15, 21, 26-27, 35-36, 43-44.

Similarly, Derivative Plaintiffs' allegations of conscious board inaction find few analogs in *Gentiva*. According to *Gentiva*, the plaintiffs did not "provide particularized facts to that how an illegal scheme was revealed to a majority of the Board, or how an illegal scheme would have been revealed if the Board appropriately followed internal procedures." Fourth Supp., Ex. A at 13. "Plaintiffs ***only allege that Defendants were on several of Gentiva's internal committees***," but their allegations did not "show these committees' internal controls revealed an illegal scheme, or how their internal controls would have revealed an illegal scheme if implemented properly." *Id*. Here, however, Derivative Plaintiffs allege numerous, particularized facts that accomplish

---

[1] "Consolidated Complaint" refers to Derivative Plaintiffs' Verified Consolidated Shareholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment filed on January 18, 2011 [Dkt. No. 88].

[2] All paragraphs references ("¶__" or "¶¶__") are to Derivative Plaintiffs' Consolidated Complaint.

exactly what the allegations in *Gentiva* failed to do. These additional particularized facts, over and above the duties of the Audit Committee (¶¶236, 257), include, but are not limited to: prior lessons learned by the Board (¶¶9, 43-46); the two Corporate Integrity Agreements (¶¶9, 46-51, 252); and the Company's Code of Ethical Business Conduct, it's touted "Zero Tolerance Policy," and assurances the Board was taking extensive measures to ensure compliance (¶¶103-07, 158-60, 172-73, 179, 233-35, 259, 263); *see also* Opp. at 22-26. Derivative Plaintiffs further allege several red flags not present in *Gentiva*. Opp. at 28-29.

While *Gentiva* also involves allegations concerning the Board of Director's ("Board") responsibility for improper public statements, the plaintiffs, unlike here, failed "to provide particularized facts that show that the content of these public statements were false or that the Board Defendants knew these public statements were false." Fourth Supp., Ex. A at 14. Derivative Plaintiffs have already explained that the particularized facts in the Consolidated Complaint establish the falsity of defendants' public statements (Opp. at 13-14); that the Court can infer that the director defendants knew the statements were false (*Id.* at 15-17); and that actual knowledge is not necessary, because Derivative Plaintiffs need only show that the director defendants failed to inform themselves of all reasonably available, material information before signing off on statements (*Id.* at 10-11, 15-17). Indeed, confirming that last point, *Gentiva* acknowledged that a board's authorization of an allegedly false public statement is "an affirmative act" subject to analysis under the *Aronson* test. Fourth Supp., Ex. A at 14 n.4 (citing *Aronson v. Lewis*, 473 A.2d 805, 814 (Del. 1984)).

Finally, as with the other cases Defendants have noticed, *Gentiva* does not involve, for example: detailed allegations supporting claims for insider trading (Opp. at 30-37); an improper stock repurchase plan (*Id.* at 17-18); or allegations concerning the prior experience of the

directors on the Board (*Id.* at 27-28).  These factors further support, or provide an independently sufficient basis for, demand futility in this case.

Derivative Plaintiffs are willing to provide the Court with further briefing or information concerning the significant differences between the factual and legal theories asserted in this case and those asserted in *Gentiva* – or any of the other distinguishable decisions that Defendants have submitted as supplemental authority.  However, it is clear from the landslide of unique facts in this case that the *Gentiva* decision offers no new insights for this Court and should be disregarded.

Dated: February 19, 2013

Respectfully submitted by:

ROBBINS ARROYO LLP
BRIAN J. ROBBINS (admitted *pro hac vice*)
KEVIN A. SEELY (admitted *pro hac vice*)
JAY N. RAZZOUK (admitted *pro hac vice*)

/s/ Jay N. Razzouk
JAY N. RAZZOUK

600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile:  (619) 525-3991

COHEN, PLACITELLA & ROTH, P.C.
STEWART L. COHEN
STUART J. GUBER
JILLIAN A.S. ROMAN
2900 Two Commerce Square
2001 Market Street
Philadelphia, PA 19130
Telephone: (215) 567-3500
Facsimile: (215) 567-6019

BRANSTETTER, STRANCH &
   JENNINGS, PLLC
J. GERARD STRANCH, IV
MICHAEL G. STEWART
JOE P.LENISKI, JR.
227 Second Avenue North, 4th Floor
Nashville, TN 37201
Telephone: (615) 254-8801
Facsimile: (615) 250-3937

*Co-Lead Counsel for Derivative Plaintiffs*

CLAYTON AND FRUGE
ANTONIO M. CLAYTON (21191)
MICHAEL FRUGE (26287)
607 N. Alexander Ave.
Port Allen, LA 70767
Telephone: (225) 344-7000

ROBEIN, URANN, SPENCER, PICARD
   & CANGEMI, APL
JULIE RICHARD-SPENCER (#20340)
2540 Severn Avenue, Suite 400 (70002)
Post Office Box 6768
Metairie, LA 70009-6768
Telephone: (504) 885-9994
Facsimile: (504) 885-9969

*Co- Liaison Counsel for Derivative Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on February 19, 2013, a true and correct copy of the above and foregoing Derivative Plaintiffs' Response to Defendants' Fourth Notice of Supplemental Authority was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record on the attached Electronic Mail Notice List by operation of the Court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing on to the following non-CM/ECF participants listed on attached Manual Notice List.

                                      /s/ Jay N. Razzouk
                         JAY N. RAZZOUK (admitted *pro hac vice*)
                         ROBBINS ARROYO LLP
                         600 B Street, Suite 1900
                         San Diego, CA 92101
                         Telephone: (619) 525-3990
                         Facsimile: (619) 525-3991

                         *Co-Lead Counsel for Derivative Plaintiffs*

837689

## Mailing Information for a Case 3:10-cv-00395-BAJ-SCR

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Brandon Scott Andrews**
  sandrews@dueprice.com,robbie@dueprice.com

- **Richard J. Arsenault**
  rarsenault@nbalawfirm.com

- **Donald L. Beckner**
  don@donaldbeckner.com

- **Marshall G. Bennett**
  mbennett@wolfpopper.com,rdiaz@wolfpopper.com

- **Shelton Dennis Blunt**
  bluntd@phelps.com,christy.andra@phelps.com,bayhis@phelps.com

- **Philip Bohrer**
  phil@bohrerlaw.com,shannon@bohrerlaw.com

- **Charles Michael Bollinger**
  mbollinger@nbalawfirm.com,rmonk@nbalawfirm.com

- **Scott E. Brady**
  scott@bohrerlaw.com,greta@bohrerlaw.com

- **Tony Clayton**
  tclaytonlaw@aol.com,michaelfruge@claytonfrugelaw.com,mdyer@claytonfrugelaw.com

- **Thomas W. Darling**
  tdarling@grhg.net,tigerthom@cox.net,tdomingue@grhg.net,firm@grhg.net,al@grhg.net

- **Caitlin Duffy**
  caitlin@sfclasslaw.com

- **Stephen J. Fearon , Jr**
  stephen@sfclasslaw.com,cathy@sfclasslaw.com

- **Robert C. Finkel**
  rfinkel@wolfpopper.com,minsley-pruitt@wolfpopper.com,cdunleavy@wolfpopper.com,alencyk@wolfpopper.com,rdiaz@wolfpopper.com,nmackiel@wolfpopper.com

- **Michael Paul Fruge'**
  michaelfruge@claytonfrugelaw.com,mdyer@claytonfrugelaw.com

- **Jacob A. Goldberg**
  jgoldberg@faruqilaw.com

- **Karleen Joseph Green**
  greenk@phelps.com,creasys@phelps.com

- **Marc I. Gross**
  migross@pomlaw.com

- **Shirin E. Harrell**
  sharrell@harrell-nowak.com

- **Jessica C. Huffman**
  huffmanj@phelps.com,kigganst@phelps.com,terrelld@phelps.com,smithsha@phelps.com,creasys@phelps.com

- **Richard Ieyoub**
  rieyoub@hymeldavis.com,bill@blbglaw.com,marionp@blbglaw.com,jeremy@blbglaw.com,jbragg@hymeldavis.com,adam@blbglaw.com,cwilliams@hymeldavis.com

- **Lewis Stephen Kahn**
  lewis.kahn@ksfcounsel.com

- **Alfred Paul LeBlanc , Jr**
  leblancp@phelps.com

- **Andrew Allen Lemmon**
  andrew@lemmonlawfirm.com,court@lemmonlawfirm.com

- **Joe P Leniski , Jr**
  jleniski@branstetterlaw.com,pmccoy@branstetterlaw.com

- **Jeremy A. Lieberman**
  jalieberman@pomlaw.com

- **Hamilton Lindley**
  hlindley@goldfarbbranham.com,bhamilton@goldfarbbranham.com

- **Julie Moffett McCall**
  julie@kswb.com

- **David E. Meadows**
  demeadows@kslaw.com,gwilson@kslaw.com

- **Patrick Craig Morrow**
  pmorrow@mmrblaw.com,maria@mmrblaw.com,jld@mmrblaw.com

- **Irma L. Netting**
  irma@lemmonlawfirm.com

- **Eric R. Nowak**
  enowak@harrell-nowak.com,tguthrie@harrell-nowak.com,sharrell@hnwewin.com,lstern@bermandevalerio.com,JBlock@bermandevalerio.com,DDevalerio@bermandevalerio.com,kdonovan@bermandevalerio.com

- **Michael E. Ponder**
  judgeponder@gmail.com

- **Olga Anna Posmyk**
  olga@sfclasslaw.com

- **Jay N. Razzouk**
  jrazzouk@robbinsarroyo.com,cbautista@robbinsarroyo.com,notice@robbinsarroyo.com

- **Julie Richard-Spencer**
  jrichard@ruspclaw.com,svanderbrook@ruspclaw.com,rwetzel@ruspclaw.com

- **Brian J. Robbins**
  notice@robbinsarroyo.com

- **Jane Robert**
  robertj@phelps.com,christy.andra@phelps.com,callahag@phelps.com

- **Jillian A. S. Roman**
  jroman@cprlaw.com,kleonetti@cprlaw.com

- **Marian Rosner**
  mrosner@wolfpopper.com

- **Kevin A. Seely**
  kseely@robbinsarroyo.com,notice@robbinsarroyo.com

- **Darren A Shuler**
  dshuler@kslaw.com

- **Steven J. Simerlein**
  ssimerlein@branstetterlaw.com,lcasey@branstetterlaw.com

- **Michael R. Smith**
  mrsmith@kslaw.com

- **Sandra G. Smith**
  ssmith@faruqilaw.com

- **Michael G. Stewart**
  mstewart@branstetterlaw.com,pamg@branstetterlaw.com

- **J. Gerard Stranch**
  gerards@branstetterlaw.com,calebb@branstetterlaw.com,lisac@branstetterlaw.com,pamg@branstetterlaw.com

- **David Tetrick , Jr**
  dtetrick@kslaw.com,bcummins@kslaw.com,danderson@kslaw.com

- **Michael B. Wakefield**
  mwakefield@kslaw.com

- **Laranda Moffett Walker**
  laranda.walker@phelps.com

- **Gerald D. Wells , III**
  jwells@faruqilaw.com,jjenks@faruqilaw.com

- **Douglas Wilens**
  dwilens@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **Richard Franklin Zimmerman , Jr**
  richard@kswb.com,beth@kswb.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Darren          J Robbins**
Robbins Geller Rudman & Dowd LLP
655 West Broadway
Suite 1900
San Diego, CA 92101

**Gerald          H Silk**
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, NY 10019