**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ROBERT F. BACH, ET AL., | ) | CIVIL ACTION |
| Plaintiff, | ) | No. 3:10-cv-00395-BAJ-CN |
| vs. | ) | Consolidated with: |
| AMEDISYS, INC., ET AL., | ) | No. 3:10-cv-00441-BAJ-CN |
| | ) | No. 3:10-cv-00464-BAJ-CN |
| Defendants. | ) | No. 3:10-cv-00468-BAJ-CN |
| | ) | No. 3:10-cv-00470-BAJ-CN |
| | ) | No. 3:10-cv-00480-BAJ-CN |
| | ) | No. 3:10-cv-00497-BAJ-CN |
| | ) | No. 3:10-cv-00505-BAJ-CN |
| | ) | No. 3:10-cv-00642-BAJ-CN |
| | ) | No. 3:10-cv-00732-BAJ-CN |

# STIPULATION OF SETTLEMENT

This Stipulation of Settlement dated as of June 24, 2013 (the "Stipulation") governs the shareholder derivative claims asserted in the above-captioned consolidated derivative actions, as set forth in *Himmel v. Borne, et al.*, Civ. A. No. 3:10-CV-00441-BAJ-CN, U.S.D.C. M.D. La, *Wendland v. Borne, et al.*, Civ. A. No. 3:10-CV-00468-BAJ-CN, U.S.D.C. M.D. La., *Northumberland County Pension Fund v. Borne, et al.*, Civ. A. No. 3:10-CV-00480-BAJ-CN, U.S.D.C. M.D. La., and *Laborers' District Council and Contractors' Pension Fund of Ohio v. Amedisys, Inc., et al.*, Civ. A. No. 3:10-CV-00505-BAJ-CN, U.S.D.C. M.D. La. (together, the "Consolidated Derivative Actions" or the "Action")[1] and is entered into by and among: (i)

[1] Four securities class actions were also filed against Amedisys and officers of the Company and consolidated by the Court for trial on October 21, 2010. They are: (a) *Bach v. Amedisys, Inc.*, No. 10-395-BAJ-CN (filed July 16, 2010); (b) *Isman v. Amedisys, Inc.*, No. 10-464-BAJ-CN (filed July 14, 2010); (c) *Dvinsky v. Amedisys, Inc.*, No. 10-470-BAJ-CN (filed July 16, 2010); and (d*) Brinkley v. Amedisys, Inc.*, No. 10-497-BAJ-CN (filed July 28, 2010) (collectively referred to as the "Consolidated Securities Class Actions"). There were also two ERISA actions filed against Amedisys and directors of the Company that were consolidated by the Court for trial on December 10, 2010. They are: (a) *Corbin v. Amedisys, Inc.*, No. 10-642-BAJ-SCR (filed September 27, 2010); and

Northumberland County Pension Fund, Laborers' District Council and Contractors' Pension Fund of Ohio, Dan Himmel and Paula Wendland (the "Plaintiffs"), on behalf of themselves and derivatively on behalf of nominal defendant Amedisys, Inc. ("Amedisys" or the "Company"), by and through their counsel of record in the Action; (ii) William F. Borne, Dale E. Redman, Jeffrey D. Jeter, Ronald A. Laborde, Jake L. Netterville, David R. Pitts, Peter F. Ricchiuti, Gregory H. Browne, Donald A. Washburn, Larry Graham, and Alice Schwartz (the "Individual Defendants," collectively, with Amedisys, the "Defendants"), by and through their counsel of record in the Action; and (iii) the Company, by and through its counsel of record in the Action (collectively, with the Plaintiffs and the Individual Defendants, the "Settling Parties").

## I. HISTORY OF THE LITIGATION

### A. Procedural History of the Action

Commencing on July 2, 2010, the following actions were filed in the United States District Court for the Middle District of Louisiana (the "Court") as shareholder derivative actions on behalf of nominal defendant Amedisys:

- *Himmel v. Borne, et al.*, Civ. A. No. 3:10-CV-00441-BAJ-CN, U.S.D.C. M.D. La.;
- *Wendland v. Borne, et al.*, Civ. A. No. 3:10-CV-00468-BAJ-CN, U.S.D.C. M.D. La.;
- *Northumberland County Pension Fund v. Borne, et al.*, Civ. A. No. 3:10-CV-00480-BAJ-CN, U.S.D.C. M.D. La.;
- *Laborers' District Council and Contractors' Pension Fund of Ohio v. Amedisys, Inc., et al.*, Civ. A. No. 3:10-CV-00505-BAJ-CN, U.S.D.C. M.D. La.

(b) *Galimba v. Amedisys, Inc.*, No. 10-732-BAJ-SCR (filed October 22, 2010) (collectively referred to as the "Consolidated ERISA Class Actions"). The Court consolidated the Consolidated Derivative Actions, the Consolidated Securities Class Actions and the Consolidated ERISA Class Actions on December 10, 2010 for pretrial purposes. On June 28, 2012, the Court entered an order dismissing the Consolidated Securities Class Actions. The Consolidated Securities Class Actions and the Consolidated ERISA Class Actions are not part of the "Action" for purposes of this Stipulation.

These four cases were consolidated for trial on October 21, 2010. *See* Docket No. 59. In its October 21, 2010 consolidation order, the Court appointed the law firms of Robbins Umeda LLP (now Robbins Arroyo LLP), Cohen, Placitella & Roth, P.C., and Branstetter, Stranch & Jennings, PLLC as Co-Lead Counsel.

In October 2010, Plaintiffs' Co-Lead Counsel began an investigation in preparation for filing a consolidated complaint. Ultimately, the investigation entailed, among other things, a thorough review of public records and many interviews of former employees of Amedisys. On November 22, 2010, after meeting and conferring with counsel for Defendants regarding discovery and case management issues, the Settling Parties filed a joint status report and proposed scheduling order.

On January 18, 2011, Plaintiffs filed a 110 page Verified Consolidated Shareholder Derivative Complaint for Breach of Fiduciary Duty, Waste of Corporate Assets, and Unjust Enrichment ("Consolidated Derivative Complaint") asserting derivative claims on behalf of the Company against the Individual Defendants.

Plaintiffs' Consolidated Derivative Complaint alleges, among other things, that (i) the Individual Defendants breached their fiduciary duties because they authorized or caused the Company to engage in an allegedly fraudulent Medicare billing scheme by directing or incentivizing Amedisys employees to schedule medically unnecessary home therapy appointments solely to trigger additional reimbursements from Medicare; (ii) the Director Defendants breached their fiduciary duty of loyalty by allegedly failing to ensure that an adequate system of internal controls was in place; (iii) the Individual Defendants reviewed and approved allegedly false and/or misleading statements in Amedisys' public filings with the Securities and Exchange Commission ("SEC"), earnings conference calls, and press releases;

(iv) certain Individual Defendants engaged in alleged improper insider trading; (v) the Individual Defendants "wasted" Amedisys assets approving allegedly undeserved incentive compensation to certain of its executive officers; and (vi) the Individual Defendants were unjustly enriched through their alleged wrongful acts and omissions.

On March 21, 2011 and April 11, 2011, Defendants filed motions to dismiss the Consolidated Derivative Complaint. Defendants argued, among other things, that Plaintiffs had failed to (i) adequately allege that they were legally excused from making a pre-suit demand on Amedisys' Board of Directors (the "Board"), (ii) adequately allege and verify that they had continuously held Amedisys stock, and (iii) state a claim upon which relief could be granted. On April 28, 2011, Plaintiffs filed their brief in opposition to the two motions to dismiss. Defendants filed their reply briefs on May 31, 2011 and thereafter filed four notices of supplemental authority with the Court on July 9, 2012, November 1, 2012, November 8, 2012, and February 12, 2013, which Plaintiffs responded to on July 11, 2012, November 7, 2012, November 14, 2012, and February 19, 2013, respectively.

### B. <u>Settlement Negotiations</u>

On November 27, 2012, after substantial review and analysis of the Company's corporate governance, consultation with a corporate governance expert, and review of the findings of the Senate Finance Committee, among other considerations, Plaintiffs Co-lead Counsel initiated settlement discussions with Defendants' counsel.

In early 2013 after some initial discussions, the Settling Parties agreed to voluntary mediation in order to explore resolution of the Action. On March 28, 2013, after submitting extensive mediation statements, the Settling Parties participated in an all-day mediation conducted by an experienced, independent and neutral mediator, Mark A. Buckstein of

Professional Dispute Resolutions, Inc. (the "Mediator"). Mr. Buckstein has over twenty (20) years experience as a nationally renowned mediator and arbitrator. He is very familiar with corporate governance issues, having served as a member of the board of directors of several boards including International Specialty Products, Inc., GAF Corporation and Trans World Airlines, Inc. among others.

After extensive, arm's-length negotiations with the assistance and involvement of the Mediator, the Settling Parties made substantial progress toward settling this matter and reached agreement on all the substantive terms of the corporate governance relief embodied in the Settlement. As part of these negotiations, Plaintiffs sought document discovery and the opportunity to conduct interviews of key Company personnel familiar with the issues raised in the Consolidated Derivative Complaint in order to confirm the reasonableness of the corporate governance reforms embodied in the Settlement. After resolving the substantive issues and scope of discovery to confirm the reasonableness and fairness of the Settlement, the parties began negotiating the amount of attorneys' fees and costs to Plaintiffs' counsel and a proposed petition to seek an incentive award on behalf of the named Plaintiffs who participated in the Action. The parties could not agree upon a final resolution as to the fees and costs issue on that date and the Mediator made a mediator's proposal. After several more days of negotiations, the Parties agreed that Plaintiffs' counsel would receive $445,000 in total, which would include attorneys' fees and costs, and any incentive award to the named Plaintiffs. As a result of these negotiations, the Settling Parties agreed upon a Settlement Term Sheet setting forth the terms on which the Action would be settled, subject to certain conditions, including negotiation and execution of a mutually acceptable definitive settlement agreement, Court approval of the Settlement, and the dismissal with prejudice of the Action.

Plaintiffs then conducted discovery aimed at determining whether or not the Settlement was fair and reasonable to the Company and its shareholders and merited submission to the Court for determining whether to approve the Settlement. Defendants produced thousands of pages of documents which included: (i) relevant excerpts from board minutes and compliance reports to the board from February 2007 through October 2010; (ii) Rule 10b5-1 trading plans for the Individual  Defendants from January 1, 2005 through December 31, 2010; (iii) Insider trading policies in effect at Amedisys from January 1, 2005 through December 31, 2010; (iv) The Marwood Report, Amedisys Bylaws, Articles of Incorporation, and other documents cited to in Amedisys' motion to dismiss; (v) Amedisys compliance plans from January 1, 2007 through December 31, 2010; (vi) Executive compensation plans from January 1, 2007 through December 31, 2010; (vii) Compliance presentations to employees from January 1, 2007 through December 31, 2010; (viii) Amedisys operating manuals in effect from January 1, 2007 through December 31, 2010; and (ix) Amedisys employee handbook in effect from January 1, 2007 through December 31, 2010. Plaintiffs also conducted interviews of Jeffrey Jeter, who has been the Company's Chief Compliance Officer since 2007 and Tasha Mears, former Amedisys SVP of Clinical Operations and currently SVP of Clinical Informatics. Plaintiffs' Co-Lead Counsel's review and analysis along with the interviews conducted of key Amedisys personnel confirmed the reasonableness of the Settlement.

## II. CLAIMS OF THE PLAINTIFFS AND BENEFITS OF THE SETTLEMENT

Plaintiffs believe that the substantive allegations of wrongdoing and liability pleaded against Defendants in the Consolidated Derivative Complaint have merit.  Nonetheless, Plaintiffs and Plaintiffs' Co-Lead Counsel recognize and acknowledge the expense and length of time that would be required to prosecute the Action through trial and appeal. Plaintiffs have also taken into

account the uncertain outcome and the risk of any litigation, especially in complex cases such as this Action. Plaintiffs have also factored in the inherent problems of proof and possible defenses to the claims asserted in the Action. Based on their evaluation, Plaintiffs' Co-Lead Counsel have determined that the Settlement set forth in this Stipulation confers substantial benefits upon the Company, and is fair, adequate, reasonable, and in the best interests of Plaintiffs and the Company. Accordingly, Plaintiffs have agreed to settle the Action pursuant to the terms and provisions of the Stipulation after considering, *inter alia*, the benefits that Amedisys and its shareholders will receive when weighed against the risks, expense, and duration of continued litigation.

## III. THE COMPANY'S DENIALS OF WRONGDOING AND LIABILITY

The Company has denied and continues to deny each and all of the claims in the Action. The Company believes that the Individual Defendants at all relevant times acted in good faith, with due care, and in the best interests of the Company and the Company's shareholders. Further, the Company believes that it would have prevailed on its motion to dismiss the Consolidated Derivative Complaint. Nonetheless, the Company concluded that further conduct of the Action could be protracted and expensive, and could distract the Board, management, and workforce from their jobs to the detriment of the Company's shareholders, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Further, the Company acknowledges that the settlement set forth in this Stipulation confers substantial benefits upon the Company, and is fair, reasonable, adequate, and in the best interests of Amedisys and its shareholders.

## IV. INDIVIDUAL DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Individual Defendants have denied and continue to deny each and all of the claims alleged against them by Plaintiffs in the Action. The Individual Defendants expressly deny all

charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Action and deny any and all allegations that Plaintiffs, the Company, or the Company's shareholders suffered recoverable damages or are entitled to equitable relief as a result of any action or inaction by the Individual Defendants. The Individual Defendants firmly believe this Action to be without merit and further assert that, at all relevant times, they acted in good faith, with due care, and in a manner they reasonably believed to be in or not opposed to the best interests of the Company and the Company's shareholders. The Individual Defendants believe it is in the Company's and their best interests that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation because, among other things, further conduct of the Action could be protracted and expensive, and could further distract the Board, management, and workforce from their jobs. Further, the Individual Defendants acknowledge that the settlement set forth in the Stipulation confers substantial benefits upon the Company, and is fair, reasonable, adequate, and in the best interests of Amedisys and its shareholders.

## V. THE SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and derivatively on behalf of the Company), the Individual Defendants, and the Company, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court presiding over the Action, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as set forth herein.

### 1. Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1 "Action" means the shareholder derivative claims asserted in the above-captioned Consolidated Derivative Actions, as set forth in *Himmel v. Borne, et al.*, Civ. A. No. 3:10-CV-00441-BAJ-CN, U.S.D.C. M.D. La, *Wendland v. Borne, et al.*, Civ. A. No. 3:10-CV-00468-BAJ-CN, U.S.D.C. M.D. La., *Northumberland County Pension Fund v. Borne, et al.*, Civ. A. No. 3:10-CV-00480-BAJ-CN, U.S.D.C. M.D. La., and *Laborers' District Council and Contractors' Pension Fund of Ohio v. Amedisys, Inc., et al.*, Civ. A. No. 3:10-CV-00505-BAJ-CN, U.S.D.C. M.D. La. The Consolidated Securities Class Actions and the Consolidated ERISA Class Actions shall not be considered as part of the "Action" for purposes of this Stipulation.

1.2 "Affiliate" means (i) any person or entity of which the subject party owns, directly or indirectly, more than fifty percent (50%) of the issued and outstanding voting stock or in which the subject party owns, directly or indirectly, more than a fifty percent (50%) interest; (ii) any person or entity controlled, directly or indirectly, through one or more intermediaries by the subject party; (iii) any person or entity controlling the subject party, directly or indirectly, through one or more intermediaries; or (iv) any person or entity controlled by a person or entity controlling the subject party, directly or indirectly, through one or more intermediaries. "Control" for the purposes of this definition means the direct or indirect power to direct or cause the direction of the management or policies of an entity, whether through the ownership of voting securities, by contract, or otherwise.

1.3 "Company" or "Amedisys" means Amedisys, Inc., and its present and former parents, subsidiaries, Affiliates, partnerships, joint ventures, and other business associations, and each and all of their respective past, present, or future, trustees, conservators, personal representatives, estates, administrators, predecessors, successors, and assigns.

1.4 "Effective Date" means the first date upon which all of the events and conditions specified in ¶ 6.1 of the Stipulation shall have been met and shall have occurred.

1.5 "Fee and Expense Amount" means the agreed-upon amount the Company (or its insurer on its behalf) will pay for the attorneys' fees and expenses, subject to Court approval, in an amount not to exceed $445,000 in recognition of the substantial benefits conferred on Amedisys by the Settlement. Such amount shall include all attorneys' fees and costs that may be due any counsel or party who has asserted, or participated in the assertion of, derivative claims on behalf of Amedisys in any court and any incentive payment awarded by the Court to any of the named Plaintiffs up to $5,000 each for their participation in the Action (the incentive payment to Plaintiffs is also referred to as the "Incentive Amount").

1.6 "Final" means (i) the date of final affirmance on an appeal of the Judgment (as defined in ¶ 1.9), the expiration of the time for a petition for or a denial of writ of review to review the Judgment and, if the writ is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from Judgment or the final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on writ of review to review the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment approving the Stipulation, *i.e.*, thirty (30) days after entry of the Judgment. Any proceeding or order, or any appeal or petition for a writ of review pertaining solely to the award of attorneys' fees, costs, or expenses to Co-Lead Counsel, or any other counsel representing a shareholder seeking to assert any of the Released Claims against any of the Released Persons, or to the incentive payments awarded to Plaintiffs, shall not in any way delay or preclude the Judgment from becoming Final.

1.7 "Individual Defendants" means William F. Borne, Dale E. Redman, Jeffrey D. Jeter, Ronald A. Laborde, Jake L. Netterville, David R. Pitts, Peter F. Ricchiuti, Gregory H. Browne, Donald A. Washburn, Larry Graham, Alice Schwartz, and any other individuals currently or formerly named as defendants in the Action.

1.8 "Director Defendants" means William F. Borne, Ronald A. Laborde, Jake L. Netterville, David R. Pitts, Peter F. Ricchiuti, Donald A.Washburn, and any other directors of Amedisys currently or formerly named as defendants in the Action.

1.9 "Judgment" means the "Judgment and Order of Dismissal With Prejudice" to be entered by the Court, substantially in the form attached hereto as Exhibit C.

1.10 "Co-Lead Counsel" means the firms appointed by the Court as Co-Lead Counsel for the Plaintiffs in the Action: Robbins Arroyo LLP, Cohen, Placitella & Roth, P.C., and Branstetter, Stranch & Jennings, PLLC.

1.11 "Person" means an individual, corporation, limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.12 "Released Claims" shall mean any and all claims (including "Unknown Claims" as defined in ¶ 1.17 below), demands, rights, actions, causes of action, liabilities, damages, losses, or obligations belonging to Plaintiffs or the Company (whether asserted by the Company or any Amedisys shareholder or any other person derivatively on behalf of the Company), whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been, or could have been,

asserted in this Action or in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal or state law relating to alleged fraud, breach of any duty, negligence, violations of the federal or state securities laws, or otherwise) whether legal, equitable, or any other type or in any other capacity against the Released Persons which have arisen, could have arisen, arise now, or hereafter arise out of, or relate in any manner to, the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or any series thereof, embraced, involved, set forth, or otherwise related, directly or indirectly, to the facts alleged in any and all complaints filed in this Action and any filings or statements (including, but not limited to, public statements) by any of the Released Persons in connection with the allegations in this Action; *provided, however,* that "Released Claims" shall not be construed to limit or release (i) any claims to enforce the terms of this Stipulation; (ii) any claims by Amedisys or any of its present or former directors, officers, or employees (or any other person or entity who is covered by the relevant insurance policies) against the current or former insurers of Amedisys; or (iii) any claims asserted in the Consolidated Securities Class Actions or Consolidated ERISA Class Actions. It is the intent of the Settling Parties that no action may hereafter be brought by the Company or prosecuted derivatively on behalf of the Company which arises from or relates to the subject matter of the Action, and the Judgment entered in the Action will accordingly bar all Released Claims from being asserted against the Released Persons by the Company or derivatively by any Amedisys shareholder or any other person on the Company's behalf.

1.13 "Released Persons" means the Individual Defendants in the Action and all present and former directors, officers, employees, agents, and representatives of the Company, including any of their family members, Affiliates and associates, and each and all of their respective past

or present representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, partners, personal representatives, estates, administrators, predecessors, successors, and assigns, but excluding the Company's and Released Persons' insurers.

1.14 "Plaintiffs" means Dan Himmel, Paula Wendland, Northumberland County Pension Fund, and Laborers' District Council and Contractors' Pension Fund of Ohio.

1.15 "Settlement" means the terms and conditions set forth in this Stipulation.

1.16 "Settling Parties" means, collectively, each of the Individual Defendants, the Company, and the Plaintiffs on behalf of themselves and the Company.

1.17 "Unknown Claims" means any and all claims based on, related to, or in connection with the Action or which could have been asserted in the Action based on, related to, or in connection with the facts asserted in the Action, now existing or hereafter arising, that Plaintiffs and the Company do not know or suspect to exist in their or its favor at the time they agree to the releases contained herein, which, if known by them or it, might have affected their or its agreement to the Settlement and/or the releases contained herein, or might have affected their or its decision not to object to this Settlement.

**2. Corporate Governance and Internal Control Undertakings**

2.1 As a result of the initiation, prosecution and settlement of the Action, the Company has agreed to adopt certain corporate governance and compliance measures and maintain certain existing governance and internal controls as specified in Exhibit A hereto. The Company acknowledges that the measures specified in Exhibit A are intended to strengthen the Company's corporate governance and internal controls, and that the new measures being adopted are not required by law. Amedisys and the Director Defendants also acknowledge that the

prosecution and settlement of the Action were substantial factors in their decision to adopt and/or implement the corporate governance and compliance measures.

**3. Preliminary Approval Order and Settlement Hearing**

3.1 As soon as practicable after the execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of an order, substantially in the form of Exhibit B attached hereto, preliminarily approving the Settlement and providing for publication of notice to the Company's shareholders of the hearing on this Settlement (the "Preliminary Approval Order"). Such order shall specifically include provisions that will:

(a) Preliminarily approve this Stipulation and the Settlement set forth herein;

(b) Approve the "Notice of Settlement of Amedisys, Inc. Derivative Action" (the "Notice") substantially in the form of Exhibit D attached hereto, to be filed by Amedisys with the SEC on Form 8-K and made accessible on Amedisys' corporate website;

(c) Approve the "Summary Notice of Settlement of Amedisys, Inc. Derivative Litigation" substantially in the form of Exhibit E attached hereto, to be published in the national edition of *Investor's Business Daily*, *USA Today*, and in a press release issued over *PR Newswire*;

(d) Find that the Notice given pursuant to subparagraphs (b) and (c) above constitutes valid, due, reasonable, and sufficient notice to the Company's shareholders;

(e) Schedule a hearing (the "Settlement Hearing") to be held by the Court to determine whether the proposed settlement of the Action as contained in this Stipulation should be finally approved as fair, reasonable, and

adequate and whether the Judgment approving the Settlement should be entered;

(f) Provide that any objections by eligible Amedisys shareholders to (i) the proposed Settlement contained in this Stipulation; (ii) the attorneys' fees and expenses amount to Plaintiffs' Co-Lead Counsel; (iii) any incentive payments awarded to named Plaintiffs; or (iv) the entry of the Judgment approving the Settlement, shall be heard and any papers submitted in support of said objections shall be received and considered by the Court at the hearing only if Persons making objections file notice of their intention to appear and copies of any papers in support of their position with the Clerk of the Court and serve such notice and papers on counsel as identified in the Notice prior to a date to be specified in the Notice;

(g) Provide that pending final determination of whether the Settlement contained in this Stipulation should be approved, neither Plaintiffs, nor any Amedisys shareholders, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Persons;

(h) Provide that the Settlement Hearing may, from time to time and without further notice to the Company's shareholders, be continued or adjoined by order of the Court; and

(i) Provide that all costs associated with the giving of the Notice provided in ¶¶ 3.1(b) and (c) shall be borne by the Company.

**4. Release, Waiver, and Covenant Not to Sue**

4.1 Upon the Effective Date, as defined in ¶ 1.4, Plaintiffs, the Company, and any shareholder of the Company claiming in the right of, or on behalf of the Company shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement or resolution of the Action against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

4.2 With regard to the releases contained herein, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs and the Company shall be deemed to have expressly waived, and by operation of the Judgment shall have fully, finally and forever waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

In addition, upon the Effective Date, Plaintiffs and the Company shall be deemed to have expressly waived, and by operation of the Judgment shall have fully, finally and forever waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

Plaintiffs and/or the Company may hereafter discover facts in addition to or different from those which they or it now know or believe to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, Plaintiffs and the Company shall be deemed

to have expressly waived, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

4.3 Upon the Effective Date, as defined in ¶ 1.4, each of the Individual Defendants and their estates or administrators, and the Company and its parent entities, affiliates, subsidiaries, partnerships or joint ventures shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims or demands arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action and/or the Released Claims.

4.4 The releases contained herein shall not be construed to limit or release (i) any claims to enforce the terms of this Stipulation or (ii) any claims by Amedisys or any of its present or former directors, officers, or employees (or any other person or entity who is covered by the relevant insurance policies) against the current or former insurers of Amedisys.

**5. Co-Lead Counsels' Attorney's Fees and Reimbursement of Expenses**

5.1 In recognition of the substantial benefits conferred upon Amedisys as a direct result of the prosecution and Settlement of the Action, and subject to Court approval, the Company (or its insurer on its behalf) will pay attorneys' fees and expenses awarded by the Court, not to exceed $445,000, which shall include all attorneys' fees and costs that may be due any counsel (or anyone else) who has asserted, or participated in the assertion of, derivative claims on behalf of Amedisys in any court and any incentive payments to named Plaintiffs awarded by the Court.

5.2 The determination and approval of the Fee and Expense Amount and Incentive Amount as set forth in ¶ 5.1 is not a condition of the Settlement. The Company (or its insurer on its behalf) shall cause such fees and expenses and any award to named Plaintiffs as approved by the Court to be paid to Cohen, Placitella & Roth, P.C. on behalf of Co-Lead Counsel and named Plaintiffs within ten (10) business days following the Court's order of a final approval order approving the Settlement. The Company shall not be obligated to pay any interest on such fees and expenses approved by the Court if paid within the specified time. Except as expressly provided herein, neither the Company nor the Individual Defendants shall be liable for any of Plaintiffs' attorneys' fees or expenses and any award to named Plaintiffs in connection with the Action.

5.3 If and when, as a result of any further order of the Court, appeal, further proceedings on remand, or successful collateral attack by any party other than the Settling Parties, the Settlement or Fee and Expense Amount is not approved or is overturned on appeal or this Stipulation is terminated or cancelled, Co-Lead Counsel shall refund to the Company (or its insurer, as directed by Defendants' counsel) the full amount of the Fee and Expense Amount paid, with accrued interest thereon, within 10 business days.

5.4 Any order or proceedings related to the Fee and Expense Amount to Co-Lead Counsel or the Incentive Amount, or any appeal from any order relating thereto or reversal or modification thereof, shall not modify, terminate, or cancel the Settlement set forth in the Stipulation, or affect or delay the finality of the Judgment approving the Settlement of the Action.

**6. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

6.1 The Effective Date shall be conditioned on the occurrence of all of the following events:

(a) The Court has preliminarily approved the settlement and entered the Preliminary Approval Order as required above by ¶ 3.1, substantially in the form of Exhibit B attached hereto; and

(b) The Court has entered the Judgment, substantially in the form of Exhibit C attached hereto, and the Judgment has become Final, as defined above in ¶ 1.6.

6.2 If all of the conditions specified in ¶ 6.1 are not met, then this Stipulation shall be canceled and terminated subject to ¶ 6.3, unless Co-Lead Counsel, counsel for the Individual Defendants, and counsel for the Company mutually agree in writing to proceed with the Settlement.

6.3 In the event that this Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated, fails to become effective in accordance with its terms, or is materially modified on appeal or remand, the Settling Parties shall be restored to their respective positions in the Action as of May 7, 2013. In such event, the terms and provisions of this Stipulation, with the exception of paragraphs 3.1(h), 6.2, 6.3, 7.3, and 7.14 herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and the Judgment shall be treated as vacated with retroactive legal effect.

**7. Additional Provisions**

7.1 The Settling Parties (i) acknowledge that it is their intent to consummate this Stipulation and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

7.2 The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Action and the Released Claims. The Settlement compromises claims which are contested and shall not be deemed an admission by any of the Settling Parties as to the merits of any claim, allegation, or defense.

7.3 Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Released Persons or the Company; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omissions of any of the Released Persons or the Company in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.

7.4 The Released Persons and/or the Company may file this Stipulation, the Preliminary Approval Order, and/or the Judgment in any action that may be brought or is pending against the Released Persons and/or the Company asserting any Released Claims in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or to enjoin further prosecution of any pending action. The Released Persons and/or the Company also may file this Stipulation and/or the Judgment in any action that may be brought by Plaintiffs against the Released Persons and/or the Company asserting any individual or direct claims arising out of, relating to, or in connection with the Settlement or resolution of the Action.

7.5 All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

7.6 All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by reference.

7.7 This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.8 This Stipulation and the Exhibits hereto constitute the entire agreement among the parties hereto, and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

7.9 Co-Lead Counsel is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms, and also is expressly authorized to enter into any modifications or amendments to this Stipulation which Co- Lead Counsel deems appropriate.

7.10 Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

7.11 This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court.

7.12 This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

7.13 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of

the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

7.14 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered and to be wholly performed in the State of Louisiana, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Louisiana without giving effect to that State's choice of law principles.

IN WITNESS WHEREOF, the parties have caused this Stipulation to be executed, by their duly authorized attorneys, dated as of June 24, 2013.

**COHEN, PLACITELLA & ROTH, P.C.**

Stewart L. Cohen *(admitted pro hac vice)*
Stuart J. Guber *(admitted pro hac vice)*
Jillian A.S. Roman *(admitted pro hac vice)*
Two Commerce Square
2001 Market Street
Suite 2900
Philadelphia, PA 19103
Telephone: 215.567.3500
Facsimile: 215.567.6019

**ROBBINS ARROYO LLP**

Brian J. Robbins *(admitted pro hac vice)*
Kevin A. Seely *(admitted pro hac vice)*
Jay N. Razzouk *(admitted pro hac vice)*
600 B Street
Suite 1900
San Diego, CA 92101
Telephone: 619.525.3990
Facsimile: 619.525.3991

**BRANSTETTER, STRANCH & JENNINGS, PLLC**

J. Gerard Stranch, IV *(admitted pro hac vice)*
Michael G. Stewart *(admitted pro hac vice)*
Joe P. Leniski, Jr. *(admitted pro hac vice)*

227 Second Avenue North
Fourth Floor
Nashville, TN 37201
Telephone: 615.254.8801
Facsimile: 615.250.3937

***Co-Lead Counsel for Derivative Plaintiffs***

[signatures continued on next page]

**KING & SPALDING LLP**

______________________________

Michael R. Smith *(admitted pro hac vice)*
David E. Meadows *(admitted pro hac vice)*
1180 Peachtree Street N.E.
Atlanta, GA 30309
Telephone: 404.572.4600
Facsimile: 404.572.5100

**KANTROW, SPAHT, WEAVER & BLITZER**

Richard Zimmerman (By DEM w/ express permission)
______________________________

Richard Franklin Zimmerman, Jr. (#13800)
Julie M. McCall (#29992)
P.O. Box 2997
445 North Blvd., Suite 300
Baton Rouge, LA 70821
Telephone: 225.383.4703
Facsimile: 225.343.0630

***Attorneys for Nominal Defendant Amedisys, Inc.; and Individual Defendants William F. Borne, Dale E. Redman, Jeffrey D. Jeter, Ronald A. Laborde, Jake L. Netterville, David R. Pitts, Peter F. Ricchiuti, Gregory H. Browne, Donald A. Washburn***

[signatures continued on next page]

**PHELPS DUNBAR, LLP**

______________________________

Shelton Dennis Blunt (#21230)
Alfred Paul LeBlanc, Jr. (#23186)
Jane A. Robert (#19123)
400 Convention Street, Suite 1100
Baton Rouge, LA 70802
Telephone: 225.346.0285
Facsimile: 225.381.9197

***Attorneys for Individual Defendants Larry Graham and Alice Schwartz***