UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| ROBERT F. BACH, ET AL., | ) | CIVIL ACTION |
|---|---|---|
| Plaintiff, | ) ) ) | No. 3:10-cv-00395-BAJ-CN |
| vs. | ) ) | Consolidated with: |
| AMEDISYS, INC., ET AL., | ) ) | No. 3:10-cv-00441-BAJ-CN |
| | ) | No. 3:10-cv-00464-BAJ-CN |
| Defendants. | ) | No. 3:10-cv-00468-BAJ-CN |
| | ) | No. 3:10-cv-00470-BAJ-CN |
| | ) | No. 3:10-cv-00480-BAJ-CN |
| | ) | No. 3:10-cv-00497-BAJ-CN |
| | ) | No. 3:10-cv-00505-BAJ-CN |
| | ) | No. 3:10-cv-00642-BAJ-CN |
| | ) | No. 3:10-cv-00732-BAJ-CN |
| | ) | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND APPROVING THE FORM AND MANNER OF NOTICE

The parties to the above-captioned consolidated derivative actions, as set forth in *Himmel v. Borne, et al.*, Civ. A. No. 3:10-CV-00441-BAJ-CN, U.S.D.C. M.D. La, *Wendland v. Borne, et al.*, Civ. A. No. 3:10-CV-00468-BAJ-CN, U.S.D.C. M.D. La., *Northumberland County Pension Fund v. Borne, et al.*, Civ. A. No. 3:10-CV-00480-BAJ-CN, U.S.D.C. M.D. La., and *Laborers' District Council and Contractors' Pension Fund of Ohio v. Amedisys, Inc., et al.*, Civ. A. No. 3:10-CV-00505-BAJ-CN, U.S.D.C. M.D. La. (together, the "Action"),[1] having applied for an Order to approve preliminarily the proposed settlement of the Action in accordance with the Stipulation of Settlement entered into by the parties on June 24, 2013 (the "Stipulation"), and for the dismissal of the Action with prejudice upon the terms and conditions set forth in the

---

[1] Neither the Consolidated Securities Class Actions nor the Consolidated ERISA Class Actions are part of the "Action" for purposes of this Order.

Stipulation, and the Court having read and considered the Stipulation and accompanying documents, and all parties having consented to the entry of this Order,

**NOW, THEREFORE,** upon application to the parties, **IT IS HEREBY ORDERED** as follows:

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order.

2. The Court finds the Plaintiffs to be adequate representatives for purposes of the Settlement.

3. The Settlement appears to be the product of serious, informed, and non-collusive negotiations conducted in good faith and with due care, with the assistance of an independent mediator, has no obvious deficiencies, provides value to Amedisys, Inc. ("Amedisys" or the "Company"), and falls within the range of possible approval, and, therefore, merits further consideration.

4. The Court preliminarily finds that the Settlement is fair, reasonable, adequate and in the best interests of the Company and its shareholders.

5. Co-Lead Counsel and counsel for the Defendants are authorized to take any action required by the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

6. The Court has scheduled a Settlement Hearing, which will be held on **Wednesday, September 4, 2013, at 9:30 a.m.**, in Courtroom 2 at the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, Louisiana 70801, to consider:

a. Whether the terms and conditions of the Settlement are fair, reasonable, adequate, and in the best interests of Amedisys and its shareholders;

b. Whether a Judgment and Order of Dismissal With Prejudice in the form submitted by the parties with the Stipulation, dismissing the Action with prejudice, releasing the Released Claims as to the Released Persons, and enjoining the prosecution of any and all Released Claims as against the Released Persons, with each party to bear its, his, or her own costs expect as otherwise provided, should be entered by the Court;

c. Whether the agreed-to Fee and Expense Amount should be approved;

d. Whether the Incentive Amount should be approved; and

e. Such other matters as the Court may deem necessary and appropriate.

7. The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein without further notice to the Company's shareholders.

8. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties to the Action and without further notice to the Company's shareholders.

9. The Court approves, as to form and content, the "Notice of Settlement of Amedisys, Inc. Derivative Litigation" substantially in the form of Exhibit D attached to the Stipulation (the "Notice") and the "Summary Notice of Settlement of Amedisys, Inc. Derivative Litigation" substantially in the form of Exhibit E attached to the Stipulation (the "Summary Notice"). The Court finds that (1) Amedisys' publication of the Notice by filing it with the SEC on Form 8-K and by making it accessible on Amedisys' corporate website, together with (2)

- 3 -
Case 3:10-cv-00395-BAJ-SCR   Document 225   06/27/13   Page 3 of 6

publication of the Summary Notice in the national edition of *Investor's Business Daily*, *USA Today*, and in a press release issued over *PR Newswire*, meets the requirements of Fed. R. Civ. P. 23.1 and constitutes valid, due, reasonable, and sufficient notice of all matters relating to the Settlement.

10. All costs incurred in publishing the Notice shall be paid by the Company.

11. The Settling Parties and their representatives shall undertake administrative responsibilities for providing notice to the Company's shareholders as follows:

   a. No later than **July 6 2013**, Amedisys shall file a copy of the Notice with the SEC on Form 8-K and make a copy of the Notice accessible on Amedisys' corporate website;

   b. No later than **July 6, 2013**, the Company shall cause a copy of the Summary Notice to be published once in the national edition of Investor's Business Daily, USA Today, and in a press release issued over PR Newswire;

   c. **At least fourteen (14) days prior to the Settlement Hearing**, Amedisys shall file with the Court and serve on Co-Lead Counsel proof, by affidavit or declaration, of such publication.

12. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and suspended until further Order of this Court. Until further Order of the Court, Plaintiffs, the Company, Co-Lead Counsel, and all of the Company's shareholders, either directly, representatively, derivatively, or in any other capacity, are barred and enjoined from commencing, prosecuting, instigating, or

in any way participating in the commencement or prosecution of any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Persons.

13. Any Amedisys shareholder may appear and show cause if he, she, or it has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Co-Lead Counsel; provided, however, that no Amedisys shareholder shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Co-Lead Counsel, unless that person files and serves his, her, or its objection **at least fourteen (14) days prior to the date of the above referenced hearing**, in accordance with the terms and conditions for objecting set forth in the Notice.

14. If the Settlement provided for in the Stipulation shall be approved by the Court following the Settlement Hearing, a Judgment shall be entered as described in the Stipulation.

15. In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated, fails to become effective in accordance with its terms, or is materially modified on appeal or remand, the Settling Parties shall be restored to their respective positions in the Action as of May 7, 2013. In such event, the terms and provisions of the Stipulation, with the exception of paragraphs 3.1(h), 6.2, 6.3, and 7.14 therein, shall have no further force and effect

- 5 -
Case 3:10-cv-00395-BAJ-SCR   Document 225   06/27/13   Page 5 of 6

with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated with retroactive legal effect.

IT IS SO ORDERED.

DATED: 6/26/13

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA