# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, ET AL.<br><br>                Plaintiff,<br><br>   v.<br><br>AMEDISYS, INC., ET AL.<br><br>                Defendants. | Civil Action No. 10-395-BAJ-CN<br><br>Consolidated with:<br>  No. 10-441-BAJ-CN<br>  No. 10-464-BAJ-CN<br>  No. 10-468-BAJ-CN<br>  No. 10-470-BAJ-CN<br>  No. 10-480-BAJ-CN<br>  No. 10-497-BAJ-CN<br>  No. 10-505-BAJ-CN<br>  No. 10-642-BAJ-CN<br>  No. 10-732-BAJ-CN |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED ERISA COMPLAINT**

On July 18, 2013, Defendants submitted, the Fifth Circuit's recent decision *Knopp v. Klein,* No. 12-10416, 2013 Westlaw 3449866 (5th Cir. July 9, 2013), in further support of their motion to dismiss (D.E. #161). *See* Defendants' Notice of Supplement Authority In Support of Their Motion to Dismiss the Consolidated ERISA Complaint (D.E. #231) ("Notice"). Defendants assert that *Knopp* warrants dismissal of the instant action. *See* Notice at 1. Respectfully, nothing could be further from the truth.

It is true that in *Knopp*, the Fifth Circuit held that the presumption of prudence is applied on a motion to dismiss. *Knopp,* 2013 Westlaw 3449866, at *5. However, in applying the presumption, the Fifth Circuit recognized in *Knopp* that this was a specific inquiry into plaintiff's particular pleadings and presented a "narrow" question – whether the "amended complaint plead

1

factual matter that, if taken as true, state[d] a claim for breach of fiduciary duty under ERISA."[1] *Id.* at \*\*4-5. In *Knopp,* the Fifth Circuit noted that plaintiff had "clearly" alleged facts that, if proven, would demonstrate that defendants "had reason to be concerned" about the company's "future financial performance." *Id*. The Fifth Circuit held, however, that plaintiff had not alleged facts that, if proven, would show that the company's "stock was in danger of becoming essentially worthless" or that the company's "viability" was "threatened" prior to the time the defendants ceased offering company stock as an investment. *Id.* Indeed, when confronted with the pleadings in *Knopp*, the Fifth Circuit held that "there is a **near total dearth of facts** asserted in the complaint indicating [that] Defendants had any reason to believe, based on public or nonpublic information that [the company] was on the brink of collapse" plaintiff failed to "allege sufficient facts to overcome the presumption" that defendants "acted prudently in their decision not to cease offering [the company's stock]" prior to November 2008 and "acted prudently by choosing not to liquidate" the plan's holding in company stock prior to the company's bankruptcy filing. *Knopp,* 2013 Westlaw 3449866, at \*\*10- 11 (emphasis supplied).

Contrary to the factual allegations in *Knopp*, Plaintiffs' pleadings overcome the presumption.[2] As an initial matter, Defendants never ceased offering Amedisys stock to the

---

[1] The Fifth Circuit specifically did "not reach" the issue of whether defendants had (i) discretion to stop offering company stock under the plan or (ii) to liquidate the plan of company stock. *Knopp,* 2013 Westlaw 3449866, at \*5.

[2] In *Knopp*, the Fifth Circuit essentially held that plaintiff had not pled facts to demonstrate that the viability of the company was threatened, only facts sufficient to demonstrate some potential for securities violations which caused a 36% drop in the stock price. *Knopp,* 2013 Westlaw 3449866, at \*10. Here, Plaintiffs have effectively pled that Defendants' essentially "bet the company" when it engaged in potential Medicare billing improprieties which, if proven true, could lead to Amedisys being banned from participating in the Medicare program and, thus, losing 90% of its revenue. Defendants conveniently ignore that these two fact patterns are inapposite.

2

Plan participants. *See, e.g.,* Consolidated Complaint (D.E. #123) at ¶¶ 167, 182. Had Defendants done this, like *Knopp,* the damages sustained by the Plan participants would have been mitigated. Further, Plaintiffs alleged that Defendants' questionable Medicare billing practices placed the Company in jeopardy of losing 90% of its revenue stream and being banned from participation in the Medicare program. *See, e.g.,* Consolidated Complaint (D.E. #123) at ¶¶ 4, 10, 101. Such a threat, once revealed, would put Defendant's stock price and/or the Company itself on the "brink of collapse."[3] *Id.* at ¶168. Clearly, these "circumstances" would have caused the settlor of the Plan to know that continued investment in Amedisys stock would "defeat or substantially impair"[4] the purposes of the Plan – to maintain and generate retirement income for the Plan's participants. *See, e.g.,* Consolidated Complaint (D.E. #123) at ¶¶ 168, 208. In short, unlike the plaintiff in *Knopp,* Plaintiffs here have alleged that Defendants fundamental business model was not viable, because it was based on inappropriate Medicare billing when participation in the Medicare program was necessary to the ongoing and continued financial solvency of Amedisys. Accordingly, at the time of Defendants' actions/inactions, Defendants knew or should have known that the circumstances warranted that they cease offering the stock to new

---

[3] Notably, in *Kirschbaum v. Reliant Energy, Inc.,* the Fifth Circuit specifically held that the *Moench* presumption of prudence **does not apply** "only in the case of investments in stock of a company that is about to collapse." *Kirschbaum v. Reliant Energy, Inc.,* 526 F.3d 243, 256 (5th Cir. 2008). As set forth in Plaintiffs' opposition papers to Defendants' Motion to Dismiss, irrespective of what pleading standard is applied, Plaintiffs have met it here.

[4] *Knopp,* 2013 Westlaw 3449866, at *6 (quoting *Moench v. Robertson,* 62 F.3d 553, 569-571 (3d Cir. 1995). This *Moench* presumption of prudence was adopted by the Fifth Circuit in *Kirschbaum v. Reliant Energy, Inc.,* in determining what standard must be met in order to overcome a motion for summary judgment. *See Knopp*, 2013 Westlaw 3449866, at *5. In *Knopp,* the Fifth Circuit extended the presumption of prudence standard to the pleading stage. *Id.* at *27 (citing *Kirschbaum*, 526 F.3d at 254). It did not however create a new, heightened, presumption of prudence standard. *Id.* at *9.

investments and liquidate the investments in the stock to protect the Plan and its participants. *See, e.g.,* Consolidated Complaint (D.E. #123) at ¶¶ 10, 208, 210.

Consequently, unlike the plaintiff in *Knopp*, Plaintiffs here meet the pleading standard articulated by the Fifth Circuit. For these reasons and the reasons stated in Plaintiffs' opposition (D.E. #167), Defendants' Motion to Dismiss should be denied in its entirety.

Dated: July 25, 2013

                   *By: /s/ Gerald D. Wells, III*
                   Gerald D. Wells, III
                   **FARUQI & FARUQI, LLP**
                   101 Greenwood Avenue, Suite 600
                   Jenkintown, PA 19046
                   Telephone: (215) 277-5770
                   Facsimile: (215) 277-5771
                   Email: jwells@faruqilaw.com

                   Stephen J. Fearon, Jr.
                   Caitlin Duffy
                   **SQUITIERI & FEARON LLP**
                   32 E. 57th Street, 12th Floor
                   New York, NY 10022
                   Telephone: (212) 421-6492
                   Facsimile: (212) 421-6553
                   Email: stephen@sfclasslaw.com
                   Email: caitlin@sfclasslaw.com

                   *Interim Co-Lead Counsel for Plaintiffs*

                   Scott E. Brady
                   **BOHRER LAW FIRM, L.L.C.**
                   8712 Jefferson Highway, Suite B
                   Baton Rouge, LA 70809
                   Telephone: (225) 925-5297
                   Facsimile: (225) 231-7000
                   Email: scott@bohrerlaw.com

                   *Interim Liaison Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2013, I electronically filed the foregoing PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED ERISA COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification and a copy of such filing to all counsel of record.

*/s/ Gerald D. Wells, III*
Gerald D. Wells, III