# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, ET AL., | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) No. 3:10-cv-00395-BAJ-CN |
| vs. | ) |
| | ) Consolidated with: |
| AMEDISYS, INC., ET AL., | ) |
| | )   No. 3:10-cv-00441-BAJ-CN |
| Defendants. | )   No. 3:10-cv-00464-BAJ-CN |
| | )   No. 3:10-cv-00468-BAJ-CN |
| | )   No. 3:10-cv-00470-BAJ-CN |
| | )   No. 3:10-cv-00480-BAJ-CN |
| | )   No. 3:10-cv-00497-BAJ-CN |
| | )   No. 3:10-cv-00505-BAJ-CN |
| | )   No. 3:10-cv-00642-BAJ-CN |
| | )   No. 3:10-cv-00732-BAJ-CN |

## AFFIDAVIT OF MARK A. BUCKSTEIN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT OF THE DERIVATIVE ACTIONS

State of Florida           )
                           )  ss.:
County of Palm Beach       )

Before the undersigned, an officer duly commissioned by the laws of the State of Florida, on this 8th day of August 2013, personally appeared Mark A. Buckstein, who having been first duly sworn deposes and states:

I, MARK A. BUCKSTEIN, being first duly sworn, state under penalty of perjury that:

1.  I have over twenty years of dispute resolution experience, having conducted thousands of mediations and settlement conferences in all types of litigation, including complex class actions and shareholder derivative actions. A significant portion of my mediations involve shareholder derivative actions similar to the instant matter. From 1996 to 1999, I was a member of the corporate and securities department and Chairperson of the ADR group at the law firm of Greenberg Traurig P.C. Since 1996, I have worked with the FINRA Dispute Resolution group, where I arbitrate and mediate securities, employment and brokerage industry disputes. I have extensive experience with corporate governance issues and have taught courses on corporate governance at Hofstra University School of Law in New York and Rutgers University Law School in New Jersey. Previously, I was a member of the TransWorld Airlines, Inc. board of directors. I am a member of the bar of New York. My resume is attached hereto as **Exhibit A.**

2.  I was selected by the parties and approved by the Directors & Officers ("D&O") insurance carrier to serve as the mediator for the shareholder derivative actions filed on behalf of Amedisys ("Amedisys" or the "Company") captioned *Himmel v. Borne, et al.*, Civ. A. No. 3:10-CV-00441-BAJ-CN, U.S.D.C. M.D. La, *Wendland v. Borne, et al.*, Civ. A. No. 3:10-CV-00468-BAJ-CN, U.S.D.C. M.D. La., *Northumberland County Pension Fund v. Borne, et al.*, Civ. A. No. 3:10-CV-00480-BAJ-CN, U.S.D.C. M.D. La., and *Laborers' District Council and Contractors' Pension Fund of Ohio v. Amedisys, Inc., et al.*, Civ. A. No. 3:10-CV-00505-BAJ-CN, U.S.D.C. M.D. La. (together, the "Action") pending in the United States District Court for the Middle District of Louisiana.

3. As discussed below, I believe that the proposed settlement represents a reasonable and fair outcome for all parties involved. I make this declaration based on personal knowledge and am competent to testify on the matters set forth herein.

4. As the independent mediator, I presided over the settlement and fee negotiations between the parties. In that role, I reviewed the progress of the Action, Plaintiffs' consolidated complaint in the Action, Defendants' motions to dismiss and the responsive papers. In addition, I reviewed Plaintiffs' settlement demand, the parties' mediation briefs, and related submissions, including various term sheets containing proposed corporate governance reforms.

5. I assisted the parties with settlement discussions and negotiations, including an in-person mediation session on March 28, 2013. I also participated in follow-up telephonic sessions with the respective parties, as needed, in regards to further negotiations regarding my mediator's settlement proposal, which was ultimately accepted by all parties and the D&O insurer. In connection with that mediation session, the parties submitted lengthy and detailed mediation statements.

6. At the in-person mediation session on March 28, 2013, extensive discussions occurred between the parties, insurance carrier, and me concerning the parties' respective positions. The parties exchanged term sheets regarding corporate governance reforms and confirmatory discovery. Among other things, I engaged in several rounds of separate discussions with each side. This allowed me to gain a more complete understanding of each side's positions on the pertinent issues, including the view of the applicable insurance carrier. I also exchanged numerous demands and counter-offers between the parties. I made many arguments to both sides in an effort to find or create common ground between the parties' respective positions.

7. The mediation process involved an analysis of the parties' positions including, for instance, the corporate governance reforms that were to be included in the Settlement, the value of Plaintiffs' claims,, and Defendants' defenses to liability and damages. Once the corporate governance reforms were finally and fully agreed upon, which I believed to be substantially

beneficial to the Company and a fair and adequate basis on which to settle the case, the parties could not agree on a fee amount to compensate Plaintiffs' Co-Lead Counsel.

8. After consulting with the parties and extensive discussions at the mediation session about each party's settlement position, I made a mediator's proposal regarding the amount of fees and expenses in the Action. The amount I proposed was $445,000. This cash payment to be made by the Company's insurer is an all-in settlement number, meaning that it includes not just attorneys' fees but also includes all other costs/expenses associated with the litigation and settlement of this matter: reimbursement of costs to counsel, administration costs, expenses, and costs of any kind associated with the resolution of this matter. I believe that this amount strikes the balance between all the competing considerations, which I discussed with both sides in separate conferences.

9. Over the course of the next few weeks, I had several additional conversations with counsel for Plaintiffs and the Defendants. Further, it is my understanding that counsel were engaging in their own, separate discussions concerning the final settlement terms.

10. Ultimately, after much further debate and discussion, the parties and the D&O carrier agreed to accept my proposal for a fair and reasonable fee to be paid for by the carrier, subject to this Court's final approval.

11. Based on the materials provided to me by the parties and my active participation in the process, I am familiar with the factual and legal issues involved in the Action, including the allegations asserted by plaintiffs in the Action and the defenses to liability and damages asserted by defendants. I also am familiar with the process by which the parties negotiated the proposed settlement, and I believe that the proposed settlement was reached by the parties acting at arm's-length, carefully, and in good faith.

12. From my involvement in working to settle the Action, it was clear to me that the advocacy by both sides' lawyers was high caliber. Amedisys and the individual defendants are represented by highly capable firms with substantial resources and experience: King & Spalding LLP; Kantrow, Spaht, Weaver & Blitzer; and Phelps Dunbar LLP. Plaintiffs are represented by

Co-Lead Counsel: Robbins Arroyo LLP; Cohen Placitella & Roth, P.C.; and Branstetter, Stranch & Jennings, PLLC, firms with extensive experience litigating shareholder derivative actions. As far as the legal talent involved in this Action, from my personal experience with counsel for the parties and from what I directly observed in this case, this was a match among equals.

13. Based on the advocacy between the parties over the corporate governance reforms, as well as my experience negotiating settlements and corporate governance reforms, I believe that the corporate governance measures that form the substance of the settlement constitute a substantial benefit to the Company, and represent a very good outcome for Amedisys as well as a fair and reasonable settlement for all parties, particularly given the litigation risks involved.

14. I believe that the attorneys' fee and expenses amount was reached in good faith and is fair and reasonable in light of the complexity of the Action, the nature of the underlying claims, the factual and legal contentions and positions of the parties, and the terms of the proposed settlement.

15. In sum, from my involvement as the mediator for the Action, I observed first hand that this was a hard-fought litigation which resulted in a very sound result for Amedisys and a fair and equitable settlement for all concerned. It is clear to me that the Company could not have obtained the result that it did and as early in the litigation process as it was, without the substantial and sustained efforts of Plaintiffs' Co-Lead Counsel. I believe it was in the best interest of all of the parties that they avoid the burdens and risks associated with taking a case of this size and complexity to trial, and that they agree upon the proposed settlement now before the Court.

16. I am competent to state the facts as recited above. If called to testify I would do so.

I declare under penalty of perjury under the laws of the state of Florida that the foregoing is true and correct. Executed on August 8, 2013 at Palm Beach, Florida.

_____
MARK. A. BUCKSTEIN

Subscribed and sworn to (or affirmed) before me on this 8th day of August, 2013, by Mark A. Buckstein proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)

SHARON M. INFANTINO
NOTARY PUBLIC
STATE OF FLORIDA
Comm# EE864727
Expires 4/19/2017

884801_3

# EXHIBIT A

# MARK A. BUCKSTEIN
2424 N. Federal Highway- Suite 150
Boca Raton, Florida 33431

Tel: 561-417-6602 Fax: 561-417-6604
E-mail address: mabresolve@aol.com
Cellular: 561-414-8215
Home: 561-495-5019

## EMPLOYMENT HISTORY

| | |
|---|---|
| 1999 - Present | **PROFESSIONAL DISPUTE RESOLUTIONS, INC. -** Boca Raton, Florida- Chairman of organization engaged in mediation, arbitration and other ADR processes and techniques. Principally active in fields of securities, employment, real estate, insurance, commercial and contract, malpractice, intellectual property and class actions. Conduct training programs and lectures on negotiations and alternative dispute resolution. |
| 1996 - 1999 | **GREENBERG TRAURIG P.C. -** Fort Lauderdale, Florida - Counsel- Member of Corporate and Securities Department and Chairperson of ADR Group |
| 1993 - 1996 | **INTERNATIONAL SPECIALTY PRODUCTS, INC.** and **GAF CORPORATION-** Wayne, New Jersey - Executive Vice-President, General Counsel, Member of Board of Directors of both Companies and affiliates including Center for Claims Resolution |
| 1992 - 1993 | **AMERICAN ARBITRATION ASSOCIATION** - New York, New York- Executive Vice-President and President-Designate |
| 1986 - 1992 | **TRANS WORLD AIRLINES, INC -** New York, New York Senior Vice-President, General Counsel and Member of Board of Directors of TWA and various affiliates and subsidiaries including The Travel Channel, TWA Getaway Vacations |
| 1969-1986 | **BAER MARKS & UPHAM -** New York, New York Senior Partner - Corporate, securities and commodity futures |
| 1963-1969 | Various New York law firms |

## TEACHING AND DISPUTE RESOLUTION HISTORY

| | |
|---|---|
| 2004- 2007 | **FLORIDA ATLANTIC UNIVERSITY – Graduate School of Business –** Boca Raton, Florida Adjunct Professor- Negotiations and Dispute Resolution |

| | |
|---|---|
| 1993 - 1996 | **RUTGERS UNIVERSITY LAW SCHOOL** - Newark, New Jersey- Adjunct Professor- Corporate Governance; Negotiations and Alternative Dispute Resolution |
| 1980-1993 | **HOFSTRA UNIVERSITY SCHOOL OF LAW** - Hempstead, New York – Special Professor - Commodity Futures Regulation; Corporate Governance |
| 1970 - Present | **AMERICAN ARBITRATION ASSOCIATION -** Arbitrate and mediate commercial disputes including securities, employment, business and insurance |
| 1996 - Present | **FINRA DISPUTE RESOLUTION (FORMERLY NASD REGULATION) -** Arbitrate and mediate securities, employment and brokerage industry disputes |
| Other | Arbitrator for National Futures Association and for various securities exchanges. Florida Federal and State Court party selected mediator.<br>Member- NASD National Arbitration and Mediation Committee. (1999-2001). |

## ADMISSIONS, MEMBERSHIPS, LISTINGS

New York State Bar - Second Department. Federal Courts - United States Supreme Court - Various District Courts and Circuit Courts of Appeal.

Bar Associations: American (Corporate and Dispute Resolution Sections); New York State (Business Law Section) and Association of the Bar of City of New York.

Listings: Who's Who in (i)America (ii) Finance and Industry; (iii) American Law; and (iv) South and Southwest. Member- American Arbitration Association. AV rated by Martindale Hubbell for 35 years

## EDUCATION

**N.Y.U. Law School - J.D. - 1963**
**City College of New York - B.S. (Mathematics) - 1960**
**Bronx H.S. of Science - 1956**