UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT F. BACH, ET AL., | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | No. 3:10-cv-00395-BAJ-CN |
| | ) | |
| vs. | ) | Consolidated with: |
| | ) | |
| AMEDISYS, INC., ET AL., | ) | No. 3:10-cv-00441-BAJ-CN |
| | ) | No. 3:10-cv-00464-BAJ-CN |
| Defendants. | ) | No. 3:10-cv-00468-BAJ-CN |
| | ) | No. 3:10-cv-00470-BAJ-CN |
| | ) | No. 3:10-cv-00480-BAJ-CN |
| | ) | No. 3:10-cv-00497-BAJ-CN |
| | ) | No. 3:10-cv-00505-BAJ-CN |
| | ) | No. 3:10-cv-00642-BAJ-CN |
| | ) | No. 3:10-cv-00732-BAJ-CN |
| | ) | |

**[PROPOSED] JUDGMENT AND ORDER
OF DISMISSAL WITH PREJUDICE**

A hearing having been held before this Court on September 4, 2013, pursuant to the Court's Order of June 27, 2013 preliminarily approving the Settlement and the form and manner of notice (the "Preliminary Approval Order"), upon the Stipulation of Settlement entered into by the parties, dated as of June 24, 2013 (the "Stipulation"), providing for the settlement of the above-captioned consolidated derivative actions, as set forth in *Himmel v. Borne, et al.,* Civ. A. No. 3:10-CV-00441-BAJ-CN, U.S.D.C. M.D. La, *Wendland v. Borne, et al.,* Civ. A. No. 3:10-CV-00468-BAJ-CN, U.S.D.C. M.D. La., *Northumberland County Pension Fund v. Borne, et al.,* Civ. A. No. 3:10-CV-00480-BAJ-CN, U.S.D.C. M.D. La., and *Laborers' District Council and Contractors' Pension Fund of Ohio v. Amedisys, Inc., et al.,* Civ. A. No. 3:10-CV-00505-BAJ-

CN, U.S.D.C. M.D. La. (together, the "Action"),[1] which is incorporated herein by reference; it appearing that due notice of said hearing has been given in accordance with the Preliminary Approval Order; the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed settlement and dismissal with prejudice of the Action upon the terms and conditions set forth in the Stipulation (the "Settlement"); the attorneys for the respective parties having been heard; and opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that notice to the shareholders of Amedisys, Inc. ("Amedisys" or the "Company") was adequate and sufficient; and the entire matter of the proposed Settlement having been heard and considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED,** this ___ day of _____, 2013, that:

1. Unless otherwise defined herein, all capitalized terms shall have the meanings set forth in the Stipulation.

2. Having considered the Settling Parties' submissions, the Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, just, reasonable, and adequate to the Company and the Company's shareholders.

3. The Action and the Released Claims are dismissed with prejudice on the merits as to all Settling Parties. All parties are to bear their own costs, except as explicitly provided in the Stipulation and in this Judgment and Order of Dismissal With Prejudice ("Judgment").

---

[1] Neither the Consolidated Securities Class Actions nor the Consolidated ERISA Class Actions are part of the "Action" for purposes of this Order.

4. The Court finds that the Stipulation and Settlement contained therein is fair, just, reasonable, and adequate as to each of the Settling Parties, and that the Stipulation and Settlement contained therein is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5. This Judgment shall not constitute any evidence of or admission by any of the Settling Parties herein that any acts of wrongdoing have been committed by any of the Settling Parties to the Action, or that any of the Settling Parties to the Action have failed to perform any action that they were legally required to undertake, and shall not be deemed to create any inference that there is any liability therefrom.

6. The Court finds that the agreed upon attorneys' fees and reimbursement of expenses to Co-Lead Counsel of $445,000 is fair, reasonable, and appropriate because the Settlement confers a substantial benefit on the Company and the Company's shareholders.

7. The Court further finds that the four (4) named Plaintiffs shall be awarded $5,000 each for their participation and efforts in the Action. Such payments shall be deducted from the agreed upon Fee and Expense Amount set forth in paragraph 6, herein.

8. As used in this Judgment and Order of Dismissal with Prejudice, the following terms shall have the meanings set forth below:

   a. "Released Claims" shall mean any and all claims (including "Unknown Claims" as defined in ¶ 1.17 of the Stipulation), demands, rights, actions, causes of action, liabilities, damages, losses, or obligations belonging to

Plaintiffs or the Company (whether asserted by the Company or any Amedisys shareholder or any other person derivatively on behalf of the Company), whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, matured or unmatured, that have been, or could have been, asserted in this Action or in any court, tribunal, or proceeding (including, but not limited to, any claims arising under federal or state law relating to alleged fraud, breach of any duty, negligence, violations of the federal or state securities laws, or otherwise) whether legal, equitable, or any other type or in any other capacity against the Released Persons which have arisen, could have arisen, arise now, or hereafter arise out of, or relate in any manner to, the allegations, facts, events, transactions, acts, occurrences, statements, representations, misrepresentations, omissions, or any series thereof, embraced, involved, set forth, or otherwise related, directly or indirectly, to the facts alleged in any and all complaints filed in this Action and any filings or statements (including, but not limited to, public statements) by any of the Released Persons in connection with the allegations in this Action; *provided, however,* that "Released Claims" shall not be construed to limit or release (i) any claims to enforce the terms of this Stipulation; (ii) any claims by Amedisys or any of its present or former directors, officers, or employees (or any other person or entity who is covered by the relevant insurance policies) against the current or former insurers of Amedisys; or (iii) any claims asserted in the Consolidated Securities Class

Actions or Consolidated ERISA Class Actions. It is the intent of the Settling Parties that no action may hereafter be brought by the Company or prosecuted derivatively on behalf of the Company which arises from or relates to the subject matter of the Action, and the Judgment entered in the Action will accordingly bar all Released Claims from being asserted against the Released Persons by the Company or derivatively by any Amedisys shareholder or any other person on the Company's behalf.

    b.    "Released Persons" means the Individual Defendants in the Action and all present and former directors, officers, employees, agents, and representatives of the Company, including any of their family members, Affiliates and associates, and each and all of their respective past or present representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, engineers, advisors or agents, heirs, executors, trustees, partners, personal representatives, estates, administrators, predecessors, successors, and assigns, but excluding the Company's and Released Persons' insurers.

9. Upon the Effective Date, the Plaintiffs, the Company, and any shareholder of the Company claiming in the right of, or on behalf of the Company shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement or resolution of the Action against the Released Persons. Nothing herein shall in any way impair or

restrict the rights of any of the Settling Parties to enforce the terms of the Stipulation.

10. Upon the Effective Date, each of the Individual Defendants and their estates or administrators, and the Company and its parent entities, affiliates, subsidiaries, partnerships or joint ventures shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims or demands arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action and/or the Released Claims.

11. Plaintiffs, the Company's shareholders, and the Company are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

12. The releases contained herein shall not be construed to limit or release (i) any claims to enforce the terms of the Stipulation or (ii) any claims by Amedisys or any of its present or former directors, officers, or employees (or any other person or entity who is covered by the relevant insurance policies) against the current or former insurers of Amedisys.

13. Any appeal from any order relating to the award of reasonable attorneys' fees and expenses or the incentive payments awarded to Plaintiffs or reversal or modification thereof, shall not modify, terminate, or cancel the Settlement set forth in the Stipulation, or affect or delay the finality of this Judgment.

14. The "Notice of Settlement of Amedisys, Inc. Derivative Litigation" and "Summary Notice of Settlement of Amedisys, Inc. Derivative Litigation" issued

to the Company's shareholders in accordance with the Preliminary Approval Order provided adequate notice of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice met the requirements of the Due Process Clause of the Fourteenth Amendment of the United States Constitution and any other applicable laws.

15. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, including the entry of this Judgment: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Released Persons or the Company; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omissions of any of the Released Persons or the Company in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons and/or the Company may file the Stipulation, the Preliminary Approval Order, and/or this Judgment in any action that may be brought or is pending against the Released Persons and/or the Company asserting any Released Claims in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, or to enjoin further prosecution of any pending action. The Released Persons and/or the Company also may file the Stipulation and/or this Judgment in any action that

may be brought by Plaintiffs against the Released Persons and/or the Company asserting any individual or direct claims arising out of, relating to, or in connection with the Settlement or resolution of the Action.

16. Without affecting the finality of this Judgment in any way, this Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement, including attorneys' fees and expenses and the incentive payments awarded to Plaintiffs.

17. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or is materially modified on appeal or remand, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. There being no just reason for delay, the Clerk of the Court is ordered to enter this Judgment and Order of Dismissal with Prejudice forthwith.

IT IS SO ORDERED.

DATED:_____    _____
　　　　　　　　　　　　　　　　　　THE HONORABLE BRIAN A. JACKSON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE