UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| ROBERT F. BACH, ET AL., | ) CIVIL ACTION |
|---|---|
| Plaintiff, | ) No. 3:10-cv-00395-BAJ-SCR |
| vs. | ) This Motion pertains to: |
| AMEDISYS, INC., ET AL., | ) No. 3:10-cv-00642-BAJ- SCR |
| Defendants. | ) No. 3:10-cv-00732-BAJ- SCR |

# ERISA PLAINTIFFS' MOTION FOR LEAVE TO REASSERT CLAIMS IN ORDER TO COMPLY WITH
# THE COURT'S SIXTY-DAY ORDER [Doc. 240]

Pursuant to this Court's Sixty-Day Order entered on December 3, 2013 [Doc. 240] and Fed. R. Civ. P. 60(a) and (b), the ERISA Plaintiffs respectfully move the Court for leave to reassert the claims in the Consolidated ERISA Class Action Complaint [Doc. 123], so that they may comply with this Court's Sixty-Day Order entered on December 3, 2013 [Doc. 240]. Alternatively, the ERISA Plaintiffs seek relief from the Sixty-Day Order pursuant to Rule 60. The ERISA Plaintiffs are making this motion solely to protect the claims of the Class until the parties can obtain final approval of their proposed class action settlement.

Plaintiffs' motion is supported by the following:

1. The parties have agreed to a proposed settlement of this ERISA class action. A copy of the proposed Class Action Settlement Agreement is filed as Doc. 244.

2. Shortly after the parties informed the Court that they had reached a proposed settlement of the ERISA action (but before the ERISA Plaintiffs had filed their unopposed motion for preliminary approval), the Court issued a Sixty-Day Order [Doc. 240] dismissing the

ERISA actions "without prejudice to the right, upon good cause shown, **within sixty (60) days**, to assert the claims if the settlement is not consummated." Doc. 240 (emphasis in original).

3. Because the ERISA Action is a class action and the parties will need more than 60 days[1] to finalize the proposed settlement, Plaintiffs filed an unopposed motion to vacate the Sixty-Day Order and re-open the ERISA cases so that they could finalize the proposed class action settlement. [Doc. 242]. That motion is pending.[2]

4. Court approval of the proposed settlement is necessary pursuant to Rule 23 of the Federal Rules of Civil Procedure because Plaintiffs have asserted their claims as a class action. Accordingly, on December 13, 2013 Plaintiffs filed an unopposed motion seeking preliminary approval of the proposed settlement. [Doc. 243.] That unopposed motion is pending.

5. The parties intend to, and are prepared to, move forward with the proposed settlement when the Court enters the proposed Preliminary Approval Order [Doc. 243-1]. Nevertheless, although Plaintiffs intend to proceed with the proposed Settlement, Plaintiffs are bringing this motion to protect themselves and the Class from having their claims dismissed by virtue of the Sixty-Day Order. They are now seeking to reassert the claims in the Consolidated ERISA Class Action Complaint as required by the Sixty-Day Order until the Court enters the Preliminary Approval Order [Doc. 243-1] and, later, the Final Approval Order [Doc. 244-3].

6. Alternatively, Plaintiffs seek relief pursuant to Rule 60 which provides for relief from an order under a variety of circumstances including mistakes (subsection (a) and (b)(1)) and "any other reason that justifies relief." (subsection (b)(6)). Fed. R. Civ. Pro. 60(a) and 60 (b)(1) and (6). Here, Plaintiffs respectfully suggest that the Sixty-Day Order was entered in the

---

1 The notice procedures in the Class Action Fairness Act take at least 90 days to complete.

2 The parties also filed a joint motion to set a status conference in the ERISA cases [Doc. 246] so that they could set a schedule for complying with Rule 23 and obtain approval of their proposed class-wide settlement of the consolidated ERISA cases. That motion is pending.

mistaken belief that the proposed settlement could be finalized within sixty days when, in fact, finalizing a class action settlement usually takes approximately 100 days from when the Court enters the Preliminary Approval Order. Justice requires that the Court allow Plaintiffs to reassert their claims so that they may protect the interests of the class and take the steps necessary to finalize the proposed class action settlement. Those steps, which are governed by Rule 23 and by the Class Action Fairness Act, unquestionably take more than 60 days to complete and it would be unjust to dismiss these valuable class claims (which were settled after a thorough mediation) based solely on the Sixty-Day Order.

7. The proposed reassertion of the claims is timely, will not unduly prejudice Defendants in any way, and will serve the interest of justice.

8. Accordingly, in the event the Court declines to enter the Preliminary Approval Order [Doc. 243-1], which is necessary to allow the parties to commence the steps required to finalize the proposed settlement of this ERISA class action in accordance with Rule 23 and the Class Action Fairness Act, the ERISA Plaintiffs seek permission to reassert their claims.

Dated: January 31, 2014

**SQUITIERI & FEARON LLP**

By: */s/ Stephen J. Fearon, Jr.*
    Stephen J. Fearon, Jr.
    Caitlin Duffy
32 East 57th Street
12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
Email: stephen@sfclasslaw.com
Email: caitlin@sfclasslaw.com

-and-

**FARUQI & FARUQI, LLP**
Michael Hynes
101 Greenwood Avenue, Suite 600
Jenkintown, Pennsylvania 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
Email: mhynes@faruqilaw.com

*Interim Co-Lead Counsel for Plaintiffs*

-and-

**BOHRER LAW FIRM, L.L.C.**
Scott E. Brady
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
Email: scott@bohrerlaw.com

*Interim Liaison Counsel for Plaintiffs*

-and-

Gerald D. Wells III
1500 Mt. Vernon Street
Philadelphia, PA 19130
Tel: (215) 416-0047
Email: gwellsesq@gmail.com

**Counsel for Plaintiff Pia Galimba**