# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, ET AL. | CIVIL ACTION |
| VERSUS | NO.: 3:10-cv-00395-BAJ-SCR |
| AMEDISYS, INC., ET AL. | C/W NO. 10-cv-00441-BAJ-SCR |
| | NO. 10-cv-00464-BAJ-SCR |
| | NO. 10-cv-00468-BAJ-SCR |
| | NO. 10-cv-00470-BAJ-SCR |
| | NO. 10-cv-00480-BAJ-SCR |
| | NO. 10-cv-00497-BAJ-SCR |
| | NO. 10-cv-00505-BAJ-SCR |
| | NO. 10-cv-00642-BAJ-SCR |
| | NO. 10-cv-00732-BAJ-SCR |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Before the Court is **ERISA PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT (Doc. 243)**, seeking preliminary approval of the settlement (the "Settlement") of this class action (the "Action") asserting claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), with respect to the Amedisys, Inc. 401(k) Plan (the "Plan") as against Defendants Amedisys, Inc.; William F. Borne; Ronald A. Laborde; Jake L. Netterville; David R. Pitts; Peter F. Ricchiuti; Donald A. Washburn; Larry R. Graham; Dale E. Redman; Cindy L. Phillips; T.A. Barfield; Michael Snow; Gregory H. Browne; Melissa A. Geci; John F. Giblin; Donald Loverich, Jr.; and Alice Ann Schwartz (defined below as "Defendants").

The terms of the Settlement are set out in a Stipulation and Agreement of Settlement dated December 13, 2013 (the "Settlement Agreement") that has been executed by counsel for Plaintiffs Wanda Corbin, Linda Trammel and Pia Galimba (the "Named Plaintiffs") and counsel for Defendants (collectively with Named Plaintiffs, the "Parties"). (Doc. 244). Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement. The "Settlement Class" is defined in this Order below.

Pursuant to Plaintiffs' Motion for Preliminary Approval, the Court considered the Settlement, whether to preliminarily certify a class for settlement purposes and whether the Settlement is sufficient to warrant the issuance of the Class Notice to the Settlement Class. Upon reviewing the Settlement Agreement, it is **ORDERED** that **Plaintiffs' Motion (Doc. 243) is GRANTED.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED:**

**Jurisdiction.** The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all members of the Settlement Class.

**Class Findings.** The Court PRELIMINARILY FINDS, for purposes of the Settlement, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the local rules of the Court, and any other applicable law have been met as to the Settlement Class, in that:

2

The Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

Based on allegations in the Complaint, there are one or more questions of fact and/or law common to the Settlement Class;

Based on allegations in the Complaint, the claims of Named Plaintiffs are typical of the claims of the Settlement Class;

Named Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) Named Plaintiffs' interests and the nature of their alleged claims are consistent with those of the Settlement Class; (ii) there are no significant conflicts between or among Named Plaintiffs and the Settlement Class; and (iii) Named Plaintiffs are represented by qualified counsel who are experienced in prosecuting ERISA class actions of this type; and

The prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Settlement Class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests.

**Class Certification.** Based on the findings set out above, the Court PRELIMINARILY CERTIFIES the following non-opt-out class, for the purposes of settlement of this Action only, under Federal Rules of Civil Procedure 23(a) and 23(b)(1) (the "Settlement Class"):

All Persons who were participants in or beneficiaries of the Plan and who held Amedisys common stock in their Plan accounts at any time between January 1, 2008 through December 13, 2013, excluding

3

any of the Defendants or any of the Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except to the extent Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest were themselves participants in the Plan.

The Court finds that the Settlement Class is sufficiently well-defined and cohesive to warrant certification as a non-opt-out class under Federal Rules of Civil Procedure 23(a) and 23(b)(1). As indicated above, the Court also finds that Named Plaintiffs are adequate and typical class representatives for the Settlement Class. Therefore, having determined preliminarily that this Action may proceed as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1), the Court hereby appoints Named Plaintiffs as the representatives of the Settlement Class.

As required by Federal Rule of Civil Procedure 23(g), the Court also has considered: (i) the work Class Counsel has done in identifying or investigating potential claims in this Action; (ii) Class Counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in this Action; (iii) Class Counsel's knowledge of ERISA as it applies to claims asserted in this Action (breach of fiduciary duty claims relating to the Plan's investment in company stock); and (iv) the resources Class Counsel has committed to representing Named Plaintiffs in this Action. Based on these factors, the Court finds that Class Counsel has and will continue to represent fairly and adequately the interests of the

Settlement Class. Accordingly, pursuant to Federal Rule of Civil Procedure 23(g)(2), the Court preliminarily designates Squitieri & Fearon LLP and Faruqi & Faruqi, LLP as Class Counsel ("Class Counsel") with respect to the Settlement Class in this Action.

The Court having determined preliminarily that this Action may proceed as a non-opt-out class action under Federal Rules of Civil Procedure 23(a) and 23(b)(1), members of the Settlement Class shall be bound by any judgment concerning the Settlement in this Action, subject to the Court's final determination as to whether this Action may proceed as a non-opt-out class action.

**Preliminary Approval of Settlement.** The Settlement documented in the Settlement Agreement is hereby PRELIMINARILY APPROVED, as the Court preliminarily finds that (a) the proposed Settlement resulted from arm's-length negotiations under the supervision of Robert A. Meyer, Esq. of Loeb & Loeb, an experienced mediator in ERISA and other complex class actions; (b) the Settlement Agreement was executed only after Class Counsel and counsel for Defendants researched and investigated multiple legal and factual issues pertaining to Named Plaintiffs' claims; (c) there is a genuine controversy between the Parties involving Defendants' compliance with the fiduciary requirements of ERISA; (d) the Settlement appears on its face to be fair, reasonable, and adequate; and (e) the Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable,

and adequate to warrant sending notice of the Action and the Settlement to the Settlement Class.

**Fairness Hearing.** A hearing (the "Fairness Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby SCHEDULED to be held before the Court on **July 22, 2014, at 10:00 a.m. in Courtroom 2 at the United States Courthouse, 777 Florida Street, Baton Rouge, Louisiana 70801**, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should receive final approval by the Court; whether the Settlement Class, and its representation by Named Plaintiffs and Class Counsel, satisfy the requirements of Federal Rule of Civil Procedure 23; whether Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses and case contribution awards for Named Plaintiffs should be granted; and any other issues necessary for final approval of the Settlement.

**Class Notice.** The Parties have presented to the Court a proposed Class Notice, which is annexed as Exhibit B to the Settlement Agreement. (Doc. 244-2). The Court APPROVES the form and content of the Class Notice finding that it fairly and adequately: (1) describes the terms and effect of the Settlement Agreement and the Settlement; (2) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (3) describes how recipients of the Class

6

Notice may object to approval of the Settlement. Having reviewed the Settlement Agreement, which provides for the manner of distributing the Class Notice to members of the Settlement Class, the Court further finds that such proposed manner is adequate, and directs that no later than ninety (90) days before the Fairness Hearing, Class Counsel shall cause the Class Notice, with any non-substantive modifications thereto as may be agreed upon by the Parties, to be distributed to each member of the Settlement Class who can be identified through Defendants' good-faith, commercially reasonable efforts at his or her last-known address maintained by the Plan's record-keeper. Class Counsel will establish follow up procedures for any returned mailings. By no later than ninety (90) days before the Fairness Hearing, Class Counsel also shall cause the Class Notice to be published on the website identified in the Class Notice. By no later than sixty (60) days before the Fairness Hearing, Class Counsel shall file with the Court proof of Plaintiffs' timely compliance with the foregoing mailing and publication requirements.

**Objections to Settlement.** "Objector" shall mean any member of the Settlement Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement; any term of the Settlement Agreement; the Plan of Allocation as described in the Class Notice; or the proposed award of attorneys' fees and expenses or the case contribution awards for Named Plaintiffs. Any Objector must file with

7

the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such Objector wishes to bring to the Court's attention or introduce in support of such objection. Any Objector must also, as a part of his or her statement or through an attachment thereto, provide evidence or affirm that he or she is a member of the Settlement Class. To file an objection, the Objector must mail the objection and all supporting law and/or evidence to counsel for the Parties, as described below. The addresses for filing objections are as follows:

| Class Counsel | Defendants' Counsel |
|---|---|
| Stephen J. Fearon, Jr.<br>SQUITIERI & FEARON LLP<br>32 East 57th Street, 12th Floor<br>New York, New York 10022<br>Tel: (212) 421-6492<br>Fax: (212) 421- 6553 | David Tetrick, Jr.<br>KING & SPALDING LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>Tel: (404) 572-3526<br>Fax: (404) 572-5139 |
| Michael J. Hynes<br>FARUQI & FARUQI, LLP<br>101 Greenwood Avenue<br>Jenkintown, PA 19046<br>Tel: (215) 277-5770<br>Fax: (215) 277-5771 | Karleen J. Green<br>PHELPS DUNBAR LLP<br>400 Convention Street, Suite 1100<br>Baton Rouge, Louisiana 70821<br>Tel: (225) 346-0285<br>Fax: (225) 381-9197 |

The Objector, or, if represented by counsel, his, her, or its counsel, must both effect service of the objection on counsel listed above and file the objection with the Court at least thirty (30) calendar days prior to the Fairness Hearing, or by **no later than June 23, 2014.** The Parties' counsel shall confer with one another about any and all objections that come into their possession and will promptly furnish one another with copies of any and all objections not received by all such counsel.

Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

**Appearance at Fairness Hearing.** Any Objector who files and serves a timely, written objection in accordance with the paragraph above may also appear at the Fairness Hearing either in person or through counsel retained at the Objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must effect service of a "Notice of Intention to Appear" setting forth, among other things, the name, address, and telephone number of the Objector (and, if applicable, the name, address, and telephone number of the Objector's attorney) on counsel identified above at least thirty (30) calendar days prior to the Fairness Hearing, or by **no later than June 23, 2014.** Any Objector who does not timely file

and serve a "Notice of Intention to Appear" in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

**Response to Objectors.** The Parties shall respond to any Objector at least fourteen (14) calendar days prior to the Fairness Hearing, or by **no later than July 8, 2014.**

**Compliance with Class Action Fairness Act.** Defendants shall, on or before ten (10) days prior to the Fairness Hearing, file with the Court proof of compliance with the notice provisions of the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715. Defendants shall pay all costs associated with providing the notice required by the Class Action Fairness Act

**Class Notice Expenses.** The expenses of effectuating Class Notice shall be paid out of the Settlement Amount.

**Fees and Expenses Incurred by the Independent Fiduciary.** The Court understands that under the terms of the Settlement Agreement, Defendants shall, at their expense, retain an Independent Fiduciary for the purpose of evaluating the Settlement and authorizing and approving the Settlement as a fiduciary of the Plan in accordance with Prohibited Transaction Exemption 2003-39. Defendants shall bear the costs of all fees and expenses incurred by the Independent Fiduciary (including fees and expenses incurred by consultants,

10

attorneys, and other professionals retained or employed by the Independent Fiduciary) in the course of reviewing the Settlement on behalf of the Plan.

**Motion in Support of Final Settlement Approval, Application for Fee, Expense and Incentive Awards.** Named Plaintiffs' motion is support of final approval of the settlement and related relief shall be filed with the Court and served on all counsel of record at least sixty (60) calendar days prior to the Fairness Hearing, or by **no later than May 23, 2014.** Further, any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and for a case contribution awards for Named Plaintiffs, and all papers in support thereof, shall be filed with the Court and served on all counsel of record at least sixty (60) calendar days prior to the Fairness Hearing, or by **no later than May 23, 2014.** Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the website identified in the Class Notice.

**Injunction.** Pending final determination of whether the Settlement should be approved, Named Plaintiffs, all members of the Settlement Class, and the Plan are each hereby BARRED AND ENJOINED from instituting or prosecuting any claim, dispute, or action whatsoever that asserts any Released Claim against any Released Parties.

**Termination of Settlement**. If the Settlement is terminated in accordance with the Settlement Agreement or if the Settlement is not finalized for any other

reason, this Order and all Class Findings shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order.

**Use of Order.** In the event this Order becomes of no force or effect, no part of it shall be construed or used as an admission, concession, or declaration by or against any Defendants, or any of their successors or assigns, of any fault, wrongdoing, breach, or liability, nor shall the Order be construed or used as an admission, concession, or declaration by or against Named Plaintiffs or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have with respect to the claims asserted in the Action.

**Continuance of Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice.

**SO ORDERED.**

Baton Rouge, Louisiana, this 14th day of April, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**