UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, et al.,<br><br>               Plaintiffs,<br><br>    v.<br><br>AMEDISYS, INC., et al.,<br><br>               Defendant. | Civil Action No. 10-395-BAJ-SCR<br><br>Consolidated with:<br>No. 10-441 BAJ-SCR<br>No. 10-464 BAJ-SCR<br>No. 10-468 BAJ-SCR<br>No. 10-470 BAJ-SCR<br>No. 10-480 BAJ-SCR<br>No. 10-497 BAJ-SCR<br>No. 10-505 BAJ-SCR<br>No. 10-642 BAJ-SCR<br>No. 10-732 BAJ-SCR |

AFFIDAVIT OF MICHAEL ROSENBAUM
RE: DISSEMINATION OF CLASS NOTICE

STATE OF NEW YORK )
                     ) ss.:
COUNTY OF NASSAU )

    MICHAEL ROSENBAUM, being duly sworn, deposes and says:

    1. I am Managing Director of Berdon Claims Administration LLC ("Berdon"), Settlement Administrator in the above-captioned action and as such, I am fully familiar with the facts and circumstances of this matter.

    2. Berdon was retained by Class Counsel in the above-captioned litigation, and this affidavit is submitted to describe the procedures Berdon used to ensure that all persons who were participants in or beneficiaries of the Amedisys, Inc. ("Amedisys") 401(k) Plan (the "Plan") and who held Amedisys common stock in their Plan accounts at any time between January 1, 2008 through December 13, 2013 (the "Settlement Class" and the "Class Period"), were timely notified of the class action Settlement and the Fairness Hearing.

## DISSEMINATION OF THE CLASS NOTICE

    3. Pursuant to the Order Preliminarily Approving Settlement dated April 14, 2014 (the "Order"), the mailing of the Notice of Class Action Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Attorneys' Expenses and Case Contribution Awards (the "Class Notice"), annexed hereto as Exhibit A, was effected by Berdon via first-class

mail on April 23, 2014 to a total of 43,285 members of the Settlement Class whose names and last-known addresses were provided by counsel for the Defendants.

4. Concurrent with its dissemination by mail on April 23, 2014, and pursuant to the Order, the Class Notice was published on the Berdon website identified therein as www.berdonclaims.com, together with the Consolidated ERISA Class Action Complaint, the Stipulation and Agreement of Settlement, the Order, and the Plan of Allocation.

## UNDELIVERABLE NOTICES

6. Berdon's records indicate that, as of this date, a total of 4,353 mailed Class Notices have been returned by the United States Postal Service as undeliverable. Of that number, 64 have been returned with an affixed forwarding address, and they were promptly re-mailed to that address by this office.

7. Prior to this date, 1,289 Class Notices that had been returned as undeliverable, but without forwarding addresses, were sent to Accurint for skip-tracing. Of this number, updated addresses were found for 947 Class Notices, 164 were confirmed as good addresses, despite being returned, and no viable addresses could be found by Accurint for the remaining 178. Of the 1,111 Class Notices with updated or confirmed addresses that were re-mailed after the Accurint search, 51 were found still to be undeliverable and were returned again to Berdon.

8. Berdon is in the process of having Accurint skip-trace the remaining 3,000 returned Class Notices, which will be re-mailed to their updated or confirmed addresses immediately upon our receipt of the information.

The foregoing statements are true and correct to the best of my knowledge, information and belief.

_____
MICHAEL ROSENBAUM

Sworn to before me this
21st day of May 2014

_____
Notary Public

MARLENE HURWITZ
NOTARY PUBLIC, State of New York
No. 46-97422
Qualified in Nassau County
Commission Expires April 30, 2015

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT F. BACH, et al.,

           Plaintiffs,

v.

AMEDISYS, INC., et al.,

           Defendants.

Civil Action No. 10-395-BAJ-SCR

Consolidated with:
No. 10-441-BAJ-SCR
No. 10-464-BAJ-SCR
No. 10-468-BAJ-SCR
No. 10-470-BAJ-SCR
No. 10-480-BAJ-SCR
No. 10-497-BAJ-SCR
No. 10-505-BAJ-SCR
No. 10-642-BAJ-SCR
No. 10-732-BAJ-SCR

## NOTICE OF CLASS ACTION SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF ATTORNEYS' EXPENSES AND CASE CONTRIBUTION AWARDS

### TO THE FOLLOWING SETTLEMENT CLASS:

All Persons who were participants in or beneficiaries of the Amedisys, Inc. 401(k) Plan and who held Amedisys common stock in their Plan accounts at any time between January 1, 2008 through December 13 2013, excluding any of the Defendants or any of the Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except to the extent Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest were themselves participants in the Plan.

**PLEASE READ THIS NOTICE CAREFULLY.
A FEDERAL COURT AUTHORIZED THIS NOTICE.
THIS IS NOT A SOLICITATION.**

    The United States District Court for the Middle District of Louisiana (the "Court") has preliminarily approved a proposed settlement (the "Settlement") of a consolidated class action lawsuit, *Corbin v. Amedisys, Inc., et al.,* Case No. 10-642-BAJ-SCR (filed September 27, 2010) and *Galimba v. Amedisys, Inc., et al.,* No. 10-732-BAJ-SCR (filed October 22, 2010) and the Consolidated ERISA Class Action Complaint filed March 10, 2011 in *Bach, et al., v. Amedisys, Inc., et al.,* Civil Action No. 10-395-BAJ-SCR (the "Action") brought under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Settlement is between Wanda Corbin, Linda Trammel and Pia Galimba ("Named Plaintiffs") and Amedisys, Inc.; William F. Borne; Ronald A. Laborde; Jake L. Netterville; David R. Pitts; Peter F. Ricchiuti; Donald A. Washburn; Larry R. Graham; Dale E. Redman; Cindy L. Phillips; T.A. Barfield; Michael Snow; Gregory H. Browne; Melissa A. Geci; John F. Giblin; Donald Loverich, Jr.; and Alice Ann Schwartz ("Defendants" and collectively with Named Plaintiffs, the "Parties") and would release Defendants and related parties from any and all claims asserted in the Action or that relate in any way to the facts and events alleged in the Action.

    This Notice contains summary information with respect to the Settlement. The terms and conditions of the Settlement are set forth in a Stipulation and Agreement of Settlement (the "Settlement Agreement"). Any capitalized terms used in this Notice but not defined here have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement, and additional information with respect to the Action and the Settlement, is available at www.berdonclaims.com, or from Class Counsel, who are listed on page 9 below.

    If the Court issues final approval of the Settlement, Defendants will cause the payment of *One Million Two Hundred Thousand U.S. Dollars* ($1,200,000.00) into an Escrow Account, from which the net amount of the Settlement Fund will be allocated to Settlement Class members' accounts through the Plan.

**Questions? Please visit www.berdonclaims.com, or call 1-800-766-3330
Do not call the Company or the Court, as they cannot answer your questions**

The Court has scheduled a hearing concerning final approval of the Settlement and Class Counsel's motion for attorneys' fees and expenses and Named Plaintiffs' case contribution awards (the "Fairness Hearing"). The Fairness Hearing, which will take place before the Honorable Brian A. Jackson, is scheduled for July 22, 2014 at 10:00 a.m. in Courtroom 2 at the United States Courthouse, 777 Florida Street, Baton Rouge, Louisiana 70801. If approved, the Settlement will bind you as a member of the Settlement Class. You may appear at this hearing and/or object to the Settlement. Any objections to the Settlement or the motion for attorneys' fees and expenses and case contribution awards must be served in writing on the Court and the Parties' counsel. More information about the hearing and how to object is explained on pages 9 through 10 of this Notice.

**PLEASE READ THIS NOTICE CAREFULLY AND COMPLETELY. IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS TO WHOM THIS NOTICE IS ADDRESSED, THE SETTLEMENT MAY AFFECT YOUR RIGHTS. YOU ARE NOT BEING SUED IN THIS MATTER. YOU NEED NOT APPEAR IN COURT, AND YOU DO NOT NEED TO HIRE AN ATTORNEY IN THIS CASE. IF YOU ARE IN FAVOR OF THE SETTLEMENT, YOU DO NOT NEED TO DO ANYTHING. IF YOU DISAPPROVE, YOU MAY OBJECT TO THE SETTLEMENT UNDER THE PROCEDURES DESCRIBED BELOW.**

| You Need Not Do Anything. No Action is Necessary to Receive Payment. | If the Settlement is approved by the Court and you are a member of the Settlement Class, you will not need to do anything to receive a payment. If you are a current participant in the Plan and are authorized to receive a payment, the Plan's record-keeper will deposit the payment into your Plan account in the manner you designate for Plan contributions. If you are no longer a participant in the Plan and are authorized to receive a payment, the Plan's record-keeper will reinstate your account or establish a new Plan account for you and deposit the payment in that account. |
|---|---|
| You Can Object by June 23, 2014 | You can write to the Court if you do not like the Settlement. |
| You Can Go to a Hearing on July 22, 2014 | You can ask to speak in Court about the fairness of the Settlement. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to authorized members of the Settlement Class only if the Court approves the Settlement and that approval is upheld in the event of any appeals. Further information regarding the litigation and this Notice may be obtained by contacting Class Counsel, who are:

Stephen J. Fearon, Jr.  
SQUITIERI & FEARON LLP  
32 East 57th Street, 12th Floor  
New York, NY 10022  
Telephone: 212-421-6492  
Email: stephen@sfclasslaw.com  

Michael J. Hynes  
FARUQI & FARUQI, LLP  
101 Greenwood Avenue  
Jenkintown, PA 19046  
Telephone: 215-277-5770  
Fax: 215-277-5771  
Email: mhynes@faruqilaw.com  

2

## WHAT THIS NOTICE CONTAINS

|  | Page |
|---|---|
| SUMMARY OF CASE | 4 |
| SUMMARY OF SETTLEMENT | 4 |
| STATEMENT OF POTENTIAL OUTCOME OF THE ACTION | 4 |
| STATEMENT OF ATTORNEYS' FEES & EXPENSES SOUGHT IN THE ACTION | 4 |
| WHAT WILL THE NAMED PLAINTIFFS GET? | 4 |
| BASIC INFORMATION | 5 |
|     1. Why did I get this Notice package? | 5 |
|     2. Why is this Action a class action? | 5 |
|     3. What is the Action about, and what has happened? | 5 |
|     4. Why is there a Settlement? | 6 |
| WHO IS IN THE SETTLEMENT | 6 |
|     5. How do I know whether I am part of the Settlement? | 6 |
|     6. Are there exceptions to being included? | 6 |
| THE SETTLEMENT BENEFITS | 6 |
|     7. What does the Settlement provide? | 6 |
|     8. How much will an individual payment be? | 7 |
|     9. How can I get a payment? | 8 |
|     10. When will payments be made? | 8 |
| PARTICIPATION IN THE SETTLEMENT | 8 |
|     11. Can I exclude myself from the Settlement? | 8 |
| THE LAWYERS REPRESENTING YOU | 8 |
|     12. Do I have a lawyer in the case? | 8 |
|     13. How will the lawyers be paid? | 9 |
| OBJECTING TO THE SETTLEMENT OR THE ATTORNEYS' FEES & EXPENSES | 9 |
|     14. How do I tell the Court that I do not like the Settlement? | 9 |
| THE COURT'S FAIRNESS HEARING | 9 |
|     15. When and where will the court decide whether to approve the Settlement? | 9 |
|     16. Do I have to come to the Fairness Hearing? | 10 |
|     17. May I speak at the Fairness Hearing? | 10 |
| IF YOU DO NOTHING | 10 |
|     18. What happens if I do nothing at all? | 10 |
| GETTING MORE INFORMATION | 10 |
|     19. Are there more details about the Settlement? | 10 |
|     20. How do I get more information? | 10 |

**Questions? Please visit www.berdonclaims.com, or call 1-800-766-3330**
**Do not call the Company or the Court, as they cannot answer your questions**

## SUMMARY OF CASE

As described in more detail below and in the Complaint, this Action concerns allegations that Defendants breached fiduciary duties owed to participants and beneficiaries in the Plan during the Class Period. Defendants deny the allegations. Copies of the Complaint and documents related to the Settlement are available at www.berdonclaims.com.

## SUMMARY OF SETTLEMENT

Defendants will cause to be deposited into an Escrow Account *One Million Two Hundred Thousand U.S. Dollars* ($1,200,000.00) in cash. After payment of attorneys' fees and expenses, the case contribution awards and other expenses associated with administering the Settlement, the amount remaining in the Escrow Account (the "Net Settlement Amount") shall be allocated among authorized members of the Settlement Class according to a Plan of Allocation to be approved by the Court.

## STATEMENT OF POTENTIAL OUTCOME OF THE ACTION

Class Counsel believes that Named Plaintiffs' claims against Defendants are well grounded in law and fact, and that Defendants breached their fiduciary duties under ERISA. However, as with any litigated case, the Settlement Class would face an uncertain outcome if Named Plaintiffs continued the Action against Defendants. Continuing the Action could result in a judgment or verdict greater or less than the recovery under the Settlement Agreement, or in no recovery at all. In evaluating the Settlement, Class Counsel has considered the range of possible recoveries if the claims against Defendants were adjudicated rather than settled. When the Parties agreed to the proposed Settlement, Defendants had moved to dismiss all of the claims in the Action.

Class Counsel believes that this Settlement reflects a reasonable compromise in light of the range of possible outcomes. Class Counsel believes that the Settlement is preferable to continuing the Action and is in the best interests of the Class because the Settlement provides certainty to the Settlement Class with respect to the amount of recovery and should result in the recovery actually being realized substantially prior to the time it would be were the case successfully litigated to a successful conclusion.

Throughout this Action, Defendants have denied and continue to deny the factual allegations and legal claims asserted by Named Plaintiffs. When the Parties mediated the case and agreed to the proposed Settlement, Defendants had moved to dismiss all of the claims in the Action and, if the Court granted the motion, it was likely that there would have been no recovery for Named Plaintiffs or the Settlement Class.

The Parties have concluded that a full and final settlement of the Action on the terms and conditions set forth in the Settlement Agreement is desirable to avoid the cost and risk of further litigation.

## STATEMENT OF ATTORNEYS' FEES AND EXPENSES SOUGHT IN THE ACTION

Class Counsel in the Action will file a fee petition with the Court in which they will ask the Court to award them attorneys' fees not in excess of 33 1/3% of the Settlement Amount plus their expenses. Any fees and expenses awarded by the Court will be deducted from the Settlement Amount.

## WHAT WILL THE NAMED PLAINTIFFS GET?

Named Plaintiffs will share in the allocation of the money paid to the Plan on the same basis and to the same extent as all other members of the Settlement Class. In addition, Class Counsel will petition the Court for a case contribution award not to exceed $5,000 for each Named Plaintiff in recognition of their efforts prosecuting this action on behalf of the Settlement Class. None of the Defendants will share in this allocation.

4

Questions?  Please visit www.berdonclaims.com, or call 1-800-766-3330
Do not call the Company or the Court, as they cannot answer your questions

## BASIC INFORMATION

### 1. Why did I get this Notice package?

You or someone in your family is or may have been a participant in the Plan, and invested in Amedisys stock through an account in the Amedisys, Inc. 401(k) Plan ("Plan") between January 1, 2008 and December 13, 2013. The Court ordered this Notice to be sent to you because, if you fall within that group, you have a right to know about the Settlement and about all of your options before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the net amount of the Settlement Fund will be paid to the Plan and then allocated among authorized members of the Settlement Class according to a Court-approved Plan of Allocation. This Notice package describes the Action, the Settlement, your legal rights, the benefits available, who is eligible for them, and how to get them.

The Court in charge of this case is the United States District Court for the Middle District of Louisiana. The individuals who sued are called the "Named Plaintiffs," and the people and entities they sued are called "Defendants."

### 2. Why is this case a class action?

In a class action, one or more plaintiffs called "Class Representatives" sue on behalf of a large number of people who have similar claims. All of the individuals on whose behalf the Class Representatives are suing are "Class Members." One court resolves the issues for all Class Members. In its order scheduling the Fairness Hearing, the Court preliminarily certified the Settlement Class in the Action. The Class Representatives in this Action are Plaintiffs Wanda Corbin, Linda Trammel and Pia Galimba, who were participants in the Plan during the Class Period, and are referred to in this Notice as the "Named Plaintiffs."

### 3. What is the Action about, and what has happened?

This Action began on September 27, 2010 when Plaintiff Corbin filed her class action complaint. On October 22, 2010 Plaintiff Galimba filed a second ERISA complaint and the Court subsequently consolidated the two ERISA actions. On March 10, 2011, Plaintiffs Corbin and Galimba, along with Plaintiff Linda Trammell, filed a Consolidated Complaint asserting claims on behalf of participants in or beneficiaries of the Plan whose accounts included an investment in Amedisys stock at anytime during a Class Period that began on January 1, 2008 through "the present." The Complaint alleges claims against Defendants under Sections 409 and 502(a) of ERISA. Named Plaintiffs allege that Defendants were fiduciaries of the Plan and that they breached fiduciary duties owed to the Plan's participants, including Named Plaintiffs, by, among other things, continuing to permit investment in Amedisys stock through the Plan and failing to take appropriate action when such investments allegedly became imprudent. Named Plaintiffs also allege liability for failure to monitor other fiduciary Defendants and co-fiduciary liability. Named Plaintiffs further allege that because they and other Plan participants invested in Amedisys stock through the Plan, their retirement accounts lost value.

The Complaint seeks equitable and compensatory relief pursuant to Sections 409 and 502(a)(2) of ERISA, specifically the restoration by Defendants to the Plan of losses allegedly caused by Defendants' alleged breaches of fiduciary duties. The Complaint also seeks costs and attorneys' fees pursuant to Section 502(g) of ERISA and the common fund doctrine.

In April 2011 Defendants moved to dismiss the Action and that motion was fully briefed by the Parties. In October, 2013, while the motion was pending, Named Plaintiffs' Counsel and counsel for the Defendants agreed to mediate the Action under the supervision of Robert A. Meyer, Esq. of Loeb & Loeb, an experienced mediator in ERISA and other complex class actions. During the full-day mediation, counsel for the Parties conducted extensive, arm's-length negotiations concerning a possible compromise and settlement of the Action, eventually resulting in the Parties agreeing to a proposed Settlement that was subject to negotiating settlement documentation as well as approval by the Court.

During November and December, 2013, counsel for the Parties negotiated the terms of the Settlement Agreement and related documents. On December 13, 2013, Named Plaintiffs filed a motion seeking preliminary approval of the Settlement as well as seeking related relief.

### 4. Why is there a Settlement?

No final decision has been reached with respect to Named Plaintiffs' claims against Defendants. Instead, Named Plaintiffs and Defendants have agreed to a Settlement. In reaching the Settlement, they have avoided the cost, risks, time and disruption of prolonged litigation and trial.

Class Counsel believe that the Settlement is the best option for the Settlement Class. The reasons they believe this to be so are described above in the section entitled "Statement of Potential Outcome of the Action."

## WHO IS IN THE SETTLEMENT

To see if any of the proceeds of this Settlement will be allocated to you, you first must determine whether you are a member of the Settlement Class.

### 5. How do I know whether I am part of the Settlement?

The Court has conditionally certified that this Settlement shall proceed on behalf of everyone who, subject to certain exceptions identified below, fits the following description:

> All Persons who were participants in or beneficiaries of the Plan and who held Amedisys stock in their Plan accounts at any time between January 1, 2008 through December 13, 2013.

### 6. Are there any exceptions to being included?

All participants in the Plan described above are members of the Settlement Class with the exception of all Defendants and any of the Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except to the extent Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest were themselves participants in the Plan.

## THE SETTLEMENT BENEFITS

### 7. What does the Settlement provide?

Defendants shall deposit *One Million Two Hundred Thousand U.S. Dollars* ($1,200,000.00) (the "Settlement Amount") not later than ten (10) business days following the Court's preliminary approval of the Settlement or Named Plaintiffs' counsel providing Defendants' counsel with wire transfer instructions, whichever is later, into an interest-bearing escrow account (the "Escrow Account") at a financial institution (the "Escrow Agent") identified by Class Counsel and consented to by Defendants. The net amount in the Escrow Account, after payment of Court-approved attorneys' fees and expenses, the case contribution awards and other administrative expenses associated with the Settlement (the "Net Settlement Fund"), will be allocated to members of the Settlement Class according to a Plan of Allocation to be approved by the Court if and when the Court enters an order finally approving the Settlement.

As part of the Settlement, Defendants also shall provide non-monetary relief in the form of: (a) annual training in fiduciary duties and best practices for existing Plan fiduciaries, provided by outside counsel selected by the Company's General Counsel (with such training to begin no later than 180 days after the Settlement becomes Final); (b) training for each new Plan fiduciary within a reasonable time following his or her appointment; and (c) participant education campaigns including education regarding the benefits of diversification of investments, the availability and potential benefits of age-targeted investments, and the evaluation of risks and potential benefits of different investment options (with such campaigns to begin no later than 180 days after the Settlement becomes Final). Defendants have agreed to pay all of the fees, expenses and costs incurred to provide this non-monetary relief.

6

Questions?  Please visit www.berdonclaims.com, or call 1-800-766-3330
Do not call the Company or the Court, as they cannot answer your questions

| 8. How much will an individual payment be? |
|---|

Under the proposed Plan of Allocation (which is subject to the Court's approval), your share of the Net Settlement Fund will depend on the investment in Amedisys common stock in your Plan account during the Class Period. Each member of the Settlement Class's share of the Net Settlement Fund will be determined according to the following formula:

A. Your Net Loss Is Calculated

Your Net Loss, for the purpose of the allocation methodology, is calculated as follows:

Net Loss = A + B - C - D, where, for each Settlement Class Member's account:

1. A = the dollar value, if any, of the balance invested in the Amedisys Stock Fund at the close of business on the business day prior to the beginning of the Class Period;

2. B = the dollar value, if any, of all acquisitions of units of the Amedisys Stock Fund during the Class Period as of the time of purchase(s);

3. C = the dollar value, if any, of all sales of units of the Amedisys Stock Fund during the Class Period as of the time of the sale(s); and

4. D = the dollar value, if any, of the balance invested in the Amedisys Stock Fund at the close of business on the last day of the Class Period.

B. Your Net Loss Percentage Is Calculated

The Net Losses of all of the Settlement Class Members as calculated in Section A above will be totaled to yield the loss of the Plan as a whole over the Class Period (the "Plan's Loss"). Your Net Loss Percentage will be determined by dividing your Net Loss by the Plan's Loss.

C. Your Share of the Net Settlement Amount Is Calculated

Your Net Loss percentage will determine the dollar value of your share, if any, of the Net Settlement Fund. Your share will be your Net Loss percentage multiplied by the Net Settlement Fund. If the dollar value of your share of the Net Settlement Fund is below $40.00 (the "De Minimis Amount"), you will not receive any payment. The share that would have been allocated to you will instead be added back into the Net Settlement Fund. Those who do receive a portion of the Net Settlement Fund will receive no less than the De Minimis Amount, or $40.00.

The Court will be asked to approve the Plan of Allocation, a copy of which is available along with other settlement documents at www.berdonclaims.com. To the extent that Defendants were participants in any of the Plan at any time during the Class Period, they will be excluded from the Plan of Allocation. **No Defendant is entitled to a share of the Settlement.**

Your share of the Net Settlement Fund likely will be less than the decrease in the value of the Amedisys stock held in your Plan account during the Class Period. **You are not responsible for calculating the amount you may be entitled to receive under the Settlement.** This calculation will be done as part of the implementation of the Settlement.

**Do not worry if you do not have records concerning your Plan account.** If you are entitled to a share of the Net Settlement Fund, you will receive a statement from the Plan's record-keeper or the Settlement Administrator showing the amount of your share. If you have questions regarding the Settlement or the Plan of Allocation, please contact Class Counsel, who are listed on page 9 of this Notice.

7

Questions? Please visit www.berdonclaims.com, or call 1-800-766-3330
Do not call the Company or the Court, as they cannot answer your questions

| 9. How can I get a payment? |
|---|

You do **not** need to file a claim for recovery.

If you are a current participant in the Plan and are authorized to receive a payment, it will be deposited into your Plan account in the manner you designate for Plan contributions. If you are a member of the Settlement Class and no longer are a participant in the Plan, your Settlement proceeds will be deposited into a newly-established or reinstated account for you with the Plan.

| 10. When will payments be made? |
|---|

The Net Settlement Fund will be allocated to members of the Settlement Class pursuant to the Plan of Allocation as soon as possible after final approval has been obtained for the Settlement (which includes exhaustion of any appeals). Any appeal of the final approval may take a year or more. Please be patient.

### There Will Be No Payments If The Settlement Is Terminated

The Settlement Agreement may be terminated on several grounds, including: (a) if the Court does not approve the Settlement or materially modifies it without the Parties' consent before such date; or (b) if the Court's order approving the Settlement is reversed or modified on appeal. The Settlement Agreement describes in detail the conditions under which the Settlement may be terminated. In the event any of these conditions occurs, there will be no settlement payment made, and the Action will resume.

### PARTICIPATION IN THE SETTLEMENT

| 11. Can I exclude myself from the Settlement? |
|---|

In some class actions, class members have the opportunity to exclude themselves from the Settlement. This is sometimes referred to as "opting out" of the Settlement. **Because of the way ERISA operates, you do not have the right to exclude yourself from the Settlement in this case.** The case was preliminarily certified under Federal Rule of Civil Procedure 23(b)(1) as a "non-opt-out" class. Breach of fiduciary duty claims must be brought by participants on behalf of a plan, and any judgment or resolution necessarily applies to all participants and beneficiaries in those plans. As such, it is not possible for any participants or beneficiaries to exclude themselves from the benefits of the Settlement. **Therefore, you will be bound by any judgments or orders that are entered in this Action, and, if the Settlement is approved, you will be deemed to have released Defendants and certain related parties from any and all claims that were or could have been asserted in the Action on your behalf or on behalf of the Plan, or all claims that were otherwise included in the release in the Settlement, other than your right to obtain the relief provided to you, if any, by the Settlement.**

Although you cannot opt out of the Settlement, you can object to the Settlement and ask the Court not to approve the Settlement. See section 14 below entitled, "How do I tell the Court that I don't like the Settlement?" below.

### THE LAWYERS REPRESENTING YOU

| 12. Do I have a lawyer in the case? |
|---|

The Court has preliminarily designated Stephen J. Fearon, Jr. of Squitieri & Fearon LLP and Michael J. Hynes of Faruqi & Faruqi, LLP as Class Counsel for the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense.

8

| 13. How will the lawyers be paid? |
|---|

Class Counsel has pursued this action on a contingent basis and will file a motion for an award of attorneys' fees and expenses. This motion will be considered at the Fairness Hearing. As previously described, Class Counsel will seek an award of attorneys' fees not in excess of 33 1/3% of the Settlement Fund plus their expenses. Fees and expenses awarded by the Court will be deducted from the Settlement Amount.

## OBJECTING TO THE SETTLEMENT OR THE ATTORNEY FEES

You can tell the Court that you do not agree with the Settlement or some part of it.

| 14. How do I tell the Court that I don't like the Settlement? |
|---|

If you are a member of the Settlement Class, you can object to the Settlement if you do not like any part of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views. To object, you must send a letter or other written filing providing proof or otherwise affirming that you are a member of the Settlement Class and saying that you object to the Settlement. Be sure to include the following case caption and notation: "*Corbin v. Amedisys, Inc., et al.*, 10-cv-642-BAJ-SCR." In addition, your objection must also include your name, address, telephone number, signature, and the reasons you object to the Settlement. **Mail the objection to each of the addresses identified below postmarked no later than June 23, 2014. You must mail your objection by this date. If you fail to do so, the Court will not consider your objections.**

| The Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. Courthouse<br>777 Florida Street<br>Baton Rouge, LA 70801 | Stephen J. Fearon, Jr.<br>SQUITIERI & FEARON LLP<br>32 East 57th Street, 12th Floor<br>New York, NY 10022<br>Tel: 212-421-6492<br>Fax: 212-421-6553<br><br>Michael J. Hynes<br>FARUQI & FARUQI, LLP<br>101 Greenwood Avenue<br>Jenkintown, PA 19046<br>Tel: 215-277-5770<br>Fax: 215-277-5771 | David Tetrick, Jr.<br>KING & SPALDING LLP<br>1180 Peachtree Street<br>Atlanta, GA 30309<br>Tel: 404-572-3526<br>Fax: 404-572-5139<br><br>Karleen J. Green<br>PHELPS DUNBAR LLP<br>400 Convention Street, Ste. 1100<br>Baton Rouge, LA 70821<br>Tel: 225-346-0285<br>Fax: 225-381-9197 |

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but it is not necessary.

| 15. When and where will the Court decide whether to approve the Settlement? |
|---|

The Court will hold a Fairness Hearing to decide whether to approve the Settlement as fair, reasonable, and adequate. You may attend the Fairness Hearing, and you may ask to speak, but you do not have to attend. The Court will hold the Fairness Hearing on July 22, 2014 at 10:00 a.m. in Courtroom 2 at the United States Courthouse, 777 Florida Street, Baton Rouge, Louisiana 70801. At that hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the Fairness Hearing, the Court will decide whether to approve the Settlement. The Court will also rule on the motions for attorneys' fees and expenses and the case contribution awards.

Questions? Please visit www.berdonclaims.com, or call 1-800-766-3330
Do not call the Company or the Court, as they cannot answer your questions

### 16. Do I have to come to the hearing?

No, but you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to voice your objection in person. As long as you mail your written objection on time, the Court will consider it when determining whether to approve the Settlement as fair, reasonable, and adequate. You also may pay your own lawyer to attend the Fairness Hearing, but attendance is not necessary.

### 17. May I speak at the hearing?

If you are a member of the Settlement Class, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter or other paper called a "Notice of Intention to Appear at Fairness Hearing" in *Corbin v. Amedisys, Inc., et al.,* Case No. 10-cv-642-BAJ-SCR to the Clerk of Court, Class Counsel, and Defendants' counsel at the addresses listed above. Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than June 23, 2014.

## IF YOU DO NOTHING

### 18. What happens if I do nothing at all?

If you do nothing and you are a member of the Settlement Class, you will participate in the Settlement of the Action as described above in this Notice if the Settlement is approved.

## GETTING MORE INFORMATION

### 19. Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. The complete Settlement is set forth in the Settlement Agreement. You may obtain a copy of the Settlement Agreement by making a written request to Class Counsel listed on page 9 above. Copies of the Settlement Agreement and this Notice may also be obtained by downloading it from the Settlement Administrator's website at www.berdonclaims.com.

### 20. How do I get more information?

You can contact Class Counsel listed on page 9 above, or visit www.berdonclaims.com for more information regarding the Settlement. Moreover, Class Counsel may be contacted via email at: Stephen@sfclasslaw.com or mhynes@faruqilaw.com.

Dated: April 23, 2014                                                                                              By Order of the Court

Questions?  Please visit www.berdonclaims.com, or call 1-800-766-3330
Do not call the Company or the Court, as they cannot answer your questions