UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT F. BACH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMEDISYS, INC., et al., <br><br> Defendants. | Civil Action No. 10-395-BAJ-SCN |

**ORDER AND FINAL JUDGMENT**

This action having come before the Court on _____, 2014, for a hearing (the "Fairness Hearing") on Named Plaintiffs' motion for an order granting final approval of the proposed settlement (the "Settlement") of this litigation (the "Action"), as preliminarily certified as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) for settlement purposes only; the proposed Plan of Allocation in accordance with the Stipulation and Agreement of Settlement dated December 13, 2013 (the "Settlement Agreement") and Named Plaintiffs' motion for an award of attorneys' fees and for reimbursement of expenses and for case contribution awards for Named Plaintiffs; and the Court having read and considered these motions, heard the arguments of counsel, granted preliminary approval of the Settlement by Order dated April 14, 2014 (Dkt No. 248) (the "Preliminary Approval Order"), and considered all objections raised; and all Parties having consented to the entry of this Order;

   **IT IS HEREBY ORDERED AND ADJUDGED:**

   1. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement.

   2. The Court has jurisdiction over the subject matter of this Action and over all Parties to this

1

Action, including all members of the Settlement Class.

3. The Court determines that Named Plaintiffs are asserting claims on behalf of the Amedisys, Inc. 401(k) Plan (the "Plan"), pursuant to ERISA §§ 409, 502(a)(2), and 502(a)(3), to recover losses alleged to have occurred as a result of Defendants' breaches of fiduciary duty and to seek other equitable relief.

4. The Court determines that the Settlement, which includes the payment of *One Million Two Hundred Thousand U.S. Dollars,* $1,200,000.00 on behalf of Defendants, has been negotiated vigorously and at arm's length by and between Class Counsel and Defendants' counsel under the supervision of Robert A. Meyer, Esq. of Loeb & Loeb, an experienced mediator in ERISA and other complex class actions. The Court further finds that, at all times, Named Plaintiffs have acted independently and that Named Plaintiffs and Class Counsel have fairly and adequately represented the Settlement Class in connection with the Action and the Stipulation. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

5. The Court finds that the Plan's participation in the Settlement is on terms no less favorable than those of Named Plaintiffs and the Settlement Class and that the Plan does not have any additional claims above and beyond those asserted by Named Plaintiffs that are released as a result of the Settlement. The Court also finds that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plan, the Plan's participants, and all beneficiaries. Accordingly, the Court determines that the negotiation and consummation of the Settlement by Named Plaintiffs on behalf of the Plan and the Settlement Class does not constitute a "prohibited transaction" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, in light of the analysis and report prepared by the Independent Fiduciary, the Court finds that, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA §

406(a), 29 U.S.C. § 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39, 68 Fed. Reg. 75632 (2003).

6.  The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as constituting a fair, reasonable, and adequate settlement and compromise of this Action in accordance with all applicable laws, including Federal Rule of Civil Procedure 23, and orders that the Settlement Agreement shall be effective, binding, and enforced according to its terms and conditions.

6.  The Court determines that the Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order and in accordance with the Settlement Agreement, is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Notice provides valid, due and sufficient notice of the Fairness Hearing and of the other matters set forth therein, including the terms of the Settlement Agreement and the Settlement, and such Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

7.  The Court hereby approves the maintenance of the Action as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the class being defined as:

> all Persons who were participants in or beneficiaries of the Plan and who held Amedisys stock in their Plan accounts at any time between January 1, 2008 through December 13, 2013. The "Settlement Class" shall not include any of the Defendants or any of the Individual Defendants' Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest, except to the extent Immediate Family, beneficiaries, alternate payees, Representatives or Successors-In-Interest were themselves participants in the Plan.

Pursuant to Federal Rule of Civil Procedure 23(g), the Court also hereby appoints Named Plaintiffs as the representatives of the Settlement Class and appoints Stephen J. Fearon, Jr. of Squitieri & Fearon LLP and Michael J. Hynes of Faruqi & Faruqi, LLP as Class Counsel.

9.  Based on the Settlement, the Court hereby dismisses the Complaint and the Action

3

against Defendants with prejudice on the merits.

10.     As of the date of Final Settlement Approval, Named Plaintiffs, the Plan, and each member of the Settlement Class, on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors. and assigns shall release any and all claims, demands, rights, liabilities, and causes of action of every nature or description whatsoever (including, but not limited to, claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement of fees, litigation costs, injunction, declaration, contribution, indemnification, or any other type or nature of legal or equitable relief) against Defendants and their respective current or former officers, directors, employees, insurers and their re-insurers, administrators, representatives, attorneys, affiliates, parent corporations, subsidiaries, predecessors, successors, committees, trustees, managers, fiduciaries, conservators, estates, legatees, assigns or agents, including without limitation, current or former members of the Company's board of directors; current or former fiduciaries of the Plan (collectively the "Released Parties"), whether accrued or not, whether already acquired or acquired in the future, whether known or unknown in law or equity, whether brought by way of demand, complaint, cross-claim, counterclaim, third-party claim or otherwise, arising out of any or all of the acts, omissions, facts, matters, transactions or occurrences that are, were or could have been alleged, asserted, or set forth in the Complaint or the Action, or that are related in any way to any of the allegations or claims asserted in the Complaint or the Action, including, but not limited to, claims that Defendants and/or any fiduciaries of the Plan breached their ERISA fiduciary duties in connection with (a) the offering of the Company's stock in the Plan; (b) the acquisition and/or holding of the Company's stock by the Plan or the Plan's participants in their Plan accounts; (c) the appointment and/or monitoring of the Plan's fiduciaries; or (d) the provision of information to the Plan's fiduciaries or participants and beneficiaries of the Plan (collectively the "Released Claims"). Specifically excluded from the Released

4

Claims are any and all claims any Named Plaintiff and/or any Settlement Class member has regarding the purchase or sale of any Amedisys security, including the Company's stock, purchased or sold on the open market (and not through their individual Plan account); this exclusion specifically includes the claims set forth in the Securities Action and the Derivative Action. In addition, this exclusion includes any and all claims the Plan may have in the Securities Action.

11. As of the date of Final Settlement Approval, Defendants, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors and assigns, shall be deemed to have absolutely and unconditionally released and forever discharged Named Plaintiffs, the Settlement Class and Plaintiffs' Counsel (collectively, the "Plaintiff Released Parties") from any and all claims, demands, rights, liabilities, and causes of action of every nature or description relating to the institution or prosecution of the Action or the settlement of any Released Claims, except that this release shall not include any claims relating to the covenants or obligations set forth in this Settlement Agreement.

12. As of the date of Final Settlement Approval, all release provisions within the Settlement Agreement shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Named Plaintiffs assume for themselves and on behalf of the Settlement Class, and Defendants assume for themselves, the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any of the Parties' entry into the Settlement Agreement.

13. As of the date of Final Settlement Approval, Named Plaintiffs, the Settlement Class, the Plan, and members of the Settlement Class, and their respective heirs, executors, administrators, successors and assigns are hereby barred and enjoined from the institution and prosecution, either directly or indirectly, of any claims related to the Action and from asserting, maintaining, or enforcing any actions in any court or other

tribunal alleging any and all Released Claims against any and all Released Parties.

14. Class Counsel are hereby awarded attorneys' fees in the amount of _____ (the "Attorneys' Fees"). The Attorneys' Fees have been determined by the Court to be fair, reasonable and appropriate. No other fees may be awarded to Class Counsel in connection with the Settlement Agreement. The Attorneys' Fees shall be paid to Class Counsel in accordance with the terms of the Settlement Agreement.

15. Class Counsel are hereby awarded reimbursement of expenses in the sum of (the "Attorneys' Expenses"). The Attorneys' Expenses have been determined by the Court to be fair, reasonable, and appropriate. No other costs or expenses may be awarded to counsel in connection with the Settlement Agreement.

16. Each Named Plaintiff is hereby awarded a case contribution award in the amount of _____ . The case contribution award has been determined by the Court to be fair, reasonable and appropriate. In addition to the case contribution award, each Named Plaintiff is also eligible for a share of the payment from the Settlement Fund as a member of the Settlement Class. Other than these payments, no other award shall be awarded to Named Plaintiffs in connection with the Settlement Agreement. The case contribution award shall be paid to Named Plaintiffs in accordance with the terms of the Settlement Agreement.

17. The Court determines that Defendants have fully complied with the notice requirements of the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715.

18. The Plan of Allocation for the distribution of the Net Settlement Fund, as submitted by the Parties, is approved as fair, reasonable and adequate.

19. The Court finds that the payment and distribution of the Settlement Amount, as allocated in the Settlement Agreement, is a "restorative payment" as defined in IRS Revenue Ruling 2002-45.

20. Without affecting the finality of this Order and Final Judgment, the Court shall retain

continuing jurisdiction over (a) the implementation, administration, and consummation of the Settlement Agreement; (b) the Litigation until the Final Approval Date occurs and each and every act agreed to be performed by the Parties to the Settlement Agreement shall have been performed in accordance with the Settlement Agreement; and (c) all Parties to the Action and the Settlement Agreement for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Settlement Agreement.

Dated: _____, 2014

                                            _____
                                            HON. BRIAN A. JACKSON

                                            UNITED STATES DISTRICT COURT FOR THE
                                            MIDDLE DISTRICT OF LOUISIANA